**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known):* _____   Chapter   11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

02/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Sheridan Holding Company I, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **42-1727648** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **1360 Post Oak Blvd.**<br>Number        Street | Number        Street |
| | | **Suite 2500** | P.O. Box |
| | | **Houston**        **TX**    **77056**<br>City        State    Zip Code | City        State    Zip Code |
| | | | **Location of principal assets, if different from principal place of business** |
| | | **Harris County**<br>County | Number        Street |
| | | | City        State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.sheridanproduction.com** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor     Sheridan Holding Company I, LLC           Case number *(if known)* _____
           Name

---

**7.  Describe debtor's business**

     A.  *Check One:*

     ☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

     ☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

     ☐  Railroad (as defined in 11 U.S.C. § 101(44))

     ☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

     ☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

     ☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

     ☒  None of the above

---

     B.  *Check all that apply:*

     ☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

     ☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

     ☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

     C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
        http://www.uscourts.gov/four-digit-national-association-naics-codes .
        **2111 (Oil and Gas Extraction)**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

     *Check One:*

     ☐  Chapter 7

     ☐  Chapter 9

     ☒  Chapter 11.  *Check all that apply:*

         ☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

         ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

         ☐  The debtor is a small business as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

         ☒  A plan is being filed with this petition.

         ☒  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

         ☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

         ☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

     ☐  Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No
☐  Yes.    District _____   When _____   Case number _____
                           MM/DD/YYYY
         District _____   When _____   Case number _____
                           MM/DD/YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐  No
☒  Yes.   Debtor   **See Rider 1**     Relationship   **Affiliate**

        District   **Southern District of Texas**     When   **03/23/2020**
        Case number, if known _____                MM / DD / YYYY

---

| Debtor | Sheridan Holding Company I, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| **11. Why is the case filed in *this* district?** | *Check all that apply:* | |
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. | |
| | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. | |

| | | |
|---|---|---|
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No | |
| | ☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed. | |
| | **Why does the property need immediate attention?** (*Check all that apply.*) | |
| | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. | |
| | What is the hazard? _____ | |
| | ☐ It needs to be physically secured or protected from the weather. | |
| | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). | |
| | ☐ Other _____ | |

**Where is the property?**

| | | |
|---|---|---|
| _____ | | |
| Number | Street | |
| _____ | | _____ |
| City | | State   Zip Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| **Statistical and administrative information** |
|---|

| | | | |
|---|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* | | |
| | ☒ Funds will be available for distribution to unsecured creditors. | | |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |

| **14. Estimated number of creditors** | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| **15. Estimated assets[1]** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1]  Estimated assets reflect the latest available, unaudited information and are based on the debtor's book values.  For information regarding valuation of this debtor and its debtor affiliates, see Exhibit E to the *Disclosure Statement Relating to the Debtors' Joint Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*, filed contemporaneously herewith.

Debtor    Sheridan Holding Company I, LLC                    Case number *(if known)*
_____
Name

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --**    Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __03/23/2020__
                         MM/ DD / YYYY

✗    _/s/ Lisa A. Stewart_                            Lisa A. Stewart
      Signature of authorized representative of debtor     Printed name

Title    **Authorized Signatory**

**18. Signature of attorney**

✗    _/s/ Matthew D. Cavenaugh_                Date    __03/23/2020__
      Signature of attorney for debtor                           MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P**
Firm name

**1401 McKinney Street, Suite 1900**
Number              Street

**Houston**                                           **Texas**        **77010**
City                                                          State            ZIP Code

**(713) 752-4200**                                **mcavenaugh@jw.com**
Contact phone                                        Email address

**24062656**                                          **Texas**
Bar number                                             State

<table>
<tr><td>

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____  Chapter ___11___

</td></tr>
</table>

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Sheridan Holding Company I, LLC.

- Sheridan Holding Company I, LLC
- Sheridan Investment Partners I, LLC
- Sheridan Production Partners I, LLC
- Sheridan Production Partners I-A, L.P.
- Sheridan Production Partners I-B, L.P.
- Sheridan Production Partners I-M, L.P.
- SPP I-B GP, LLC

On September 15, 2019, each of the entities listed below (collectively, the "Non-Debtor Affiliates") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.

- Sheridan Holding Company II, LLC
- Sheridan Investment Partners II GP, LLC
- Sheridan Investment Partners II, L.P.
- Sheridan Production Partners II, LLC
- Sheridan Production Partners II-A, L.P.
- Sheridan Production Partners II-B, L.P.
- Sheridan Production Partners II-M, L.P.
- SPP II-B GP, LLC
- SPP II-M GP, LLC

<table>
<tr><td colspan="2">**Fill in this information to identify the case:**</td></tr>
<tr><td>Debtor name</td><td>Sheridan Holding Company I, LLC, *et al.*</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Texas</td></tr>
<tr><td>Case number *(If known)*:</td><td>(State)</td></tr>
</table>

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                           12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | PUTATIVE CLASS OF OKLAHOMA ROYALTY HOLDERS | C/O BARBARA C. FRANKLAND SHARP BURTON 5301 WEST 75TH STREET PRAIRIE VILLAGE, KANSAS 66208 BARBARA@SHARPBARTON.COM C/O CHARLES RUBIO DIAMOND MCCARTHY LLP 295 MADISON AVENUE, 27TH FLOOR NEW YORK, NY 10017 CRUBIO@DIAMONDMCCARTHY.COM | LITIGATION | CUD | | | UNDETERMINED |
| 2 | TEAL ROYALTIES LLC PO BOX 660082 DALLAS, TX 75266-0082 | p: (972) 720-1888 | SUSPENDED FUNDS | | | | $164,886 |
| 3 | OLEDA FLUD DECEASED 706 W KIOWA LINDSAY, OK 73052 | | SUSPENDED FUNDS | | | | $120,571 |
| 4 | WESTLANDS RESOURCES CORP 17 WILMONT MEWS, 5TH FLOOR WESTCHESTER, PA 19382 | ATTN: JAMES A. TRESS, JR., PRESIDENT/CEO p: (610) 429-0181 | SUSPENDED FUNDS | | | | $112,339 |
| 5 | JUNE AND OTTO YOUNG AS JT 35517 STATE HIGHWAY 194 LA JUNTA, CO 81050 | p: (719) 384-4147 | SUSPENDED FUNDS | | | | $103,928 |
| 6 | ANNE C SCHOELLKOPF DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE CINCINNATI, OH 45999 | | SUSPENDED FUNDS | | | | $102,745 |

---

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 7 | OCCIDENTAL OIL GAS CORP 10889 WILSHIRE BLVD LOS ANGELES, CA  90024-4201 | | SUSPENDED FUNDS | | | | $94,853 |
| 8 | ANADARKO E&P ONSHORE LLC P O BOX 730875 DALLAS, TX  75373-0875 | p: (281) 874-1668 (832) 636-1000 | SUSPENDED FUNDS | | | | $84,561 |
| 9 | LEON SCHMIDT TEST TRUST 352 S MONROE LA GRANGE, TX  789452760 | | SUSPENDED FUNDS | | | | $72,220 |
| 10 | HELEN L GEMMILL TRUST 1700 CARDINAL LANE KINGSBURG, CA  93631 | | SUSPENDED FUNDS | | | | $63,234 |
| 11 | JUDY CONYERS MAYER 854 WHISPERING MEADOWS DR MANCHESTER, MO  63021 | p: (636) 394-3926 | SUSPENDED FUNDS | | | | $62,495 |
| 12 | ESTATE OF ANNA K CODMAN C/O CODMAN & CODMAN PO BOX 1558 MANCHESTER, MA  01944-0863 | | SUSPENDED FUNDS | | | | $61,175 |
| 13 | GEORGE D MONG UNKNOWN | | SUSPENDED FUNDS | | | | $58,624 |
| 14 | ESTATE OF SHEILAGH V AIRD 2462 WOKING CRESCENT MISSISSAUGA, ON  ON L5K1Z7 | | SUSPENDED FUNDS | | | | $57,494 |
| 15 | MERCHANT RESOURCES NO 1 L P 16800 GREENSPOINT PARK DRIVE SUITE S HOUSTON, TX  77060 | | SUSPENDED FUNDS | | | | $55,399 |
| 16 | DIVERSIFIED OIL AND GAS PARTNERS PO BOX 572136 HOUSTON, TX  77257 | p: (281) 610-3684 | SUSPENDED FUNDS | | | | $52,997 |
| 17 | RPR I LLC PO BOX 701 ABILENE, TX  79604 | | SUSPENDED FUNDS | | | | $49,773 |
| 18 | DORIS BREWER HITCHCOCK 502 WEST FAWN CALDWELL, TX  778360000 | p: (979) 567-4268 | SUSPENDED FUNDS | | | | $48,182 |
| 19 | EDWARD HILL BARKER 1935 CANYON CLOSE RD PASADENA, CA  911071061 | | SUSPENDED FUNDS | | | | $45,327 |
| 20 | ANNIE P MCDONALD ESTATE ROUTE 2 LINDSAY, OK  73052 | | SUSPENDED FUNDS | | | | $42,684 |
| 21 | MOODY OIL COMPANY3003 W ALABAMAHOUSTON, TX  77098 | p: (713) 773-5537 | SUSPENDED FUNDS | | | | $41,545 |
| 22 | LBF HOLDINGS LLC PO BOX 966 ARDMORE, OK  73402-0966 | p: (580) 211-8756 | SUSPENDED FUNDS | | | | $40,928 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 23 | ALBERT A CHADWICK DECD UNION NATIONAL BANK CHARLOTTE, NC  28288 | | SUSPENDED FUNDS | | | | $40,237 |
| 24 | EST OF QUINCY A SHAW H GUILD H MASON 431 HALE STREET PRIDES CROSSING, MA  19650 | | SUSPENDED FUNDS | | | | $38,216 |
| 25 | JANE MOORE WILSON ACCOUNTS UNCLAIMED PROPERTY PO BOX 12019 CAPITAL STATION AUSTIN, TX  787112019 | | SUSPENDED FUNDS | | | | $36,930 |
| 26 | ELVIRA BELLE ALLEN P O BOX 423 CHRISTOVAL, TX  769350423 | | SUSPENDED FUNDS | | | | $36,865 |
| 27 | BILLIE HANKS JR 1101 N BRYANT BLVD SAN ANGELO, TX  76903 | | SUSPENDED FUNDS | | | | $36,838 |
| 28 | J T BELL ATTN: DIRECTOR OF HOUSEKEEPING 100 MEDICAL CENTER DR SLIDELL, LA  70461 | | SUSPENDED FUNDS | | | | $36,383 |
| 29 | HENRY MCLAUGHLIN UNKNOWN | | SUSPENDED FUNDS | | | | $34,723 |
| 30 | E D ANDERSON PO BOX 710 CISCO, TX  76437 | | SUSPENDED FUNDS | | | | $34,003 |
| 31 | MYRA JUNE ATKINS 23409 TRES CORONAS RD SPICEWOOD, TX  78669 | p: (512) 750-1511 | SUSPENDED FUNDS | | | | $32,672 |
| 32 | THOMAS J SMEJKAL TRUST 4921 PARK DR, #D HOUSTON, TX  77023 | p: (713) 923-8534 | SUSPENDED FUNDS | | | | $30,992 |
| 33 | MARIAN N HARWELL 112 EAST PECAN STE 500 SAN ANTONIO, TX  78205-0000 | | SUSPENDED FUNDS | | | | $29,196 |
| 34 | WILLA P BOWLIN 136 LOUISIANA N E ALBUQUERQUE, NM  87108-2055 | | SUSPENDED FUNDS | | | | $29,169 |
| 35 | VERNER M SIMONSEN ESTATE 4707 SANTA BARBARA BLVD APT B1 CAPE CORAL, FL  33914-8390 | | SUSPENDED FUNDS | | | | $28,707 |
| 36 | JOHN ROBERT TUBB 4925 BROWNFIELD RD LUBBOCK, TX  79407-2609 | | SUSPENDED FUNDS | | | | $28,093 |
| 37 | INEZ REDMON 2832 PINE STREET APT 4 SAN FRANCISCO, CA  941150000 | | SUSPENDED FUNDS | | | | $27,982 |
| 38 | STEPHEN G GIBSON 3016 MAIN ST LEMON GROVE, CA  919452426 | | SUSPENDED FUNDS | | | | $27,718 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 39 | FREDERICK H STROTHMANN 405 COUNTRY CLUB TER MIDWEST CITY, OK  73110-3934 | | SUSPENDED FUNDS | | | | $27,505 |
| 40 | WESLEY STINGEL C/O LEE BERGMAN UNKNOWN | | SUSPENDED FUNDS | | | | $27,467 |
| 41 | ROBERT P KAPLAN C/O LEE BERGMAN UNKNOWN | | SUSPENDED FUNDS | | | | $27,467 |
| 42 | NORA FLIPPEN KRUEGER TRUS P O BOX 4415 BRYAN, TX  77805 | | SUSPENDED FUNDS | | | | $27,409 |
| 43 | DONALD H HARSHMAN C/OUNKNOWN | | SUSPENDED FUNDS | | | | $27,400 |
| 44 | SOUTHWESTERN LIFE INSURANCE COMPANY PO BOX 2699 DALLAS, TX  75221 | | SUSPENDED FUNDS | | | | $27,367 |
| 45 | E JEAN KEYSER 1629 GEORGE AVE WINDSOR, ON  N8Y 2Y5 | | SUSPENDED FUNDS | | | | $27,110 |
| 46 | EMILY COATES HAEMISEGGER PO BOX 2650 ALBANY, TX  76430 | | SUSPENDED FUNDS | | | | $26,663 |
| 47 | GENEVIEVE LONG ACCOUNT UNCLAIMED PROPERTY PO BOX 12019 CAPITOL STATION AUSTIN, TX  787112019 | | SUSPENDED FUNDS | | | | $25,671 |
| 48 | HORACE J DESPARS 4220 6TH AVE LOS ANGELES, CA  900084752 | | SUSPENDED FUNDS | | | | $25,642 |
| 49 | QEP ENERGY COMPANY PO BOX 204028 DALLAS, TX  75320-4028 | p: (801) 321-1301 f: (303) 294-9632 | SUSPENDED FUNDS | | | | $25,443 |
| 50 | SERRAH NICK STEWART 434 NW 19TH STREET MIAMI, FL  33136 | | SUSPENDED FUNDS | | | | $25,322 |

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SHERIDAN HOLDING COMPANY I, LLC, | ) Case No. 20-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Sheridan Holding Company I, LLC | Sheridan Production Partners I-A, L.P. | 1360 Post Oak Blvd., Suite 2500, Houston, TX 77056 | 10.92% |
| Sheridan Holding Company I, LLC | Sheridan Production Partners I-M, L.P. | 1360 Post Oak Blvd., Suite 2500, Houston, TX 77056 | 89.08% |

---

[2]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SHERIDAN HOLDING COMPANY I, LLC, | ) | Case No. 20-_____(____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Sheridan Production Partners I-A, L.P. | 10.92% |
| Sheridan Production Partners I-M, L.P. | 89.08% |

Fill in this information to identify the case and this filing:

Debtor Name   Sheridan Holding Company I, LLC

United States Bankruptcy Court for the:   Southern District of Texas

               (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration   **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

             ☒ */s/ Lisa A. Stewart*

__03/23/2020__
MM/ DD/YYYY         Signature of individual signing on behalf of debtor

             **Lisa A. Stewart**
             Printed name

             **Authorized Signatory**
             Position or relationship to debtor

Official Form 202      Declaration Under Penalty of Perjury for Non-Individual Debtors

**SHERIDAN PRODUCTION PARTNERS MANAGER, LLC**
<u>**SECRETARY'S CERTIFICATE**</u>

March 23, 2020

The undersigned, Cheryl S. Phillips, as Secretary of Sheridan Production Partners Manager, LLC (the "<u>Company</u>") hereby certifies as follows:

1. I am the duly qualified and elected Secretary of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copied of the resolutions of the Series I Investment Committee of the Company, duly adopted at a properly convened meeting of the Series I Investment Committee on March 23, 2020.

3. Since their adoption and execution, the Resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the Resolutions are the only resolutions adopted by the Series I Investment Committee relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

[Signature page follows]

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Company as of the date hereof.

Sheridan Production Partners Manager, LLC, with respect to its Series I

By: _____

Name:  Cheryl S. Phillips

Title:  Secretary

**RESOLUTIONS OF THE SERIES I INVESTMENT COMMITTEE
OF SHERIDAN PRODUCTION PARTNERS MANAGER LLC**

**Dated as of March 23, 2020**

After due deliberation, the members of the investment committee of Sheridan Production Partners Manager, LLC, a Delaware limited liability company (the "<u>Manager</u>"), in respect of its Series I (the "<u>Series I Investment Committee</u>"), the sole member of Sheridan Production Company, LLC, a Delaware limited liability company ("<u>SPC</u>"), and the manager of each of the entities set forth on **Schedule I** attached hereto (each a "<u>Managed Entity</u>," and collectively, the "<u>Managed Entities</u>") hereby takes the following actions and adopt the following resolutions (the "<u>Resolutions</u>"):

**RESOLUTIONS**

**Chapter 11 Filing**

WHEREAS, the Series I Investment Committee has considered presentations by the financial and legal advisors of each Managed Entity regarding the liabilities and liquidity situation of each Managed Entity, the strategic alternatives available to it, and the effect of the foregoing on each Managed Entity's business; and

WHEREAS, the Series I Investment Committee has had the opportunity to consult with the financial and legal advisors of the Managed Entities and fully consider each of the strategic alternatives available to the Managed Entities.

NOW, THEREFORE, BE IT,

RESOLVED, that in the business judgment of the Series I Investment Committee, it is desirable and in the best interests of each Managed Entity (including a consideration of its creditors and other parties in interest) that each Managed Entity on Schedule I shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "<u>Chapter 11 Case</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED, that the Chief Executive Officer, the Chief Investment Officer, the Chief Financial Officer, the Chief Operating Officer, the General Counsel, any Senior Vice President, any Vice President, or any other duly appointed officer of each Managed Entity (collectively,

the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Managed Entity all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Managed Entity's business;

**Cash Collateral and Adequate Protection**

WHEREAS, Sheridan Production Partners I-A, L.P. ("SPP I-A") is party to that certain Second Amended and Restated Credit Agreement, dated as of April 20, 2010, providing access to a revolving credit facility with the lenders party thereto and Bank of America, N.A., as administrative agent (as may be amended from time to time, the "I-A Revolving Credit Facility"), Sheridan Production Partners I-M, L.P. ("SPP I-M") is party to that certain Second Amended and Restated Credit Agreement, dated as of April 20, 2010, providing access to a revolving credit facility with the lenders party thereto and Bank of America, N.A., as administrative agent (as may be amended from time to time, the "I-M Revolving Credit Facility"), and Sheridan Investment Partners I, LLC ("SIP I") is party to that certain Second Amended and Restated Credit Agreement, dated as of April 20, 2010, providing access to a revolving credit facility with the lenders party thereto and Bank of America, N.A., as administrative agent (as may be amended from time to time, the "SIP I Revolving Credit Facility" and together with the SPP I-A Revolving Credit Facility and the SPP I-M Revolving Credit Facility, the "Revolving Credit Facilities"); and

WHEREAS, SPP I-A is party to that certain Amended and Restated Senior Secured Term Loan Credit Agreement, dated as of October 1, 2012, providing access to a secured term loan facility with the lenders party thereto and Bank of America, N.A., as administrative agent (as may be amended from time to time, the "I-A Term Loan Facility"), SPP I-M is party to that certain Amended and Restated Senior Secured Term Loan Credit Agreement, dated as of October 1, 2012, providing access to a secured term loan facility with the lenders party thereto and Bank of America, N.A., as administrative agent (as may be amended from time to time, the "I-M Term Loan Facility"), and SIP I is party to that certain Amended and Restated Senior Secured Term Loan Credit Agreement, dated as of October 1, 2012, providing access to a secured term loan facility with the lenders party thereto and Bank of America, N.A., as administrative agent (as may be amended from time to time, the "SIP I Term Loan Facility" and together with the SPP I-A Term Loan Facility and the SPP I-M Term Loan Facility, the "Term Loan Facilities").

NOW, THEREFORE, BE IT,

RESOLVED, that each Managed Entity will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Prepetition Secured Lenders") under the Revolving Credit Facilities and the Term Loan Facilities.

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Managed Entity will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders (the "Adequate

Protection Obligations") as documented in a proposed order in interim and final form, as applicable (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Cash Collateral Order to which each Managed Entity is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of each Managed Entity be, and hereby is,  authorized and empowered, in the name of and on behalf of each Managed Entity, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Managed Entity is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Managed Entities, with such changes, additions, and modifications thereto as the officers of each Managed Entity executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that each Managed Entity, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain obligations related to the Cash Collateral and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the ("Cash Collateral Transactions"), including granting liens on its assets to secure such obligations.

RESOLVED, that the Authorized Signatories of each Managed Entity be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Managed Entity, as a debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Cash Collateral Transactions, including delivery of: (a) the Cash Collateral Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the Cash Collateral Documents.

RESOLVED, that each of the Authorized Signatories of each Managed Entity be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Managed Entity to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Cash Collateral Transactions and all fees and expenses incurred by or on behalf of each Managed Entity in connection with the foregoing Resolutions, in accordance with the terms of the Cash Collateral Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Managed Entity's obligations under or in connection with the Cash Collateral Order or any of the other Cash Collateral Documents and the transactions contemplated  therein and to carry out fully the intent of the foregoing Resolutions.

**Filing of the Chapter 11 Plan**

WHEREAS, the Managed Entities, with the assistance of their advisors, have formulated a plan of reorganization under chapter 11 of the Bankruptcy Code (as amended or restated from time to time, the "Plan") and a disclosure statement with all related exhibits thereto (as amended or restated from time to time, the "Disclosure Statement");

WHEREAS, the Series I Investment Committee has reviewed the Plan and Disclosure Statement and have had the opportunity to consult with the financial and legal advisors of the Managed Entities concerning the Plan and Disclosure Statement;

WHEREAS, in the business judgment of the Series I Investment Committee, it is desirable and in the best interest of each Managed Entity, its creditors, and other stakeholders that the Managed Entities file the Plan and Disclosure Statement with the Bankruptcy Court, amend or restate the Plan and/or Disclosure Statement from time to time as may be necessary in the reasonable business judgment of the Authorized Signatories, and seek confirmation of the Plan;

NOW, THEREFORE, BE IT,

RESOLVED, that in the business judgment of the Series I Investment Committee, it is desirable and in the best interests of each Managed Entity, its creditors, and other stakeholders that the Authorized Signatories file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan.

RESOLVED, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed, together with the financial and legal advisors of the Managed Entities, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to, and modifications of, the Plan and the Disclosure Statement.

RESOLVED, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

**Retention of Professionals**

WHEREAS, the Series I Investment Committee has considered presentations by the financial and legal advisors of each Managed Entity regarding the retention of such financial and legal advisors by each Managed Entity.

NOW, THEREFORE, BE IT,

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International

LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Managed Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Managed Entity's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker L.L.P. ("Jackson Walker") as local bankruptcy counsel to represent and assist each Managed Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Managed Entity's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Evercore Group L.L.C. ("Evercore") as investment banker to, among other things, assist each Managed Entity in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by the Series I Investment Committee, creditors, or other third parties, as requested by each Managed Entity, evaluating each Managed Entity's capital structure, responding to issues related to each Managed Entity's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of each Managed Entity's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Evercore.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm AlixPartners, LLP ("AlixPartners"), as restructuring advisor, and to take any and all actions to advance each of each Managed Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent to represent and assist each Managed Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Managed Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Managed Entity in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized

Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Managed Entity's Chapter 11 Case, with a view to the successful prosecution of such case.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Managed Entity, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that the Manager, in its capacity as the manager of each Managed Entity and the Series I Investment Committee have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Managed Entity, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Managed Entity, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Managed Entity with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of the Series I Investment Committee.

* * *

**Schedule I**

| Managed Entity | Jurisdiction |
|---|---|
| Sheridan Holding Company I, LLC | Delaware |
| Sheridan Investment Partners I, LLC | Delaware |
| Sheridan Production Partners I, LLC | Delaware |
| Sheridan Production Partners I-A, L.P. | Delaware |
| Sheridan Production Partners I-B, L.P. | Delaware |
| Sheridan Production Partners I-M, L.P. | Delaware |
| SPP I-B GP, LLC | Delaware |