**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, | § | Case No. 20-31884 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 42-1727648 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN INVESTMENT PARTNERS I, LLC, | § | Case No. 20-31891 (DRJ) |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 45-0558607 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN PRODUCTION PARTNERS I, LLC, | § | Case No. 20-21890 (DRJ) |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 45-0558094 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SPP I-B GP, LLC, | § | Case No. 20-31889 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 45-0558092 | § | |



| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN PRODUCTION PARTNERS I-A, L.P., | § | Case No. 20-31886 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 45-0558100 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN PRODUCTION PARTNERS I-B, L.P., | § | Case No. 20-31888 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 45-0558104 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN PRODUCTION PARTNERS I-M, L.P., | § | Case No. 20-31887 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 45-0558106 | § | |

## DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN
## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 24, 2020, AT 2:30 PM IN COURTROOM 400 OR COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED. RELIEF IS REQUESTED NOT LATER THAN MARCH 24, 2020.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state the following in support of this motion (this "<u>Motion</u>"):[1]

---

[1]   The facts and circumstances supporting this Motion are set forth in the *Declaration of Lisa A. Stewart, Executive Chairman, President, Chief Investment Officer, and Chief Executive Officer of Sheridan Holding Company I,*

**Relief Requested**

1.      The Debtors seek entry of an order (the "Order"), directing procedural

consolidation and joint administration of their related chapter 11 cases.  The Debtors request that

the Court maintain one file and one docket for all of the jointly-administered cases under the case

of Sheridan Holding Company I, LLC and that the Court administer these chapter 11 cases under

a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § | Case No. 20-31884 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092).  The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

2.      The Debtors further request that the Court order that the foregoing caption satisfies

the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.      The Debtors also request that a docket entry, substantially similar to the following,

be entered on the docket of each of the Debtors other than Sheridan Holding Company I, LLC to

reflect the joint administration of these chapter 11 cases:

*LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed
contemporaneously on the date hereof (the "Petition Date") and incorporated by reference herein.

3

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Sheridan Holding Company I, LLC, Case No. 20-31884; Sheridan Investment Partners I, LLC, Case No. 20-31891; Sheridan Production Partners I, LLC, Case No. 20-31890; Sheridan Production Partners I-A, L.P., Case No. 20-31886; Sheridan Production Partners I-B, L.P., Case No. 20-31888; Sheridan Production Partners I-M, L.P., Case No. 20-31887; and SPP I-B GP, LLC, Case No. 20-31889. The docket in Case 20-31884 (DRJ) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-31884 (DRJ).**

### Jurisdiction and Venue

4.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. 157. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

### Background

6.      Sheridan Holding Company I, LLC and its Debtor affiliates are an independent oil and natural gas investment fund with production and development activities in the Oklahoma, Texas, and Wyoming. The Debtors comprise the first of three series of private placement oil and gas investment funds in the Sheridan group, all under the common management of non-debtor

Sheridan Production Partners Manager, LLC ("Manager").  Established in 2006 and headquartered in Houston, Texas, the Debtors have focused on acquiring "unloved" oil and gas properties from large independent operators and conducting exploration and production activities across three states in four geographic areas.  The Debtors assets are primarily mature producing properties with long-lived production, relatively shallow decline curves, and lower-risk development opportunities.  The Debtors' net revenue for the twelve-month period that ended December 31, 2019 was approximately $116 million with EBITDA of $18.2 million.  As of the Petition Date, the Debtors have approximately $616.1 million in total funded debt obligations.

7.      A non-debtor subsidiary of Manager, Sheridan Production Company, LLC ("SPC"), serves as the primary contract operator for nearly all of the Debtors' assets and employs all personnel utilized by the Debtors and their non-Debtor affiliates in the operations of the businesses.  SPC performs services for the Debtors with respect to the operation of the Debtors' properties, including but not limited to, drilling, testing, completion and operation of the Debtors' wells, and procurement of drilling rigs, equipment, supplies, and other services as may be necessary for the operation and supervision of the contractors and vendors providing such equipment and services.  Finally, SPC is the counterparty to a majority of the Debtors' office leases, as well as other contracts, licenses, and surface use agreements and easements utilized in the operation of the Debtors' assets.  Without the services contracted to SPC by the Debtors, the Debtors would be unable to operate their business.

8.      On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**Basis for Relief**

9.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

10.      Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11.      Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Emergency Consideration

12.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  To avoid confusion and facilitate a smooth transition into these chapter 11 cases, it is critical that the cases be jointly administered during the first 21 days, a period during which there will be a significant volume of docket filings and other procedure.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

13.     The Debtors will provide notice of this Motion to:  (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' revolving credit facilities and senior secured term loan facilities; (d) counsel to the steering committee and ad hoc group of holders of claims specified in clause (c); (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

7

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
March 23, 2020

*/s/ Matthew D. Cavenaugh*

Matthew D. Cavenaugh (TX Bar No. 24062656)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:        (713) 752-4200
Facsimile:        (713) 752-4221
Email:            mcavenaugh@jw.com
                  jwertz@jw.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Steven N. Serajeddini (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                  steven.serajeddini@kirkland.com

-and-

Spencer A. Winters (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            spencer.winters@kirkland.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**Certificate of Service**

I certify that on March 23, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh