## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § § | Case No. 20-31884 (DRJ) |
| Debtors. | § § § | (Joint Administration Requested) |

## DECLARATION OF CRAIG E. JOHNSON OF
## PRIME CLERK LLC REGARDING SOLICITATION OF
## VOTES AND TABULATION OF BALLOTS CAST ON THE
## JOINT PREPACKAGED PLAN OF REORGANIZATION OF
## SHERIDAN HOLDING COMPANY I, LLC AND ITS DEBTOR
## AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

I, Craig E. Johnson, declare under the penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.       I am a Director of Global Corporate Actions, at Prime Clerk LLC ("Prime Clerk"), located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165. I am over the age of eighteen years and not a party to the above-captioned action. Unless otherwise noted, I have personal knowledge of the facts set forth herein.

2.       I submit this declaration (this "Declaration") with respect to the solicitation of votes and the tabulation of ballots cast on the *Joint Prepackaged Plan of Reorganization of Sheridan Holding Company I, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 21, 2020 (as may be amended, supplemented, or modified from time to time,

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

the "Plan"),[2] filed contemporaneously herewith.  Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision, and/or my review of the relevant documents.  I am authorized to submit this Declaration on behalf of Prime Clerk.  If I were called to testify, I could and would testify competently as to the facts set forth herein.

3.      Prior to the commencement of these chapter 11 cases, Sheridan Holding Company I, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") engaged Prime Clerk as their claims, noticing, and solicitation agent (the "Solicitation and Noticing Agent") to assist with, among other things, (a) service of solicitation materials to the parties entitled to vote to accept or reject the Plan and (b) tabulation of votes cast with respect thereto.  Prime Clerk and its employees have considerable experience in soliciting and tabulating votes to accept or reject proposed prepackaged chapter 11 plans.  Contemporaneously herewith, the Debtors filed the *Debtors' Emergency Application for Entry of an Order Authorizing the Employment and Retention of Prime Clerk LLC as Claims, Noticing, and Solicitation Agent* [Docket No. 10].

### Service and Transmittal of Solicitation Packages and the Tabulation Process

4.      The procedures adhered to by Prime Clerk for the solicitation and tabulation of votes (the "Solicitation Procedures") are outlined in the *Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of Sheridan Holding Company I, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 21, 2020 [Docket No. 12] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") and the *Debtors' Emergency Motion for entry of an Order*

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

*(I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (III) Approving the Solicitation Procedures, (IV) Approving the Confirmation Notice, and (V) Waiving the Requirements that the U.S. Trustee Convene a Meeting of Creditors and the Debtors File Schedules and SOFAs* [Docket No. 6] (the "Solicitation Procedures Motion"), each of which was filed contemporaneously herewith.  I supervised the solicitation and tabulation performed by Prime Clerk's employees.

5.     In accordance with the Solicitation Procedures, the Debtors established February 12, 2020 as the record date (the "Voting Record Date") for determining which creditors were entitled to vote on the Plan.  Pursuant to the Plan and the Solicitation Procedures, only holders with a claim in the following classes as of the Voting Record Date were entitled to vote to accept or reject the Plan (the "Voting Classes"):

| Plan Class | Class Description |
|---|---|
| 3(a) | SIP I RBL Credit Agreement Claims |
| 3(b) | SPP I-A RBL Credit Agreement Claims |
| 3(c) | SPP I-M RBL Credit Agreement Claims |
| 4(a) | SIP I Term Loan Credit Agreement Claims |
| 4(b) | SPP I-A Term Loan Credit Agreement Claims |
| 4(c) | SPP I-M Term Loan Credit Agreement Claims |

No other classes were entitled to vote on the Plan.

6.      In accordance with the Solicitation Procedures, Prime Clerk worked closely with the Debtors and their advisors to identify the Holders in the Voting Classes as of the Voting Record Date and each Holder's voting amount, and to coordinate the distribution of an applicable ballot (each, a "Ballot") and the Plan and Disclosure Statement (the "Solicitation Package") to these Holders.  A detailed description of Prime Clerk's distribution of the Solicitation Package is set forth in Prime Clerk's *Affidavit of Service of Solicitation Materials* [Docket No. 21], filed contemporaneously herewith.

7.      Further, in accordance with the Solicitation Procedures, Prime Clerk reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan.  Each Ballot submitted to Prime Clerk was date-stamped, scanned, assigned a ballot number, entered into Prime Clerk's voting database, and processed in accordance with the Solicitation Procedures. To be included in the tabulation results as valid, a Ballot must have been (a) properly completed pursuant to the Solicitation Procedures, (b) executed by the relevant Holder entitled to vote on the Plan (or such Holder's authorized representative), (c) returned to Prime Clerk via an approved method of delivery set forth in the Solicitation Procedures, and (d) received by Prime Clerk by 4:00 p.m., prevailing Central Time, on March 6, 2020 (the "Voting Deadline").

8.      All valid Ballots cast by Holders entitled to vote in the Voting Classes and received by Prime Clerk on or before the Voting Deadline were tabulated pursuant to the Solicitation Procedures.

## Service and Transmittal of the Opt-Out Forms

9.      Moreover, as set forth in the *Affidavit of Service of Solicitation Materials* [Docket No. 21], on February 21, 2020, Prime Clerk served the *Notice of (I) Non-Voting Status to Holders or Potential Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan and Holders or Potential Holders of Impaired Claims Conclusively Presumed to Reject the Plan and (II) Opportunity for Holders of Claims to Opt Out of the Third-Party Releases* (the "General Opt-Out Form") and the *Notice of (I) Non-Voting Status to Holders or Potential Holders of Interests (Other Than Intercompany Interests) and (II) Opportunity for Holders of Interests to Opt Out of The Third-Party Releases* (the "Class 8 Opt-Out Form," and collectively, the "Opt-Out Forms") on certain non-voting parties.

10.      Both the Ballots and the Opt-Out Forms included instructions on electing to opt out of the Third Party Release (the "Opt-Out Election").

11.      Prime Clerk examined each Ballot, General Opt-Out Form, and Class 8 Opt-Out Form and recorded the Opt-Out Elections.  There were two hundred and eighty-two (282) parties that submitted General Opt-Out Forms, ninety-six (96) of which were timely submitted with the Opt-Out Election checked, ninety-three (93) of which were timely submitted but without the Opt-Out Election checked, and ninety-three (93) of which were defective for various reasons with such defectiveness being waived by the Debtors.  Prime Clerk did not receive any Class 8 Opt-Out Forms or Ballots with any Opt-Out Elections.  For the avoidance of doubt, this declaration does not certify the validity of any Opt-Out Elections; such information is provided for reporting and informational purposes only.

12.      The final tabulation of votes cast by timely and properly completed Ballots received by Prime Clerk is attached hereto as **Exhibit A**.

To the best of my knowledge, information and belief, I declare under penalty of perjury that the foregoing information concerning the distribution, submission, and tabulation of Ballots in connection with the Plan is true and correct.

Dated: March 23, 2020

Craig Johnson
Director of Global Corporate Actions
Prime Clerk LLC

## <u>Exhibit A</u>

### Voting Tabulation

**Sheridan Holding Company I, LLC, *et al.***
Exhibit A - Tabulation Summary

| Class | Class Description | Number Accepting | Number Rejecting | AmountAccepting | AmountRejecting | Class Voting Result |
|-------|-------------------|------------------|------------------|-----------------|-----------------|---------------------|
| | | % | % | % | % | |
| 3(a) | SIP I RBL Credit Agreement Claims | 13 | 0 | $128,282,417.53 | $0.00 | Accept |
| | | 100% | 0% | 100% | 0% | |
| 3(b) | SPP I-A RBL Credit Agreement Claims | 13 | 0 | $16,998,471.06 | $0.00 | Accept |
| | | 100% | 0.00% | 100% | 0% | |
| 3(c) | SPP I-M RBL Credit Agreement Claims | 13 | 0 | $10,382,765.71 | $0.00 | Accept |
| | | 100% | 0% | 100% | 0% | |
| 4(a) | SIP I Term Loan Credit Agreement Claims | 68 | 0 | $365,809,402.57 | $0.00 | Accept |
| | | 100% | 0% | 100% | 0% | |
| 4(b) | SPP I-A Term Loan Credit Agreement Claims | 68 | 0 | $48,472,742.79 | $0.00 | Accept |
| | | 100% | 0% | 100% | 0% | |
| 4(c) | SPP I-M Term Loan Credit Agreement Claims | 68 | 0 | $29,607,434.51 | $0.00 | Accept |
| | | 100% | 0% | 100% | 0% | |