IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § § § | Case No. 20-31884 (DRJ) |
| Debtors. | § § § | (Joint Administration Requested) |

**JUDGMENT (I) DIRECTING THE APPLICATION OF
BANKRUPTCY RULE 7023 (II) CERTIFYING THE SETTLEMENT CLASS FOR
SETTLEMENT PURPOSES ONLY, (III) FINALLY APPROVING THE
SETTLEMENT AGREEMENT, AND (IV) GRANTING RELATED RELIEF**

Upon the joint motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), Sheridan Production Company, LLC ("<u>SPC</u>"), and Tony R. Whisenant, Kyle Allan Taylor, Stanley Ray Born and Ronda Jean Born (collectively, the "<u>Class Representatives</u>"), to implement the terms of the Settlement Agreement attached hereto as **Exhibit 1** (the "<u>Settlement Agreement</u>") among the Class Representatives, on behalf of themselves and as representatives of the Settlement Class, and certain of the Debtors and non-Debtor affiliate, Sheridan Production Company, LLC, the parties seek entry of a judgment (this "<u>Judgment</u>"): (i) directing the application of rule 7023 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and, by incorporation, rule 23 of the Federal Rules of Civil Procedure (the "<u>Civil Rules</u>"); (ii) certifying the Settlement Class for settlement purposes only; (iii) finally

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion and the Settlement Agreement (attached hereto), as applicable.

approving the Settlement Agreement; and (iv) granting related relief; all as more fully set forth in the Motion and the Settlement Agreement; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a judgment consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Notice of Settlement and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having found that each putative member of the Settlement Class was afforded a reasonable opportunity to opt out of or object to the Settlement; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Settlement Fairness Hearing</u>"); and this Court having considered each of the factors listed in Civil Rule 23; and this Court having determined that the legal and factual bases set forth in the Motion and at the Settlement Fairness Hearing establish just cause for the relief granted herein; and this Court having entered an order preliminarily approving the Settlement Agreement, among other things [Docket No. [•]] (the "<u>Preliminary Approval Order</u>"); and this Court having found that the Settlement Administrator complied with the Preliminary Approval Order; and this Court having found that the Settlement is fair, reasonable, and adequate; and this Court having found that the Plan of Allocation and Distribution is fair and reasonable to the Settlement Class; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     Pursuant to, and in accordance with, Bankruptcy Rule 7023 and Civil Rule 23, the Settlement Agreement is hereby approved on a final basis.

2.     The Settlement Class shall include:

All royalty owners who received or who were entitled to receive royalty payments from Sheridan Production Company, LLC attributable to production from Oklahoma wells that are or have been operated (or marketed and directly paid to royalty owners) by Sheridan Production Company, LLC and produced gas (such as residue gas, natural gas liquids, or helium) prior to the Petition Date.

Excluded from the Settlement Class are: (1) the Office of Natural Resources Revenue f/k/a the Mineral Management Service (Indian tribes and the United States); (2) Defendants and their employees, officers, and directors; and (3) any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, production, gathering, processing, or marketing.

3.     The Settlement Class is certified for settlement purposes only pursuant to Civil Rule 23 and Bankruptcy Rules 7023 and 9014.

4.     Upon Defendants' or the Reorganized Debtors' transfer of the Settlement Proceeds to the Taylor Settlement Account, SPC, the Debtors, and the Reorganized Debtors shall have no further liability for payment of any additional amount under the Settlement Agreement.

5.     The putative members of the Settlement Class listed on **Exhibit 2** to this Judgment elected to opt-out of the Settlement Class and are not entitled to receive any Distribution Check, and their portion of the Net Settlement Amount shall be returned to the Debtors or the Reorganized Debtors, as applicable, within the time and as provided in the Settlement Agreement.

6.     The portion of the Net Settlement Amount attributable to the Suspense Accounts of the Settlement Class Members shall be returned to the Debtors or the Reorganized Debtors, as applicable, within the time and as provided in the Settlement Agreement.

7.     All Settlement Class Members who did not exercise the right to opt-out of the Settlement Class are bound by this Judgment and the terms of the Settlement Agreement.

8. Each Settlement Class Member and the heirs, devisees, successors, assigns, agents and/or representatives of each Settlement Class Member, and each Defendant and Affiliate of each Defendant and their successors shall be barred from asserting any and all Released Claims against the Released Parties.

9. Each Settlement Class Member and the heirs, devisees, successors, assigns, agents and/or representatives of each Settlement Class Member, and each Defendant and Affiliate of each Defendant and their successors shall be conclusively deemed to have released any and all Released Claims against the Released Parties.

10. As part of the Settlement Fairness Hearing, the Court considered and approved the payment of Class Fees and Expenses and Administration Expenses, as set forth in the Order Awarding Class Fees and Expenses and Administration Expenses [Docket No. [•]] (the "Fees and Expenses Order").

11. Distribution of the Net Settlement Amount shall be made to Settlement Class Members in accordance with the Plan of Allocation and Distribution.

12. Distribution of the Final Undistributed Fund shall be made to the Oklahoma Bar Foundation Court Reporter Availability Program.

13. The Settlement Administrator shall file a Notice of Reconciliation of the Taylor Settlement Account to attest to the distribution of all funds deposited into the Taylor Settlement Account within ten (10) business days after the distribution of the Final Undistributed Fund.

14. The Class Representatives, Settlement Class Counsel, SPC, the Debtors, and the Released Parties shall have no liability to the Settlement Class or to any Settlement Class Member for mis-payment, late payment, nonpayment, overpayment, underpayments, interest, errors, or omissions in the allocation or distribution methodology or process, or for the results of such

methodology or process, including, without limitation, the distribution and disposition of the Settlement Proceeds.

15. If any Settlement Class Member establishes a right to a greater share of the Net Settlement Amount than the amount actually received, that Settlement Class Member's sole remedy shall be a claim against the other Settlement Class Members.

16. Any objecting Settlement Class Member that wishes to appeal this Judgment or the Fees and Expenses Order must file a notice of appeal within (14) days of entry of this Judgment pursuant to Bankruptcy Rule 8002 and must elect either to: (a) appeal only the objecting Settlement Class Member's portion of the Net Settlement Amount or Class Fees and Expenses (including the Class Representatives Fee), which is hereby severed from the rest of the case so as to not delay the final judgment for all other Settlement Class Members; or (b) appeal on behalf of the entire Settlement Class; provided that if the objecting Settlement Class Member purports to appeal on behalf of the entire Settlement Class any of the Settlement or Class Fees and Expenses, or does not definitively choose option (a) or (b) above, each such objecting Settlement Class Member who appeals may be required to post a cash appeal bond to be set in the Court's sole discretion, not to exceed an amount sufficient to reimburse Settlement Class Counsel's appellate fees, Settlement Class Counsel's expenses, and the lost interest for one year to the Settlement Class caused by the likely delay.

17. All documents, electronic data and other materials produced by the Defendants in the Class Lawsuit and *Born* that were designated confidential, shall be returned to the Defendants or destroyed promptly after this Judgment becomes Final and Non-Appealable. If destroyed, Settlement Class Counsel shall provide a declaration to Defendants' counsel to attest to the destruction and shall specify the date when the destruction occurred.

18. Neither the Preliminary Approval Order, this Judgment, the Settlement Agreement, the negotiations leading to the Settlement Agreement, nor the carrying out of the Settlement Agreement may ever be used by any person or entity as proof of the viability of any claim, cause of action, or objection in these chapter 11 cases, the Class Lawsuit, *Born* or in any other proceeding.

19. The Debtors, the Reorganized Debtors, SPC, the Class Representatives, and Settlement Class Counsel are hereby authorized to take any and all actions necessary and appropriate to implement the terms of this Judgment.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Judgment are immediately effective and enforceable upon its entry.

21. This Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Judgment.

Dated: _____, 2020
Houston, Texas

                                      DAVID R. JONES
                                      UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Settlement Agreement**

INTENTIONALLY OMITTED

**Exhibit 2**

**Opt-Out List**