

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
03/31/2020

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § | Case No. 20-31884 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Re: Docket No. 30** |

**PRELIMINARY APPROVAL ORDER
(I) DIRECTING THE APPLICATION OF BANKRUPTCY RULE 7023,
(II) PRELIMINARILY APPROVING THE CLASS SETTLEMENT,
(III) APPOINTING THE SETTLEMENT ADMINISTRATOR,
(IV) APPROVING FORM AND MANNER OF NOTICE TO CLASS MEMBERS,
(V) CERTIFYING A CLASS, DESIGNATING CLASS REPRESENTATIVES,
AND APPOINTING CLASS COUNSEL FOR SETTLEMENT PURPOSES
ONLY, (VI) SCHEDULING A FINAL FAIRNESS HEARING TO CONSIDER FINAL
APPROVAL OF THE SETTLEMENT, AND (VII) GRANTING RELATED RELIEF**

Upon the joint motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Sheridan Production Company, LLC ("SPC"), and the Class Representatives (as defined in the Settlement Agreement attached hereto as **Exhibit 1** (the "Settlement Agreement"), for entry of a preliminary approval order (i) directing the application of rule 7023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, by incorporation, rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"); (ii) preliminarily approving the Settlement Agreement, (iii) appointing the Settlement Administrator, (iv) approving

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092). The location of the Reorganized Debtors' service address is: 1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

[2]   Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion and the Settlement Agreement (attached hereto), as applicable.

the form and manner of notice to Settlement Class members, (v) certifying the Settlement Class, designating the Class Representatives, and appointing Class Counsel for settlement purposes only; (vi) scheduling a Settlement Fairness Hearing to consider final approval of the Settlement Agreement, and (vii) granting related relief; all as more fully set forth in the Motion and the Settlement Agreement; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a preliminary order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Settlement Agreement is preliminarily approved.

2.      The Plan of Allocation and Distribution attached as Exhibit A to the Settlement Agreement is hereby approved.

3.       JND Legal Administration is appointed as the Settlement Administrator to administer the Settlement Agreement and the Plan of Allocation and Distribution as set forth in the Settlement Agreement.

4.       The form of the notice to be sent to the Settlement Class members (the "Notice of Settlement") attached to this Preliminary Approval Order as **Exhibit 2** and the service of the Notice of the Settlement by the Settlement Administrator to each Settlement Class member, at the last known address of each Settlement Class member according to the Debtors' current electronic databases (or as updated by the Settlement Administrator's searches for current addresses or as may otherwise be determined by the Parties) comports with all applicable law and is hereby approved.

5.       The form of notice to be published in *The Oklahoman* and on *PR Newswire* attached to this Preliminary Approval Order as **Exhibit 3** is hereby approved.

6.       The form of notice attached to this Preliminary Approval Order as **Exhibit 4** to be served in accordance with the Class Action Fairness Act upon the appropriate (a) State official of each State in which a Settlement Class Member resides and (b) Federal official is hereby approved.

7.       The Notice of Settlement shall be mailed by first-class mail, postage prepaid, by the Settlement Administrator within ten (10) business days following the entry of this Preliminary Approval Order.

8.       No later than seven (7) business days prior to the Settlement Fairness Hearing, Settlement Class Counsel shall cause to be filed with the Court a declaration that: (a) attests to the date(s) of mailing and publication of the Notice of Settlement; and (b) includes an exhibit, filed under seal, containing the names and addresses of the putative members of the Settlement Class to whom the Notice of Settlement was mailed.

9.     The Settlement Class shall include:

All royalty owners who received or who were entitled to receive royalty payments from Sheridan Production Company, LLC attributable to production from Oklahoma wells that are or have been operated (or marketed and directly paid to royalty owners) by Sheridan Production Company, LLC and produced gas (such as residue gas, natural gas liquids, or helium) prior to the Petition Date.

Excluded from the Settlement Class are: (1) the Office of Natural Resources Revenue f/k/a the Mineral Management Service (Indian tribes and the United States); (2) Defendants and their employees, officers, and directors; and (3) any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, production, gathering, processing, or marketing.

10.     The Settlement Class is approved for settlement purposes only pursuant to Civil Rule 23 and Bankruptcy Rules 7023 and 9014.

11.     Tony R. Whisenant, Kyle Allan Taylor, Stanley Ray Born and Ronda Jean Born are hereby designated as Class Representatives for settlement purposes only.  No aspect of the Settlement Agreement improperly grants preferential treatment to the Class Representatives.

12.     The law firms of Sharp Barton, L.L.P., Grant Law Firm, P.L.L.C., DeVore Law Firm, P.L.C., and Diamond McCarthy LLP. are hereby appointed as Settlement Class Counsel for settlement purposes only.

13.     For the purposes of the Settlement Agreement, the Court finds that: (a) the Settlement Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims or defenses of the Settlement Class; (d) Tony R. Whisenant, Kyle Allan Taylor, Stanley Ray Born and Ronda Jean Born, as Class Representatives, and the law firms of Sharp Barton, L.L.P., Grant Law Firm, P.L.L.C., DeVore Law Firm, P.L.C., and Diamond McCarthy L.L.P. as Settlement Class Counsel, will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to members of the Settlement Class predominate over any questions affecting only individual

members; and (f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy because: (i) the royalty owners who comprise the Settlement Class have little interest in individually controlling the prosecution of separate actions; (ii) no other litigation concerning the controversy has been filed; (iii) it is desirable to concentrate the settlement of the claims in this forum; and (iv) no difficulties in managing the proposed Settlement as a class action appear.

14.     If any putative member of the Settlement Class does not wish to be a member of the Settlement Class, then such party may opt-out of the Settlement Class by following the procedures set forth in the Notice of Settlement and mailing the opt-out to the Settlement Administrator at the address provided in the Notice of Settlement for its receipt on or before 5:00 p.m. (CST) on May 29, 2020.

15.     The Court shall conduct the Settlement Fairness Hearing on July 13, 2020, at 10:00 a.m.prevailing Central Time, at the United States Bankruptcy Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas 77002, Courtroom 400 to consider, among other things, final approval of the Settlement Agreement and the Fees and Expenses Motion (as defined below). The Court may adjourn the Settlement Fairness Hearing without further notice of any kind.

16.     At least fourteen days before the Objection Deadline (as defined below), Class Representatives and Settlement Class Counsel shall file a motion for approval and payment of Class Counsel fees and expenses, the Class Representatives' contribution fee, and the administrative expenses of settlement to be paid from the Settlement Proceeds ("Fees and Expenses Motion") for consideration as set forth in the Settlement Agreement and Notice of Settlement. The Settlement Administrator shall post the Fees and Expenses Motion on the website

established for the administration of the Settlement Agreement promptly following the filing of

the Fees and Expenses Motion.

17.     Objections or other responses to final approval of the Settlement Agreement and/or

to the Fees and Expenses Motion are to be filed with the Court and served upon the parties

listed below, so that they are received by all parties by May 29, 2020 ("Objection Deadline"):

a. Kirkland & Ellis LLP, Attn:  Spencer Winters and Jaimie Fedell, 300 North LaSalle, Chicago, IL 60654, jaimie.fedell@kirkland.com and spencer.winters@kirkland.com;

b. Kirkland & Ellis LLP, Attn: Rachael Bazinski, 601 Lexington Avenue, New York, NY 10022, rachael.bazinski@kirkland.com;

c. Crowe & Dunlevy, Attn:  John J. Griffin, Jr., 324 North Robinson Avenue, Suite 100, Oklahoma City, OK 73102, john.griffin@crowedunlevy.com;

d. Sharp Barton, L.L.P., Attn: Rex Sharp and Barbara Frankland, 5301 W. 75th Street, Prairie Village, KS 66208, rex@sharpbarton.com and barbara@sharpbarton.com;

e. Diamond McCarthy, LLP Attn: Charles Rubio, 295 Madison Avenue, 27th Floor, New York, NY 10017, CRubio@diamondmccarthy.com;

f. Grant Law Firm, P.L.L.C., Attn:  Michael E. Grant, 512 N.S. 12th Street, Oklahoma City, OK 73103, de1471@cosinet.net;

g. DeVore Law Firm, P.L.C., Attn:  Allan DeVore and Jandra Cox, 5709 NW 132nd St., Oklahoma City, OK 73142, dlf@DeVoreLawOK.com;

h. Vinson & Elkins LLP, Attn:  William Wallander and Erec R. Winandy; 2001 Ross Avenue, Suite 3900, Houston, TX 75201, bwallander@velaw.com and ewinandy@velaw.com;

i. Davis Polk & Wardwell LLP, Attn: Stephen Piraino and Nathaniel Sokol, 450 Lexington Avenue, New York, NY 10017,  stephen.piraino@davispolk.com and nathaniel.sokol@davispolk.com; and

j. The Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002.

18.     Objections or other responses must be (a) in writing, (b) identify the owner

number(s) and well name(s) as they appear on the check stubs of the putative member of the

Settlement Class, and (c) must state with particularity the legal and factual basis for such objection or other response to the Settlement Agreement or the Fees and Expenses Motion.

19.     If the Settlement Agreement is not approved, is voided, terminated, or fails to become effective for any reason, the Class Representatives, the Settlement Class, the Debtors, and SPC shall be returned to the status quo that existed immediately prior to the date of execution of the Settlement Agreement.

20.     This Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Preliminary Approval Order.

**Signed:  March 31, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

# Exhibit 1

## Settlement Agreement

*Execution Version*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § | Case No. 20-31884 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

---

## SETTLEMENT AGREEMENT

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092).  The location of the Debtors' service address is:  1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

*Execution Version*

# SETTLEMENT AGREEMENT

This Settlement Agreement including all exhibits attached hereto (collectively, the "Agreement") is entered into as of the 20th day of March, 2020, by and between the plaintiff Class Representatives (as defined below in paragraph 1.5), on behalf of themselves and as representatives of the Settlement Class (as defined below in paragraph 1.29), and the defendants Sheridan Production Company, LLC ("SPC"), Sheridan Production Partners I-M, L.P., Sheridan Production Partners I-A, L.P., and Sheridan Holding Company I, LLC (collectively, "Defendants"). Together the Class Representatives, Settlement Class, and Defendants are referred to as the "Parties".

# RECITALS

A.    *Whereas*, on December 6, 2014, Plaintiff Tony R. Whisenant filed a putative class action lawsuit against Sheridan Production Company, LLC styled *Whisenant v. Sheridan Production Company, LLC,* No. CJ-2014-19, in the District Court of Beaver County, Oklahoma, on behalf of royalty owners in wells in Beaver County, Oklahoma, asserting claims for breach of lease and breach of fiduciary duty based on Sheridan's alleged deduction of costs incurred after the gathering line inlet from royalty. Claiming jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), SPC removed the action to federal court where it was assigned Case No. CIV-15-81-SLP in the United States District Court for the Western District of Oklahoma ("*Whisenant*"). After unsuccessful efforts seeking remand of the case to state court, Whisenant filed an amended complaint with Sheridan's consent that would have expanded both the geographic and temporal scope of the class claims, but the district court held the amendment was untimely.

B.    *Whereas,* on January 10, 2018, Plaintiff Kyle Allan Taylor, represented by the same counsel as in *Whisenant*, filed a putative class action on behalf of all royalty owners in the State of Oklahoma whose wells are or were operated (or marketed and directly paid to royalty owners) by Sheridan Production Company, LLC, asserting claims for breach of lease and breach of fiduciary duty based on the deduction of costs incurred after the gathering line inlet from royalty. This case is styled *Taylor v. Sheridan Production Company, LLC,* No. CIV-18-29-JWD in the United States District Court for the Western District of Oklahoma ("*Taylor*").

C.    *Whereas,* because *Whisenant* and *Taylor* involved common questions of law and fact and because the claims in the larger statewide *Taylor* action subsumed the narrower claims in *Whisenant,* the Parties agreed to consolidation of the cases, with *Taylor* being designated the lead case. Depositions in *Taylor* revealed that, although Sheridan Production Company, LLC operated the wells, it did not own the leases. Instead, Sheridan Production Partners I-M, L.P. and Sheridan Production Partners I-A, L.P. own beneficial interests in the leases. Sheridan Holding Company I, LLC holds legal title to the leases. Thereafter, on December 6, 2019, the First Amended Class Action Complaint (Doc. 45),

naming the proper defendants, was filed in *Taylor*. The consolidated *Whisenant* and *Taylor* cases are referred to as the "Class Lawsuit".

D.      *Whereas,* in addition to the *Whisenant* and *Taylor* cases, two individual plaintiffs Stanley Ray Born and Ronda Jean Born filed a lawsuit against Sheridan Production Company, LLC in the District Court of Caddo County, Oklahoma, on May 1, 2012. That action, styled *Born, et al. v. Sheridan Production Company, LLC,* No. CJ-2012-47 ("*Born*"), also alleged Sheridan Production Company, LLC took undisclosed improper deductions from royalty and, in so doing, breached its express and implied duties under the oil and gas leases and its fiduciary or quasi-fiduciary duty under Oklahoma law. *Born* is an individual action, not a class action.

E.      *Whereas,* Defendants have adamantly denied, and continue to deny, the claims asserted in the Class Lawsuit and *Born* and have vigorously defended against them.

F.      *Whereas,* Sheridan Production Partners I-M, L.P., Sheridan Production Partners I-A, L.P., and Sheridan Holding Company I, LLC (as debtors and debtors in possession, and together with their debtor affiliates in the jointly administered chapter 11 cases, collectively the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" or the "Court") commencing the proceeding styled *In re Sheridan Holding Company I, LLC, et al.*, Case No. 20-31884 (DRJ) (hereinafter the "Bankruptcy Proceeding").

G.      *Whereas,* all Parties to this Agreement know that further prosecution and defense of the Class Lawsuit would be protracted and expensive and, having taken into account the uncertainty and risks inherent in any such litigation, have determined that it is desirable to compromise and settle all claims in the Class Lawsuit and *Born* with respect to the Settlement Class described in this Agreement and to proceed to seek approval, implementation of and administration of this Settlement in the Bankruptcy Court.

H.      *Whereas*, the Class Representatives, on behalf of themselves and as representatives of the Settlement Class, and Defendants have worked to resolve their differences, and have elected to settle those differences under the terms of this Agreement rather than litigate their respective positions to conclusion.

I.      *Whereas*, the Parties intend by this Agreement to resolve claims of the Settlement Class against the Defendants and Affiliates of Defendants, and vice versa, and to resolve all other Released Claims (as defined below) in accordance with the terms of this Agreement, and the Parties have agreed to consent to the certification of a class for settlement purposes only, in order to fulfill and implement the terms of this Agreement.

*Now, therefore,* the Class Representatives (on behalf of themselves and as representatives of the Settlement Class), the Settlement Class, the Settlement Class Counsel, and Defendants, in consideration of the execution of this Agreement, the mutual promises contained herein, the benefits to be received hereunder and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all Parties to this Agreement, hereby agree as follows:

## Article I.
## <u>DEFINITIONS</u>

The following terms and phrases shall have the following meanings under the provisions of this Agreement, whether used in the singular or plural, and whether in the possessive or non-possessive:

1.1  **Administration Expenses** shall mean the reasonable expenses incurred pursuant to the Plan of Allocation and Distribution which is attached hereto as **Exhibit A**, and the Orders of the Bankruptcy Court which relate to the administration of this Agreement.  Such expenses shall be paid exclusively from the Settlement Proceeds and shall include costs, fees and/or expenses incurred or charged in connection with the following:

(a)  Efforts to obtain current and accurate information regarding the identities and addresses of Settlement Class members;

(b)  Preparation, mailing, and publication of all notices required to be sent to Settlement Class members;

(c)  Maintenance of the dedicated website to facilitate communications with Settlement Class members and their access to information;

(d)  Responding to telephone and electronic inquiries regarding the settlement by Settlement Class members;

(e)  Implementation of the Plan of Allocation and Distribution (including, but not limited to, the cost to print and mail Distribution Checks, and the cost of experts to calculate the allocation and distribution);

(f)  Fees and expenses associated with the establishment and maintenance of the Taylor Settlement Account referenced below;

(g)  Fees and expenses of the Settlement Administrator;

(h)  Costs of preparing and mailing Distribution Checks and tax documentation to members of the Settlement Class at the time specified in this Agreement; and,

(i)     Fees and expenses of bankruptcy counsel to represent the Settlement Class as hired by Settlement Class Counsel with hourly fees and expenses presented at the Settlement Fairness Hearing.

Defendants will reasonably cooperate with Settlement Class Counsel and the Settlement Administrator as they work to notify the members of the Settlement Class of this Agreement and to distribute the Net Settlement Amount to the Settlement Class Members and answer their questions or the questions of the Court.

1.2     **Affiliate**, whether capitalized or not, shall mean any entity that directly or indirectly (through one or more intermediaries) controls, or is controlled by, or is under common control with, any of the named Defendants. As used in this definition, "controls" and "controlled" mean the ability to direct or cause the direction of the management and policies of another entity, whether by ownership, voting rights, or otherwise. A list of the Defendants' principal affiliates is attached as **Exhibit F**. These Affiliates are excluded from the Settlement Class. However, the definition of Affiliate contained in this paragraph shall control if any Affiliate is not identified on **Exhibit F**.

1.3     **Class Fees and Expenses** shall mean (a) payment to Settlement Class Counsel of fees, costs and expenses to be paid from the Settlement Proceeds in an amount to be determined by the Court; (b) payment of a Class Representatives Fee, also known as a case contribution award or incentive award to be paid from the Settlement Proceeds, in an amount to be determined by the Court; (c) payment of expert and consulting fees and expenses and litigation expenses to be paid from the Settlement Proceeds, all in amounts to be determined by the Court. Class Fees and Expenses shall be paid by the Settlement Administrator from the Settlement Proceeds within five (5) business days of the Effective Date or entry of the order approving Class Fees and Expenses, whichever is later.

1.4     **Class Period** shall mean the time period prior to the Petition Date.

1.5     **Class Representatives** shall mean: (1) Tony R. Whisenant; (2) Kyle Allan Taylor; and (3) Stanley Ray Born and Ronda Jean Born.

1.6     **Class Wells** shall mean the oil and gas wells/properties that are referenced in the definition of the Settlement Class, as set forth below in this Agreement. **Exhibit E** hereto is a list of properties that are believed to comprise the Class Wells.  However, the definition of Class Wells contained in this paragraph 1.6 shall control in the event any such wells are not described in **Exhibit E**.

1.7     **Distribution Check** shall mean a check payable to the order of a Settlement Class Member as the distribution of the Settlement Class Member's share of the Net Settlement Amount pursuant to the approved Plan of Allocation and Distribution. The Settlement

Administrator shall cause to be issued and mailed checks to the Settlement Class Members as identified on the Summary Final Distribution Report in the amounts shown thereon. Each check shall itemize by Class Well the Settlement Class Member's distribution of the Net Settlement Amount. The Settlement Administrator shall include notice language on or with each Distribution Check issued substantially similar to the following language or as otherwise required by the Bankruptcy Court:

> As a royalty owner and Settlement Class Member in the *Taylor v. Sheridan Production Company, et al.,* class action lawsuit, No. CIV-18-29-JWD, United States District Court for the Western District of Oklahoma and as settled as part of the proceedings in *In re Sheridan Holding Company I, LLC, et al.,* Case No. 20-31884 (DRJ) in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, the enclosed Distribution Check represents your total share of the Net Settlement Amount.

> The distribution described above to members of the Settlement Class is based on the assumptions that: (a) very few sales of royalty interests have occurred during the Released Period; (b) if sales did occur during the Released Period, the buyer was entitled to receive payment for all past claims covered by the settlement; and (c) if royalty interests passed through inheritance, devise, intra-family or interfamily transfers, that it was the intent that the heir, devisee or transferee also receive payment for all past claims covered by the Settlement. To the extent that these assumptions are incorrect or you are not the proper party to receive this payment, the Court has approved the Plan of Allocation and Distribution which provides that the Settlement Class Member who receives payment shall in turn make the correct payment to the proper party or parties entitled thereto or return the funds to the Settlement Administrator.

> The royalty owner(s) who is the intended recipient of the funds reflected in this Check, and

anyone to whom the payment has been assigned, as a Settlement Class Member, accepts this settlement payment pursuant to the Notice of Settlement, and Judgment related thereto. The Judgment fully, completely and unconditionally releases Defendants and other Released Parties from the Released Claims, as defined in the Agreement. The Settlement Class Member also agrees to fully, completely and unconditionally release the Defendants and other Released Parties, including but not limited to, Class Representatives, Settlement Class Counsel, and the Settlement Administrator in the manner set forth in the Agreement. For additional information, including the definitions of capitalized terms used herein, see taylorsheridanfund1settlement.com.

This Distribution Check, but not the binding effect of the Settlement, shall be null and void if not endorsed and presented to the financial institution or trust company in which the Taylor Settlement Account is established by the earlier of (a) the "Void Date" shown on the Distribution Check, or (b) ninety (90) days from the date when the Settlement Administrator mails the Distribution Check to the Settlement Class Member.

On the back of each check, next to the place for the Settlement Class Member's endorsement, the Settlement Administrator shall include language substantially similar to the following language or as otherwise required by the Bankruptcy Court:

By endorsing and/or depositing this check, the payee is further evidencing his/her/its acceptance and acknowledgment of all the terms and conditions of the Agreement approved by the Court as part of the Bankruptcy Proceedings styled *In re Sheridan Holding Company I, LLC, et al.,* Case No. 20-31884 (DRJ) in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and fully, completely and unconditionally releasing all

*Execution Version*

Released Claims and Released Parties in accordance with the Agreement.

1.8    **Distribution Date** shall mean the date on which the Distribution Checks are first mailed to Settlement Class Members; the first mailing shall occur within 45 days of the Effective Date.

1.9    **Effective Date** shall mean the date on which the Judgment becomes Final and Non-Appealable.

1.10   **Final and Non-Appealable** shall mean that the Judgment approving this Agreement and the proposed class settlement contemplated under this Agreement, are "Final and Non-Appealable" when fourteen days have passed after the date of entry of the Judgment without the filing in any court of: (i) any motion which would legally extend the time to appeal the Judgment, or which challenges or seeks reconsideration, modification or vacation of the Judgment; or (ii) an appeal. If an appeal is filed, the Judgment becomes Final and Non-Appealable when the appellate court enters an order or judgment dismissing or overruling the relief requested and that order or judgment itself becomes final and no longer subject to further review in any court.

1.11   **Final Undistributed Fund** shall equal any monies from the Net Settlement Amount that remain in the Taylor Settlement Account, including: (a) Uncashed Distribution Checks; and (b) Undistributed Proceeds. The Final Undistributed Fund shall not include proceeds allocated to the Suspense Accounts and Monies Payable to Opt-Outs.  The Class Representatives, on behalf of themselves and as representatives of the Settlement Class, shall propose that the Final Undistributed Fund be distributed to the Oklahoma Bar Foundation Court Reporter Availability Program; *provided*, *however*, that the Defendants shall take no position regarding the distribution of the Final Undistributed Fund and the Final Undistributed Fund shall be distributed as ordered by the Court.

1.12   **Judgment** shall mean the order of the Bankruptcy Court entered pursuant to rules 7023 and 9019 of the Federal Rules of Bankruptcy Procedure approving this Agreement between Defendants and the Settlement Class in accordance with the terms of this Agreement, which Judgment shall be substantially in the form of **Exhibit C** hereto.

1.13   **Mineral Interests** shall mean an interest by which a person or entity receives royalties on the share of natural gas and/or other hydrocarbon production attributable to the working interest rights of any of the Released Parties, whether by virtue of a lease in which any one of the Released Parties is the lessee, or by operation of 52 O.S. § 570.1 *et seq*. and/or 52 O.S. § 87.1 (providing the manner in which royalties are to be apportioned to royalty owners in a well or unit), or by other instrument (whether contractual, regulatory or otherwise) giving rise to an entitlement to royalty.

1.14   **Monies Payable to Opt-Outs** shall mean all of that portion of the Settlement Proceeds allocable to the interest of each person or entity that timely elects to opt-out by the Opt-Out Deadline (or is for some extraordinary reason allowed by the Court to opt-out beyond the Opt-Out Deadline) of the proposed Settlement. The Monies Payable to Opt-Outs shall be the gross amount of the Settlement Proceeds allocable to the interest, which shall include the Class Fees and Expenses that would have been deducted therefrom had the putative member stayed in the Settlement Class, and the portion of the Net Settlement Amount allocated to the putative member of the Settlement Class for distribution had the putative member not opted out of the Settlement Class. The Monies Payable to Opt-Outs shall be returned to the Debtors or the Reorganized Debtors, as applicable, within three (3) business days of the Effective Date.

1.15   **Net Settlement Amount** shall mean the Settlement Proceeds, as adjusted pursuant to the terms of this Agreement minus: (a) the Monies Payable to Opt-Outs under paragraph 1.14; and, (b) Class Fees and Expenses approved by the Court.

1.16   **Notice Costs** shall mean the reasonable costs associated with mailing and publication of Notice of Settlement to the Settlement Class members (including, but not limited to, the cost to print the Notices, mail the Notices, and publish the Notices, as well as making certain efforts to locate Settlement Class members whose mailings are returned undelivered).

1.17   **Notice of Settlement** shall mean the notice to the members of the Settlement Class of: (a) this Agreement; (b) the request for Class Fees and Expenses; and (c) the Settlement Fairness Hearing. The Notice of Settlement shall be substantially in the form of **Exhibit D-1** and **Exhibit D-2** hereto.

1.18   **Opt-Out Deadline** shall mean the date by which the putative members of the Settlement Class must elect to opt-out of the Settlement Class as set forth in the Preliminary Approval Order.

1.19   **Petition Date** means the date on which the Debtors commenced the Chapter 11 Cases.

1.20   **Plan of Reorganization** shall mean the Debtors' chapter 11 plan of reorganization.

1.21   **Plan of Allocation and Distribution** shall mean the reasonably designed methodology for allocating and distributing the Net Settlement Amount to Settlement Class Members attached as **Exhibit A** hereto. The Plan of Allocation and Distribution must be approved by the Court.

1.22   **Plan of Notice** shall mean the following procedures for providing Notice of Settlement to the members of the Settlement Class. Within (10) ten business days after

entry of the Preliminary Approval Order, the Settlement Administrator will (a) send the Notice of Settlement, **Exhibit D-1**, by mail to the putative members of the Settlement Class for whom a mailing address can be found in Defendants' current electronic databases containing last known addresses of royalty payees, that Defendants will provide for implementation of this Agreement and (b) publish the Notice of Settlement, **Exhibit D-2**, (i) in *The Oklahoman*, a newspaper of general circulation in Oklahoma and (ii) on *PR Newswire*, a nationwide press release distribution website. The Settlement Administrator shall provide Settlement Class Counsel with a spreadsheet identifying by royalty owner number, name, complete mailing address, and email address(es), each member of the Settlement Class to whom the Notice of Settlement is mailed or otherwise provided.

1.23   **Preliminary Approval Order** shall mean the order (or orders) of the Court (a) preliminarily approving this Agreement, (b) approving the Settlement Administrator, (c) approving the form and manner of notice to Settlement Class Members, (d) scheduling a Settlement Fairness Hearing, and (e) certifying the Settlement Class for settlement purposes only, including appointing Class Representatives and Settlement Class Counsel. The Preliminary Approval Order shall also provide that if this Agreement is not approved, is voided, terminated, or fails to become effective for any reason the Parties shall be returned to the status quo that existed immediately prior to the date of execution of this Agreement.  The Preliminary Approval Order shall conform, in all material respects, with the form of order attached hereto as **Exhibit B**.

1.24   **Released Claims**, unless otherwise specifically excluded herein, shall mean and include all claims, demands, actions, causes of action, allegations, compulsory or permissive counterclaims, credits, off-sets, defenses, rights, obligations, costs, fees, losses, and damages of any and every kind or nature, known or unknown, whether in law or equity, in tort or contract, or arising under any statute or regulations, that are associated with the marketing, movement, treatment, processing, sale, trade, calculation, reporting, allocation, payment, and similar acts/activities relating in whole or in part to royalty on gas and its constituents produced from the Class Wells (including residue gas, natural gas liquids, fuel gas, casinghead gas, drip condensate, condensate, helium, nitrogen, and any other forms of hydrocarbon gas production or products therefrom) and on-lease and off-lease use of such gas during the Released Period. The Released Claims specifically include, but are not limited to, those claims that arise from or in connection with acts or omissions of any of the Released Parties (including, but not limited to, all intentional or negligent misconduct), which were or could have been asserted, made, or described in the operative petition, complaint, or amended complaint, and the answers or counterclaims in the Class Lawsuit and in *Born*, or that could have been alleged as a compulsory or permissive counterclaim, credit, off-set or defense, and shall also include and release any alternative theories of recovery for the same claims, actions, or subject matter that could have been asserted in the Class Lawsuit and in *Born*, even if not asserted.

Without limiting the generality of the foregoing, Released Claims additionally means and includes all claims within the Released Period for greater, additional, lesser, unpaid, late paid, or overpaid amounts of royalty and/or interest arising from any alleged breach or breaches of express royalty clauses or implied covenants in oil and gas leases, alleged failure to obtain the highest or best price; alleged violations or breaches of the Oklahoma Production Revenue Standards Act; alleged improper or unlawful deductions (of any kind) of/for production and postproduction costs from royalty (and/or based upon the direct and/or indirect factoring of such costs into the computation of royalties), including without limitation, use of gas for fuel, line loss, shrinkage, compression, use of gas for processing, gathering, dehydration, blending, treating, fractionation, transportation, and storage fees, alleged claims for royalty or other payments for or based on Btu content of gas, natural gas liquids, casinghead gas, residue gas, helium, sulfur, and all other substances found in, or extracted or manufactured from, natural gas. Such Released Claims shall additionally include any and all claims for interest, statutory interest, penalties, attorneys' fees and other litigation expenses related to the Released Claims, and by way of clarification shall include and subsume any form of claim, allegation and/or cause of action asserting that the check stubs or royalty statements were in any way wrong, incorrect, inaccurate, incomplete, misleading, fraudulent, or were in any other manner improper.

The Released Claims shall include all claims with respect to all volumes of hydrocarbon gas production from Class Wells during the Class Period for which Defendants (including their affiliated predecessors and affiliated successors and affiliated operators) are or were the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners). This includes the gross working interest of Defendants in Class Wells, and shall also extend to and release all of the claims against Defendants with respect to volumes of hydrocarbon production attributable to other persons and entities who sold their share of such production in Class Wells through Defendants, with Defendants having computed and distributed royalties on behalf of such third party working interest owners; provided, however, that the Settlement Class does not release (a) claims against the third party working interest owners who took their gas in-kind from Class Wells, marketed their share of gas, and provided the royalties to Defendants to distribute to royalty owners, or (b) claims against Defendants and their Affiliates for working interest in non-Class Wells. However, the Released Claims do include all of these same releases of claims against third party working interest owners only to the extent they marketed their shares of gas through any one or more of the Defendants (including their affiliated predecessors and affiliated successors and affiliated operators) as to gas produced from Class Wells during the Class Period.

The Settlement Class Members agree that, in consideration of the benefits they are receiving under this Agreement, under no circumstances will they seek to recover or receive, directly or indirectly, any further amount of money from either Defendants or any other Released Party for any of the Released Claims. By way of example, but without limitation of the generality of the foregoing, the Settlement Class Members agree that they

will not seek to recover from any outside operator(s) of any of the Class Wells the alleged royalty underpayments and other sums which are alleged to be owing by Defendants and which are part of the Released Claims. For the consideration stated herein, each Settlement Class Member additionally covenants not to sue Defendants or any other person or entity for any part of the production volumes associated with Defendants' interest in the Class Wells, or for any monetary relief or other relief associated with such volumes of production; rather, such matters are hereby released as part of the Released Claims.

The Defendants and the Affiliates of Defendants agree that, in consideration of the benefits they are receiving under this Agreement, under no circumstances will they seek to recover or receive, directly or indirectly, any further amount of money from any Settlement Class Members or their attorneys for any of the Released Claims. For the consideration stated herein, each of the Defendants and the Affiliates of Defendants additionally covenant not to sue any Settlement Class Members or their attorneys or any other person or entity for any part of the production volumes associated with their interests in the Class Wells, or for any monetary relief or other relief associated with such volumes of production; rather, such matters are hereby released as part of the Released Claims. The Releases are to operate mutually, as set forth in paragraph 2.5 below.

1.25   **Released Parties** shall collectively refer to: (a) all Defendants, the Affiliates of Defendants, including those named on **Exhibit F**, and the Reorganized Debtors and shall also include the respective past, present and future Affiliates, employees, officers, directors, limited partners, general partners, shareholders, managers, members, attorneys, agents and/or other representatives of such entities; (b) the Settlement Class Members (including Class Representatives) and their attorneys; and (c) other working interest owners in Class Wells, who shall also constitute Released Parties, but only to the extent Defendants and/or the Affiliates of Defendants marketed gas or gas constituents and paid royalty on behalf of such other working interest owners prior to the Petition Date.

1.26   **Released Period** shall mean the production periods of the Class Wells prior to the Petition Date.

1.27   **Reorganized Debtors** means, collectively, a Debtor, or any successor or assign thereto, by merger, consolidation, or otherwise, on and after the effective date of Plan of Reorganization.

1.28   **Settlement** means the settlement between the Parties, including without limitation, the resolution of the Class Lawsuit and *Born* as against the Defendants, on the terms and conditions set forth in this Agreement.

1.29   **Settlement Administrator** shall mean the person or entity to be appointed by Settlement Class Counsel to administer this Agreement and the Plan of Allocation and

Distribution until released from its duties by court order. Defendants will take no position on the appointment of the Settlement Administrator.

1.30   **Settlement Class** shall mean the below-described class that the Parties have agreed should be certified for settlement purposes only, pursuant to the Preliminary Approval Order. The Settlement Class is to be specifically defined as follows:

> All royalty owners who received or who were entitled to receive royalty payments from Sheridan Production Company, LLC attributable to production from Oklahoma wells that are or have been operated (or marketed and directly paid to royalty owners) by Sheridan Production Company, LLC and produced gas (such as residue gas, natural gas liquids, or helium) prior to the Petition Date.

> Excluded from the Settlement Class are: (1) the Office of Natural Resources Revenue f/k/a the Mineral Management Service (Indian tribes and the United States); (2) Defendants and their employees, officers, and directors; and (3) any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, production, gathering, processing, or marketing.

**provided, however,** that the term "Settlement Class" shall not include any putative members of the Settlement Class who timely and properly elect to opt-out of this Settlement.

1.31   **Settlement Class Counsel** shall mean collectively, the law firms of Sharp Barton, L.L.P., Grant Law Firm, P.L.L.C., DeVore Law Firm, P.L.C., and Diamond McCarthy L.L.P., which is bankruptcy counsel for the Settlement Class.

1.32   **Settlement Class Member** shall mean a person or entity who remains in the Settlement Class, i.e. a member of the Settlement Class who does not opt-out. For the avoidance of doubt, each Class Representative is a Settlement Class Member.

1.33   **Settlement Fairness Hearing** means the proceedings to be held before the Court to determine whether this Agreement should be approved as fair, adequate and reasonable; whether the Judgment should be entered; and whether the motion for payment of Class Fees and Expenses should be approved.

1.34   **Settlement Proceeds** shall mean $5,094,000.00, of which $94,000.00 is to pay Administration Expenses. The Settlement Proceeds may be adjusted under the conditions and qualifications set forth in this Agreement, including reduction for the return to Defendants of any Monies Payable to Opt-Outs. It is expressly agreed that Defendants are agreeing to pay the Settlement Proceeds, as adjusted, but Defendants shall not pay any other monetary sums or consideration of any kind under the terms of this Agreement.

1.35   **Summary Final Distribution Report** shall mean the summary chart prepared by Settlement Class Counsel or the Settlement Administrator to show the distribution of the Net Settlement Amount to each member of the Settlement Class for whom an address and amount of distribution can be determined. Defendants will cooperate and provide non-privileged information, accessible to Defendants in the ordinary course of business, reasonably requested by the Settlement Administrator or Settlement Class Counsel but will not be responsible for the calculation of or distribution from the Summary Final Distribution Report.

1.36   **Suspense Accounts** shall mean collectively, each account of a royalty interest owner in a Class Well operated by SPC as of the Petition Date that is not in pay status in the last available revenue transaction report for the Class Well that Defendants provide to Settlement Class Counsel.

1.37   **Taylor Settlement Account** means the account selected and established by the Settlement Administrator to receive the deposit of the Settlement Proceeds at the time specified elsewhere in this Agreement. The Settlement Administrator shall, in its sole and unfettered discretion, select the depository for the Settlement Proceeds, whether a national or state banking institution, other financial institution, or trust company, and the type of account, whether interest or non-interest bearing. The selections shall be final and binding on the Class Representatives and the Settlement Class. Upon deposit of the Settlement Proceeds into the Taylor Settlement Account, the Settlement Proceeds shall inure first to the benefit of the Settlement Class, subject to (and unless otherwise provided by): (a) the terms of this Agreement; (b) the Final and Non-Appealable Judgment approving this Agreement; and (c) the Plan of Allocation and Distribution. Funds may be withdrawn from this Account only upon court order.

1.38   **Uncashed Distribution Checks** shall mean any Distribution Check payable to a Settlement Class Member that is not endorsed and presented to the financial institution or trust company in which the Taylor Settlement Account is established by the earlier of (a) the "Void Date" shown on the Distribution Check, or (b) ninety (90) days from the date when the Settlement Administrator mails the Distribution Check to the Settlement Class Member.

1.39   **Undistributed Proceeds** shall mean any money that remains in the Taylor Settlement Account, after payment of Class Fees and Expenses, and after allocation of the Net Settlement Amount to Settlement Class Members pursuant to the Plan of Allocation and Distribution. Undistributed Proceeds *shall not* include Monies Payable to Opt-Outs and proceeds allocated to the Suspense Accounts. Except as provided in paragraph 1.14, Defendants shall not otherwise be entitled to receive any amount of the Undistributed Proceeds, nor shall they have any obligations with respect to such amounts.

1.40   **Unlocated Settlement Class Member** means: (a) a Settlement Class Member who is not identifiable from the last available revenue transaction report for the Class Well or from the information obtained from the successor third-party operator, or (b) a Settlement Class Member who is identifiable, but whose accurate address is not ascertainable from the royalty owner payment records or has not been located despite reasonable and diligent efforts of the Settlement Administrator to do so in the event the United States Postal Service returns the Notice of Settlement mailed to any Settlement Class Member. Defendants shall have no obligation to provide Settlement Class Counsel or the Settlement Administrator with information to identify or ascertain accurate current addresses for Unlocated Settlement Class Members except to the extent that Defendants possess that information (such as possessing last-known addresses, tax identification numbers, or similar information). By way of example, but without limitation of the generality of the foregoing, if any of the owner information, address information or related data is out-of-date and/or otherwise inaccurate, neither Defendants nor any of their Affiliates shall bear any liability for consequences from that inaccurate information. Nor shall Settlement Class Counsel bear any liability with respect to that information. The Notice of Settlement encourages members of the Settlement Class to provide updated address or other information directly to the Settlement Administrator so they may receive the benefits of the Settlement.

1.41   **Unreleased Claims** means the claims specifically identified in this paragraph, which are not released by this Agreement: (a) gas produced outside the Class Period; (b) royalty computed and/or paid by others (not the Released Parties); (c) claims related to royalty payment adjustments that Defendants may make in the ordinary course of business reflecting routine prior period adjustments for clerical or administrative errors concerning prices actually received or volumes actually sold that historically have been addressed by Defendants by way of prior period adjustments (other than claims of underpayment as a result of direct or indirect deduction of production and/or costs incurred after the gathering line inlet), but only to the extent that (i) the adjustment reflects a retroactive price, volume, or value adjustment, and (ii) the adjustment pertains to gas or gas constituents (including helium, residue gas, natural gas liquids, nitrogen, and condensate) produced outside of the Class Period; and (iii) the adjustments increase but do not decrease the amount of royalty owed to the Settlement Class Members during the Release Period; (d) claims regarding entitlement to money held in suspense by Defendants, and interest owed thereon, if any, after the Effective Date; (e) claims that Defendants failed to comply with obligations to protect Settlement Class Members from drainage or other implied covenants not related to royalty calculation, accounting, or payment; (f) claims that Defendants breached obligations to Settlement Class Members to develop Oklahoma oil and gas leases; (g) claims related to surface or crop damage; (h) claims related to oil. The Unreleased Claims are the only claims not released by and between the Parties. All other claims that have been asserted or that could have been asserted in the Class Lawsuit or *Born* are Released Claims that will be mutually released with prejudice upon entry of the Judgment as set forth in paragraph 4.1, below.

*Execution Version*

# Article II.
# AGREEMENT

2.1    **Proceeding before the Bankruptcy Court.** To facilitate timely consideration of the Agreement and to provide timely Notice of Settlement to members of the Settlement Class, the Parties agree to proceed before the Bankruptcy Court to seek approval of this Settlement as part of Debtors' initial filings in the Bankruptcy Court. The Debtors, SPC, and the Class Representatives will file a joint motion seeking entry of the Preliminary Approval Order and the Judgment.

2.2    **Stipulations.** Within two (2) business days after Defendants and the Class Representatives file a joint motion seeking entry of the (a) Preliminary Approval Order and (b) the Judgment, the Parties will stipulate to the administrative closing of the Class Lawsuit and *Born*. In conformance with paragraph 4.1, below, the Parties will stipulate to the dismissal with prejudice of the Class Lawsuit and *Born* and file those Stipulations in each action after the Judgment is Final and Non-Appealable. The Stipulations will be consented to by the Parties herein and will be signed by their respective counsel.

2.3    **Payment by Defendants.** Three (3) business days after entry of the Preliminary Approval Order (**Exhibit B** hereto, with no material variance unless agreed to by the Parties), the Settlement Administrator will (a) establish the Taylor Settlement Account, and (b) provide Defendants or the Reorganized Debtors a fully and properly-executed Form W-9 reflecting the payee name and address and a valid taxpayer identification number and wiring instructions for the Taylor Settlement Account. Within five (5) business days of the Defendants' or the Reorganized Debtors' receipt of the properly-executed Form W-9 reflecting the payee name and address and a valid taxpayer identification number and wiring instructions for the Taylor Settlement Account, Defendants or the Reorganized Debtors, as applicable, shall transfer or cause to be transferred by wire transfer the Settlement Proceeds to the Taylor Settlement Account. If this Agreement is not approved, is voided, terminated, or fails to become effective for any reason: (a) the balance in the Taylor Settlement Account, including interest accrued thereon and less Administration Expenses actually incurred, shall be promptly returned to the Debtors or the Reorganized Debtors, as applicable; (b) all orders of the Court preliminarily or otherwise certifying the Settlement Class shall be vacated; and (c) the Parties shall be returned to the status quo that existed in the Class Lawsuit and *Born* immediately prior to the date of execution of this Agreement (subject to appropriate extensions of deadlines to enable the Class Lawsuit and *Born* to proceed).

2.4    **Taxes.** Neither Defendants nor any Affiliate shall have any duties, obligations, or liabilities with regard to any income tax, gross production tax, severance tax, petroleum excise tax, or similar tax filings or payments that the members of the Settlement Class and/or Settlement Class Counsel may be required to make with respect to their respective shares of the Settlement Proceeds. Nor do Defendants or any Affiliate assume under this

Agreement any duty to bear any taxes of any kind that, by law, are taxes due by and burdening the Settlement Class Members rather than Defendants or any such Affiliate, including, without limitation, income tax, gross production tax, severance tax, petroleum excise tax, or similar taxes. The Settlement Administrator shall prepare, file and provide IRS Forms 1099-MISC to Settlement Class Members who receive payments that require such Forms, and Defendants shall have no responsibility for preparation, filing, and mailing IRS Forms 1099-MISC or any other tax forms.

2.5 **Claims Released by Settlement Class and by Defendants.** Each Settlement Class Member will release the Released Claims against the Released Parties during the Released Period in accordance with paragraphs 4.1 through 4.3 below. When the Settlement Class provides Defendants with these releases, Defendants will release each Settlement Class Member from any Released Claims, including any claim for recoupment or recovery from the Settlement Class Member for any potential overpayments of royalty during the Released Period because Defendants directly or indirectly (through royalty payments made by another person or entity on behalf of Defendants) failed to deduct from (or otherwise factor into) royalty payments, any expenses or other sums that could have been properly applied to reduce such royalty payments under applicable contracts, laws, or other authority. Notwithstanding the foregoing release by Defendants, Defendants shall be entitled to adjust royalty payments as described in paragraph 1.41(c) above.

2.6 **Covenant Not to Sue**. Except as otherwise provided herein, each Settlement Class Member, each Defendant, and each Affiliate of Defendant(s) agrees that, having received the benefits of the Settlement Proceeds as consideration for releasing the Released Claims, under no circumstances will he/she/it seek to recover or receive, directly or indirectly, any further amount of money from Defendants or any of the other Released Parties for any of the Released Claims during the Released Period. For the consideration stated herein, each Settlement Class Member, Defendant, and Affiliate of Defendant(s) covenants not to sue any of the Released Parties for any of the Released Claims while Defendants pay royalty on the Class Wells, except, if necessary, to enforce this Agreement.

2.7 **Claims Not Released.** The Settlement Class may assert claims in the future against other working interest owners in the Mineral Interests or Class Wells, other than Defendants and/or their Affiliates, with respect to the share of oil and gas production and proceeds that is owned by and attributable to those third party working interest owners during the Released Period, except to the extent that those third party working interest owners sold or otherwise marketed their respective shares of production through Defendants and/or their Affiliates, with Defendants and/or their Affiliates then computing and distributing royalties on that share of third party production. This Agreement does not release any claim which the Settlement Class may have against any other working interest owner, other than Defendants and/or their Affiliates, except as otherwise provided in the preceding sentence or in paragraph 1.24 or paragraph 1.41 of this Agreement. Further, the Parties acknowledge that, notwithstanding anything in this Agreement to the contrary, the

dismissal and Judgment contemplated by this Agreement shall not release, affect, or otherwise impair any claims other than the Released Claims.

2.8    **Governing Law.** To promote certainty, predictability, the full enforceability of this Agreement as written, and nationwide application, the Parties agree that this Agreement shall be governed solely by any federal law as to due process, class certification, judgment, collateral estoppel, res judicata, release, settlement approval, allocation, case contribution award, the right to and reasonableness of attorneys' fees and expenses, and all other matters for which there is federal procedural or common law, including Tenth Circuit federal law regarding federal equitable common fund class actions. For any such matters where there is no federal common law, Oklahoma state law will govern. If the provisions of this paragraph (or any portion thereof) are held unenforceable in any jurisdiction, then such provisions shall be severable, and the Parties agree that the enforceability of the remaining provisions of this Agreement (or remaining portions of this paragraph) shall not in any way be affected or impaired thereby and shall continue in full force and effect.

2.9    **No Waiver.** No delay or omission by any Party in exercising any rights under this Agreement will operate as a waiver of that or any other right. A waiver or consent given by a Party on any one occasion is effective only in that instance and will not be construed as a bar or waiver of any right on any other occasion, unless otherwise agreed in writing.

### Article III.
### DISTRIBUTION OF SETTLEMENT PROCEEDS

3.1    Any distribution of monies or funds from the Taylor Settlement Account shall be in accordance with a Plan of Allocation and Distribution approved by the Court. All distributions are subject to the terms of paragraph 3.3 below. The Defendants and the Affiliates of Defendants shall not be responsible or liable for any aspect of the allocation methodology or the Plan of Allocation and Distribution implementing that methodology.

3.2    In the manner set forth in this Agreement, Defendants and the Class Representatives agree that the Settlement Proceeds shall be only for the benefit of the Settlement Class (subject to section 1.14 herein and Class Fees and Expenses and the other distributions and dispositions provided for in this Agreement), which by definition does not include those royalty owners who timely and properly opt-out of the Settlement Class after receiving the Notice of Settlement as contemplated under this Agreement.

3.3    Defendants and Settlement Class Counsel shall provide reasonable cooperation to the Settlement Administrator in connection with the information reasonably needed by them in order to perform the activities contemplated under this Agreement, including the giving of Notice and the implementation of the Plan of Allocation and Distribution.

*Execution Version*

3.4    Upon the Effective Date, all Settlement Class Members shall be deemed to have released all of the Released Parties, Settlement Class Counsel, and the Class Representatives from all claims arising from or in connection with the negotiation, execution, solicitation, administration, determination, calculation, or payment of benefits or the investment or distribution of the Settlement Proceeds. This release does not release any Party from its obligations under this Agreement.

3.5    At the Settlement Fairness Hearing, Settlement Class Counsel may request for inclusion in the Judgment or a separate order from the Court approval of up to the customary forty percent of the Settlement Proceeds plus their actual reasonable and necessary expenses to compensate Settlement Class Counsel and up to the customary two percent of the Settlement Proceeds to Class Representatives, as part of the Class Fees and Expenses. All such awards are to be paid from the Settlement Proceeds. Defendants shall not object to the request for approval of Class Fees and Expenses and will not solicit or encourage others to object to the request for approval of the Class Fees and Expenses, provided the request is consistent with this Agreement. Neither the entitlement to, nor the amount of any award of Class Fees and Expenses, shall constitute a condition for final approval of this Agreement.

## Article IV.
## RELEASES, DISMISSALS AND
## PLAN OF ALLOCATION AND DISTRIBUTION

4.1    Upon the Effective Date, and in consideration of the promises set forth in this Agreement, including payment of the Settlement Proceeds, the Parties and their counsel shall dismiss the Class Lawsuit and *Born* with prejudice. A Stipulation of Dismissal will promptly be filed by the Parties in each applicable court following the Effective Date, as set forth in paragraph 2.2, above.

4.2    Upon the Effective Date, and in consideration of the promises set forth in this Agreement, including payment of the Settlement Proceeds, the Parties and their counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Parties from all Released Claims.

4.3    Upon the Effective Date, and in consideration of the promises set forth in this Agreement, including payment of the Settlement Proceeds, each Settlement Class Member and the heirs, devisees, successors, assigns, agents and/or representatives of each Settlement Class Member, and each Defendant and Affiliate of each Defendant and their successors shall be forever barred from asserting any and all Released Claims against the Released Parties, and each Settlement Class Member and the heirs, devisees, successors, assigns, agents and/or representatives of each Settlement Class Member, and each

*Execution Version*

Defendant and Affiliate of each Defendant and their successors shall be conclusively deemed to have released any and all such Released Claims against the Released Parties.

4.4     Each putative member of the Settlement Class who has not timely and properly elected to opt-out of this Settlement shall be a Settlement Class Member and shall receive distribution of the Net Settlement Amount according to the Plan of Allocation and Distribution.

4.5     On the Distribution Date and in accordance with written payment instructions that the Debtors or the Reorganized Debtors provide,  the Settlement Administrator shall wire transfer to the Reorganized Debtors the portion of the Net Settlement Amount attributable to the Suspense Accounts for the benefit of the respective Settlement Class Members and shall otherwise issue and mail Distribution Checks to the Settlement Class Members in the amounts determined under this Agreement and the final Plan of Allocation and Distribution. The Judgment shall provide that the Released Parties, Settlement Class Counsel, and/or the Class Representatives have no liability to any Class Member for mis-payments, late payment, nonpayment, overpayments, underpayments, interest, errors, or omissions as a result of the administration of the Settlement, including, without limitation, the distribution and disposition of the Settlement Proceeds.

## Article V.
## COURT APPROVAL OF THE SETTLEMENT
## AND CONTINUING JURISDICTION OF THE COURT

5.1     As part of Debtors' initial filings in the Bankruptcy Court and as soon as practical after the Parties' execution of this Agreement, the Debtors will file a motion seeking entry of the (a) Preliminary Approval Order and (b) the Judgment.  The Debtors will not seek to avoid or reject the Agreement in the Bankruptcy Proceeding.

5.2     At their sole expense, Defendants shall issue the notices of settlement contemplated by the Class Action Fairness Act of 2005 ("CAFA") in accordance with the deadlines provided by CAFA. The Settlement Fairness Hearing to approve this Agreement shall be scheduled for a date that will allow for the notice requirement of CAFA to be satisfied (28 U.S.C.A. § 1715(d)). The Class Representatives and Settlement Class Counsel agree to cooperate and provide Defendants with any data or information they possess which may be helpful to Defendants in complying with the CAFA notice requirements, including without limitation the provisions of 28 U.S.C.A. § 1715 (b)(7)(A) and (B).

## Article VI.
## FAILURE TO OBTAIN APPROVAL OF SETTLEMENT

6.1     If the Effective Date does not occur within 240 days of the Petition Date, or such later date as the Parties may agree, then, any Party hereto may elect to terminate this

*Execution Version*

Agreement upon 30-days written notice to the other Party and this Agreement and the related Settlement and certification of the Settlement Class shall immediately become null and void and the balance in the Taylor Settlement Account (including any interest accrued thereon and less Administration Expenses actually incurred) shall be promptly returned to the Debtors or the Reorganized Debtors, as applicable.

6.2    This Agreement will automatically terminate if the Bankruptcy Court enters an order denying approval of the Settlement.

<p align="center">**Article VII.**<br>**EFFECT OF EXCESSIVE OPT-OUT**</p>

7.1    The Parties' objective is to settle the Released Claims in the Bankruptcy Proceeding. This objective cannot be realized if a great number of members of the Settlement Class elect to opt-out of the Settlement Class. Settlement Class Counsel acknowledge that resolution of the Class Lawsuit and *Born* is also in the best interest of the Settlement Class. Accordingly, Defendants, and Settlement Class Counsel agree that they will not solicit or actively encourage putative members of the Settlement Class to opt-out of the Settlement Class. However, this Agreement neither prohibits Settlement Class Counsel from counseling any putative member of the Settlement Class about his or her legal rights nor prohibits any putative member of the Settlement Class who seeks such counsel from electing to opt-out of the Settlement Class. Therefore, Defendants shall have the right and option, in their sole discretion, to terminate this Agreement if members of the Settlement Class who have claims which, in the aggregate, exceed ten percent (10%) of the Settlement Proceeds elect to opt-out of this Settlement. Within ten (10) business days after the Opt-Out Deadline, the Settlement Administrator shall determine whether the aforesaid threshold for opt-outs has been met and will notify Settlement Class Counsel and Defendants' Counsel in writing regarding the results of that determination and simultaneously provide a list of the members of the Settlement Class who have opted out. Defendants must elect to terminate this Settlement by written notice delivered to Settlement Class Counsel on or before the expiration of ten (10) business days following the date on which the above-referenced written notice of the threshold for opt-outs is provided to Defendants' Counsel.  If Defendants do not exercise their right to terminate on or before the expiration of that ten (10) business day period, Defendants' right to terminate shall expire. If Defendants timely and properly exercise their option to terminate this Agreement, this Agreement shall become null and void, subject to the provisions of Article IX, below, and all orders of the Court preliminarily or otherwise certifying the Settlement Class shall be vacated and the Parties shall be returned to the status quo that existed in the Class Lawsuit and *Born* immediately prior to the date of execution of this Agreement (subject to appropriate extensions of deadlines to enable the Class Lawsuit and *Born* to proceed).

*Execution Version*

## Article VIII.
## <u>APPOINTMENT OF SETTLEMENT ADMINISTRATOR</u>

8.1    The Court shall appoint the Settlement Administrator pursuant to the Preliminary Approval Order. The duties undertaken by the Settlement Administrator shall be as described in the Plan of Allocation and Distribution and orders of the Court. All ordinary expenses, including the compensation of the Settlement Administrator, shall be Administration Expenses, to be paid out of the Settlement Proceeds and in the manner set forth in paragraph 1.1 above.

## Article IX.
## <u>EFFECT OF DISAPPROVAL, CANCELLATION, AND TERMINATION</u>

9.1    If this Agreement is terminated pursuant to the terms hereof, including pursuant to Articles VI or VII herein, or fails to become effective for any reason, then (a) all orders of the Court preliminarily or otherwise certifying the Settlement Class or approving the Settlement shall be vacated, (b) the Parties shall be returned to the status quo that existed in the Class Lawsuit and *Born* immediately prior to the date of execution of this Agreement (subject to appropriate extensions of deadlines to enable the Class Lawsuit and *Born* to proceed) and (c) the Parties shall retain all of their respective rights and defenses as of immediately prior to the date of execution of this Agreement. The Parties shall then proceed in all respects as if this Agreement and related orders had not been executed and the balance in the Taylor Settlement Account (including interest accrued thereon and less Administration Expenses incurred) paid under this Agreement shall be returned to the Debtors or the Reorganized Debtors within 30 days. If this Agreement is not approved in full, is voided, terminated, or fails to become effective for any reason, then this Agreement (and the certification of the Settlement Class) shall have no continuing effect, and no reference to the fact of a proposed settlement, class certification, or the terms hereof shall be made in any court, administrative agency, or other tribunal (except to the extent needed to enforce the provisions hereof that remain in effect in such an event), and neither this Agreement nor the terms hereof may be used by any person or entity in any proceeding as an admission, concession, or indication of the validity of the claims in either the Class Lawsuit or *Born* and/or requested class certification in the Class Lawsuit, or evidence of wrongdoing, or liability or lack thereof, or for any purpose whatsoever, except as provided herein.

## Article X.
## <u>MISCELLANEOUS</u>

10.1    Defendants contend that the claims and allegations of wrongdoing or liability on their part, individually and collectively, by the Class Representatives and the Settlement Class in the Class Lawsuit and *Born* are without merit. Defendants expressly deny all allegations of wrongdoing or liability. It is expressly agreed that neither this Agreement,

nor any document referred to herein, nor any action taken to carry out this Agreement, is, may be construed as, or may be used as an admission by Defendants of any fault, wrongdoing or liability whatsoever with respect to the subject matter of the Class Lawsuit or *Born*. There has been no determination by any Court, administrative agency or other tribunal regarding the claims and allegations made against Defendants. Defendants further do not admit that the certification of the Settlement Class in this case would be proper for trial and/or litigation purposes, although the certification of the Settlement Class solely for settlement purposes is proper because of the effect of this Settlement on the class issues.

10.2     The Class Representatives, the Settlement Class, and Defendants agree to settle the Released Claims and to execute this Agreement solely to compromise and settle protracted, complicated and expensive litigation. Entering into or carrying out this Agreement, and any negotiations or proceedings related thereto, is not, shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to this Agreement and shall not be offered or received in evidence in any action or proceeding by or against any Party hereto in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendants and the Settlement Class, the provisions of this Agreement, or the provisions of any related agreement, order, judgment or release.

10.3     The Notice of Settlement shall require that any member of the Settlement Class who elects to opt-out of the Settlement Class or objects to this Agreement or to the motion for Class Fees and Expenses shall be in writing, shall be signed by the member of the Settlement Class who is opting-out or objecting, and shall be filed with the Court, a prescribed number of days before the Settlement Fairness Hearing as provided for in the Preliminary Approval Order. Because any appeal by an objecting member of the Settlement Class to any part or all of this Agreement or to Class Fees and Expenses would delay the payment under the Settlement, the Court will be requested to enter the Judgment substantially in the form of **Exhibit C** that contains a provision providing that each objecting member of the Settlement Class must elect within fourteen (14) days of entry of the Judgment to: (a) appeal only the objecting Settlement Class Member's portion of the Net Settlement Amount or Class Fees and Expenses (including the Class Representatives Fee), which is hereby severed from the rest of the case so as to not delay the final judgment for all other Settlement Class Members; or (b) appeal on behalf of the entire Settlement Class; provided that if the objecting Settlement Class Member purports to appeal on behalf of the entire Settlement Class any of the Settlement, Class Fees and Expenses, or does not definitively choose option (a) or (b) above, each such objecting Settlement Class Member who appeals may be required to post a cash appeal bond to be set in the Court's sole discretion, not to exceed an amount sufficient to reimburse Settlement Class Counsel's appellate fees, Settlement Class Counsel's expenses, and the lost interest for one year to the Settlement Class caused by the likely delay.

10.4   Each Party shall use its best efforts to cause this Agreement to be approved and consummated. Defendants, Settlement Class Counsel, and Class Representatives shall also promptly take such actions as may be reasonably required to obtain final approval by the Court of this Agreement, and to carry out the terms of this Agreement.

10.5   The Court shall retain its traditional equitable powers over the Class Lawsuit and *Born* as those powers pertain to this Agreement until the monies and funds in the Taylor Settlement Account are fully and finally distributed.

10.6   This Agreement, including its exhibits, constitutes the entire agreement among the Parties hereto related to the Class Lawsuit and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized in this Agreement. The exhibits to this Agreement are:

| | |
|---|---|
| **Exhibit A** | Plan of Allocation and Distribution |
| **Exhibit B** | Form of Preliminary Approval Order |
| **Exhibit C** | Form of Judgment |
| **Exhibit D-1** | Form of Notice of Settlement for Direct Mail |
| **Exhibit D-2** | Form of Notice of Settlement for Publication |
| **Exhibit E** | List of Class Wells |
| **Exhibit F** | List of Affiliates of Defendants |

10.7   To the extent there is a conflict between the provisions of this Agreement, the Preliminary Approval Order, the Judgment, and/or the Plan of Allocation and Distribution, each such document shall have controlling effect in the following rank order: (1) the Judgment, (2) the Preliminary Approval Order, (3) this Agreement, and (4) the Plan of Allocation and Distribution.

10.8   This Agreement may be executed in one or more counterparts, and may be exchanged by facsimile, pdf and/or other imaged signatures which shall be as effective as original signatures. All executed counterparts taken together shall be deemed to be one and the same instrument. Counsel for the Parties to this Agreement shall exchange among themselves signed counterparts and a complete, assembled executed counterpart shall be filed with the Court.

10.9   The Parties and their respective counsel have mutually contributed to the preparation of this Agreement. Accordingly, no provision of this Agreement shall be construed against any Party on the grounds that one of the Parties or its counsel drafted the provision. Except as otherwise provided herein, each Party shall bear its own attorneys' fees and other litigation expenses and costs.

*Execution Version*

10.10  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

10.11  Each of the undersigned represents that he or she is fully authorized to execute this Agreement on behalf of the Party for which he or she signs.

[Signature Pages Follow]

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement in several counterpart originals on the date set forth opposite their names.

CLASS REPRESENTATIVES:

_Kyle Alan Taylor_
KYLE ALAN TAYLOR

Date Signed: March 16, 2020

_____
TONY RAY WHISENANT

Date Signed: March ___, 2020

_____
STANLEY RAY BORN

Date Signed: March ___, 2020

_____
RONDA JEAN BORN

Date Signed: March ___, 2020

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement in several counterpart originals on the date set forth opposite their names.

CLASS REPRESENTATIVES:

_____
KYLE ALAN TAYLOR

Date Signed: March ___, 2020

_____
TONY RAY WHISENANT

Date Signed: March 12, 2020

_____
STANLEY RAY BORN

Date Signed: March ___, 2020

_____
RONDA JEAN BORN

Date Signed: March ___, 2020

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement in several counterpart originals on the date set forth opposite their names.

CLASS REPRESENTATIVES:

_____
KYLE ALAN TAYLOR

Date Signed: March ___, 2020

_____
TONY RAY WHISENANT

Date Signed: March ___, 2020

_____
STANLEY RAY BORN

Date Signed: March ___, 2020

_____
RONDA JEAN BORN

Date Signed: March ___, 2020

*Execution Version*

**APPROVED BY SETTLEMENT CLASS COUNSEL:**

Rex. A. Sharp OBA No. 011990
SHARP BARTON, L.L.P.
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 901-0419 fax
rex@sharpbarton.com

and

Michael E. Grant, OBA No. 11848
Grant Law Firm, P.L.L.C.
512 N.S. 12th Street
Oklahoma City, OK 73103
(405) 232-6357
(405) 232-6358 fax
de1471@coxinet.net

And

Allan DeVore, OBA No. 2328
Jandra Cox, OBA No. 16610
DeVore Law Firm, P.LC.
5709 NW 132nd St.
Oklahoma City, OK 73142
(405) 603-8585
dlf@DeVoreLawOK.com

And

Charles Rubio
Diamond McCarthy, LLP
295 Madison Avenue, 27th Floor
New York, NY 10017
(212) 430-5438
CRubio@diamondmccarthy.com

*Execution Version*

**DEFENDANTS:**

**Sheridan Production Company, LLC,**

By: _____

Cheryl S. Phillips, Vice President and General Counsel

Date Signed: March 20, 2020

**Sheridan Production Partners I-M, L.P.,**

By: _____

Cheryl S. Phillips, Vice President and General Counsel

Date Signed:  March 20, 2020

**Sheridan Production Partners I-A, L.P.,**

By: _____

Cheryl S. Phillips, Vice President and General Counsel

Date Signed:  March 20, 2020

**Sheridan Holding Company I, LLC,**

By: _____

Cheryl S. Phillips, Vice President and General Counsel

Date Signed:  March 20, 2020

*Execution Version*

**APPROVED BY DEFENDANTS' COUNSEL**

John J. Griffin, Jr., OBA No. 3643
L. Mark Walker, OBA No. 10508
Erin Potter Sullenger, OBA No. 31687
CROWE & DUNLEVY
A Professional Corporation
324 N. Robinson Ave.
Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
john.griffin@crowedunlevy.com
mark.walker@crowedunlevy.com
erinpotter.sullenger@crowedunlevy.com

*Execution Version*

## <u>Exhibit A</u>

**Plan of Allocation and Distribution**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § | Case No. 20-31884 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## PLAN OF ALLOCATION AND DISTRIBUTION

This Plan of Allocation and Distribution hereby instructs the Settlement Administrator on the manner and methodology in which the Net Settlement Amount[2] shall be allocated and distributed to the Settlement Class Members (the "Allocation Methodology").  The Net Settlement Amount will be allocated to each Class Well and then to each Settlement Class Member in each Class Well based on the factors and considerations set forth herein. The methodology set forth below is fair, reasonable, and adequate and in the best interest of the Settlement Class.

## I.    Allocation Methodology.

1.    Defendants have provided or will provide data on the volume of gas produced by each Class Well on an Mcf basis for the Released Period and the last available

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092).  The location of the Debtors' service address is:  1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

2    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

revenue transaction report for each Class Well in their possession as of the Petition Date. From this data, the Class's expert and Settlement Class Counsel have aggregated the production of gas on an Mcf basis from each Class Well for the entire Released Period and compared that volume to the total volume of gas produced on an Mcf basis from all Class Wells for the entire Released Period to arrive at a percentage of volume produced by each Class Well during the Released Period. The Class's expert has then applied this percentage to the preliminary estimated Net Settlement Amount of $2.8 million for allocation to each Class Well. The estimated Net Settlement Amount assumed $2.2 million of $5 million from the Settlement Proceeds will be used to pay court-approved Class Fees and Expenses; and $94,000 of the Settlement Proceeds will be used to pay court-approved Administration Expenses. *See* ¶ 11, *infra.*

2.    Utilizing this methodology, a proportionate share of the estimated Net Settlement Amount has been preliminarily allocated to each Class Well. Utilizing the last available revenue transaction report for each Class Well obtained from Defendants or, if necessary, relevant royalty owner information from successor third-party operators, the preliminarily allocated amount has been further allocated from the Class-Well-level to each royalty owner in each Class Well.

3.    Distribution of the Net Settlement Amount to Settlement Class Members will be made only to the last royalty owners, as ascertained from (a) the last available revenue transaction report for each Class Well provided by Defendants to Settlement Class Counsel, (b) relevant royalty owner information for Class Wells provided by successor third-party

operators to Settlement Class Counsel for uses contemplated in the Settlement, or (c) publicly available data for each Class Well.

4. The Final Plan of Allocation will be based on (a) the last available revenue transaction report for each Class Well provided by Defendants, (b) relevant royalty owner information for Class Wells provided by successor third-party operators for uses contemplated in the Settlement, or (c) publicly available data for each Class Well, subject to the Class Member's fair inquiry and correction for good cause shown.

5. Settlement Class Counsel may seek an order from the Court requiring current successor third-party operators in Class Wells not operated by Defendants to distribute such funds to the appropriate royalty owners in the Class Well.

6. If a Class Well was plugged or shut-in during the Released Period, then the amount allocated to that Class Well shall be paid to the last royalty owners as ascertained from the last available revenue transaction report for the Class Well provided by Defendants to Settlement Class Counsel. If a Class Well was sold during the Class Period, then the amount allocated to the Class Well shall be paid to the last known royalty owners as may be ascertained from relevant royalty owner information provided by successor third-party operators to Settlement Class Counsel, publicly available data, or otherwise upon fair inquiry.

7. In order to administer this Plan of Allocation and Distribution, Settlement Class Counsel and the Class's expert will use royalty owner records produced in the Class Lawsuit and *Born*, provided to implement this Settlement, and, where necessary and to the

extent available, computer databases and public information to identify volumes of gas produced by Defendants and current mailing addresses for the Settlement Class Members.

8.     The distribution described above is based upon the following assumptions: (a) that very few sales of royalty interests in Class Wells have occurred during the Released Period; (b) if sales did occur during the Released Period, the buyer was entitled to receive payment for all past claims covered by the Settlement; and (c) if royalty interests passed through inheritance, devise, intra-family or interfamily transfers, that it was the intent that the heir, devisee or transferee also receive payment for all past claims covered by the Settlement.

9.     To the extent these assumptions are incorrect or a payee is not the proper party to receive payment, such Settlement Class Member who receives payment shall in turn make the correct payment to the proper party or parties entitled thereto or return the funds to the Settlement Administrator.

## II.     Time for Determination of Opt-Outs and Allocation and Distribution of Settlement Proceeds.

10.     Within ten (10) business days after the Opt-Out Deadline, the Settlement Administrator shall determine whether members of the Settlement Class who have claims which, in the aggregate, exceed ten percent (10%) of the Settlement Proceeds, have elected to opt-out of the Settlement Class and will notify Settlement Class Counsel and Defendants' Counsel in writing regarding the results of that determination and simultaneously provide a list of the members of the Settlement Class who have opted out.

11.     At least ten (10) business days before the Settlement Fairness Hearing, the Settlement Class Counsel, with the assistance of the Class's expert and Settlement Administrator, shall prepare a draft Summary Final Distribution Report that assumes the Court will award $94,000.00 from the Settlement Proceeds in Administration Expenses and a combined forty-four percent (44%) of the remaining $5,000,000 in Settlement Proceeds as Class Fees and Expenses. As stated in the Notice of Settlement, Settlement Class Counsel has requested that the Court (i) award Settlement Class Counsel an attorney's fee of up to 40% of the Settlement Proceeds, which would be up to $2,000,000.00, (ii) award the Class Representatives a fee of up to 2% of the Settlement Proceeds, which would be up to $100,000.00, (iii) award Settlement Class Counsel their actually-incurred litigation expenses in an amount not to exceed $100,000.00, and (iv) authorize the payment of Administration Expenses to the extent they exceed $94,000.00, which Defendants have paid as part of the Settlement Proceeds.

12.     The draft Summary Final Distribution Report will set forth the amounts to be distributed from the estimated Net Settlement Amount to each Settlement Class Member. Class Counsel will seek approval of the Allocation Methodology used for the draft Summary Final Distribution Report at the Settlement Fairness Hearing. The same Allocation Methodology will be used for the Summary Final Distribution Report of the actual Net Settlement Amount to Settlement Class Members, which the Settlement Administrator will use to issue Distribution Checks after the Effective Date.

13.     Defendants have previously provided or will provide the information upon which the distribution calculations will be based and will further provide last known addresses and tax identification numbers of Settlement Class Members currently available in Defendants' electronic databases, all of which shall be treated as Confidential Information.

14.     With respect to Class Wells that Defendants no longer operate, Defendants understand that Settlement Class Counsel will seek authority from the Court to obtain relevant royalty owner information from successor third-party operators for uses contemplated in the Settlement.  Defendants agree to not interfere with Settlement Class Counsel's efforts to obtain such information.

15.     Neither Defendants nor Defendants' Counsel is responsible or liable for any aspect of the Allocation Methodology or the Plan of Allocation and Distribution implementing that methodology.

16.     Within ten (10) days of the Effective Date or entry of the order approving Class Fees and Expenses, whichever is later, the Settlement Administrator will have determined the names, addresses, and final amounts of Distribution Checks for each Settlement Class Member in accordance with this Plan of Allocation and Distribution, taking into account the actual amounts awarded as Class Fees and Expenses and subject to confirmation by Class Counsel.

17.     Within forty-five (45) days after the Effective Date, the Settlement Administrator shall issue and mail, or cause to be mailed, Distribution Checks to the

Settlement Class Members, enclosing a Form 1099, when applicable. If possible, without undue expense, the Distribution Checks shall include line entry detail on a well-by-well basis of the Class Member's distribution amount. With each payment, the Settlement Administrator must include the notice as specified in paragraph 1.7 of the Settlement Agreement.

18.     Where a Settlement Class Member's distribution amount is $5.00 or less, the Settlement Administrator will not issue or mail the Settlement Class Member's payment. Distribution of such small amounts would result in unnecessary Administration Expenses to the Settlement Class, exceeding the value of the Distribution Check. Instead these funds will be treated as Undistributed Proceeds under the Settlement Agreement.

19.     Upon the Effective Date, the Class Representatives and each Settlement Class Member shall, by operation of the Judgment, have, fully, finally and forever released, relinquished, and discharged all Released Parties from all Released Claims, and shall be forever barred and estopped from asserting any of the Released Claims against any of the Released Parties.

20.     The Settlement Class Counsel and Settlement Administrator will allocate the Monies Payable to Opt-Outs, which shall be the gross amount of the Settlement Proceeds allocable to the interest, which shall include the Class Fees and Expenses that would have been deducted therefrom had the putative member stayed in the Settlement Class, and the portion of the Net Settlement Amount allocated to the putative member of the Settlement Class for distribution had the putative member not opted out of the Settlement Class.

21.     Within three (3) business days of the Effective Date, the Settlement Administrator shall return the Monies Payable to Opt-Outs to the Debtors or the Reorganized Debtors, as applicable. The Settlement Administrator shall make such payment by wire transfer in accordance with written payment instructions that Debtors or the Reorganized Debtors provide.

22.     Within five (5) business days of either (i) the Effective Date, or (ii) entry of the order awarding Class Fees and Expenses, whichever is later, the Settlement Administrator shall pay Class Fees and Expenses from the Settlement Proceeds and as awarded by the Court. The Settlement Administrator shall make such payment by wire transfer in accordance with written payment instructions that Settlement Class Counsel provides.

23.     Defendants shall have no responsibility or liability for allocating the amount paid among the Class Representatives, Settlement Class Counsel, Settlement Administrator, Class' expert, expert witnesses, vendors, or other persons.

24.     In no event shall Defendants be required to pay Class Fees and Expenses out of their own funds, except as part of the Settlement Proceeds.

25.     On the Distribution Date and in accordance with written payment instructions that the Debtors or the Reorganized Debtors provide, the Settlement Administrator shall wire transfer to the Reorganized Debtors the portion of the Net Settlement Amount attributable to the Suspense Accounts for the benefit of the respective Settlement Class Members.

26.     Within ten (10) days of the mailing of the Distribution Checks, the Settlement Administrator shall provide to Settlement Class Counsel a check register in the form of an electronic spreadsheet, reflecting the actual distribution to each Settlement Class Member by owner number, name, address, and amount paid. Within thirty (30) days after the Settlement Administrator issues and mails the Distribution Checks, it shall file this check register with the Court under seal.

27.     Within one hundred twenty (120) days following the date reflected on the Distribution Checks, the Settlement Administrator shall file a reconciliation of the distribution of the Settlement Proceeds, including the amount of any Undistributed Proceeds to be distributed as part of the Final Undistributed Fund.

*Execution Version*

## **Exhibit B**

**Form of Preliminary Approval Order**


**INTENTIONALLY OMITTED**

*Execution Version*

## <u>Exhibit C</u>

**Form of Judgment**

**INTENTIONALLY OMITTED**

*Execution Version*

## <u>Exhibit D-1</u>

**Form of Notice of Settlement for Direct Mail**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § |
| | §   Chapter 11 |
| | § |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | §   Case No. 20-31884 (DRJ) |
| | § |
| Debtors. | §   (Joint Administration Requested) |
| | § |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

<div style="border:1px solid black">

**PLEASE READ THIS NOTICE CAREFULLY.  THIS NOTICE EXPLAINS IMPORTANT RIGHTS YOU MAY HAVE, INCLUDING THE POSSIBLE RELEASE OF CERTAIN CLAIMS.  IF YOU DO NOT OPT-OUT OF THE SETTLEMENT CLASS, YOUR LEGAL RIGHTS WILL BE AFFECTED.  IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT AGREEMENT, OR YOUR PARTICIPATION IN THE PROPOSED SETTLEMENT, PLEASE DO NOT CONTACT THE COURT, THE DEFENDANTS, OR THEIR COUNSEL.  ALL QUESTIONS SHOULD BE DIRECTED TO SETTLEMENT CLASS COUNSEL OR THE SETTLEMENT ADMINISTRATOR.  A HEARING TO DETERMINE THE FAIRNESS OF THE SETTLEMENT AGREEMENT AND TO FINALLY APPROVE THE SETTLEMENT AGREEMENT WILL BE HELD ON [•], 2020 AT [•], PREVAILING CENTRAL TIME, BEFORE THE HONORABLE DAVID R. JONES, AT 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**

</div>

**THIS IS AN OFFICIAL NOTICE SENT TO YOU UNDER COURT ORDER FROM THE HONORABLE DAVID R. JONES, CHIEF JUDGE OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, TO THE SETTLEMENT CLASS, DEFINED AS:**

> All royalty owners who received or who were entitled to receive royalty payments from Sheridan Production Company, LLC ("SPC") attributable to production from Oklahoma wells that are or have been operated (or marketed and directly paid to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092).  The location of the Debtors' service address is:  1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

royalty owners) by SPC and produced gas (such as residue gas, natural gas liquids, or helium) prior to March 23, 2020 (the "Petition Date").

Excluded from the Settlement Class are: (1) the Office of Natural Resources Revenue f/k/a the Mineral Management Service (Indian tribes and the United States); (2) Defendants and their employees, officers, and directors; and (3) any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, production, gathering, processing, or marketing.

More information can be found on the website established for communications about this settlement: **www.taylorsheridanfund1settlement.com**. The website includes a list of Class Wells that are affected by, and subject to, this Settlement as well as the entire Settlement Agreement with its exhibits (the "Settlement Agreement").[2]

The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") authorized this notice (this "Notice"). This is not a solicitation from a lawyer. The purpose of this Notice is to advise you that:

(a)     The Court has preliminarily approved the Settlement and has certified a Settlement Class for settlement purposes only as defined above.

(b)     The Class Representatives, Class Counsel, and Defendants have entered into a Settlement Agreement that shall become effective if a court order approving the Settlement becomes final and not subject to appeal. The Settlement Agreement provides that Defendants shall pay the Settlement Class $5,094,000.00 (the "Settlement Proceeds"), subject to the conditions and qualifications set forth in the Settlement Agreement, including the provisions decreasing such amount for the return to Defendants of any Monies Payable to Opt-Outs. The Settlement Proceeds is a gross amount before deduction of court approved Class Fees and Expenses and Administration Expenses.

(c)     The Court will conduct a hearing to determine whether to finally approve the Settlement, among other things (the "Settlement Fairness Hearing").

### **TO OBTAIN THE BENEFITS OF THIS PROPOSED SETTLEMENT, YOU DO NOT HAVE TO DO ANYTHING.**

## I.      SUMMARY OF THE CLASS ACTION LITIGATION

This Class Lawsuit was originally filed as two separate cases and consolidated into Case No. CIV-18-29, *Kyle Alan Taylor and Tony Ray Whisenant v. Sheridan Production Company, LLC et al*, on file in the United States District Court for the Western District of Oklahoma. In addition to the Class Lawsuit, an individual suit was filed in state court, *Born, et al. v. Sheridan Production*

---

2    Capitalized terms not defined herein shall have the meanings set forth in the Settlement Agreement.

*Company, L.L.C.,* No. CJ-2012-47, Caddo County, Oklahoma. Plaintiffs, on behalf of themselves and, as Class Representatives, on behalf of all similarly situated royalty owners, asserted in both the Class Lawsuit and *Born* that Defendants breached express terms and implied duties in the leases and breached their fiduciary duty by deducting costs incurred after the gathering line inlet from royalty. The Released Claims (as defined in ¶ 1.24 of the Settlement Agreement) include all claims that were or could have been asserted in the Class Lawsuit and *Born* relating to royalties on gas and gas constituents in connection with the Class Lawsuit and *Born*.

Defendants have adamantly denied, and continue to deny, the claims asserted in the Class Lawsuit and *Born* and have vigorously defended against them.

On the Petition Date, Defendants filed voluntary petitions under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  With the commencement of the Bankruptcy Proceeding, the Parties jointly moved for preliminary approval of the Settlement and approval of this Notice to be provided to potential members of the Settlement Class. If the Settlement is not approved or is terminated, the Parties shall be returned to the status quo that existed immediately prior to the date of execution of the Settlement Agreement. If the Court finally approves the Settlement, the Class Lawsuit and *Born* will be dismissed with prejudice.

By giving this Notice, the Court is not expressing any opinion regarding the merits of either the Class Representatives' claims or Defendants' defenses. Nothing contained in this Notice should be construed as suggesting the Court's view as to which side might prevail should this matter proceed to class certification and trial on the merits.

## II.   <u>CLASS CERTIFICATION</u>

The Court has entered the Preliminarily Approval Order. The Preliminary Approval Order is available at www.taylorsheridanfund1settlement.com or http://cases.primeclerk.com/SheridanI.

In the Order, for settlement purposes only, the Court approved the Settlement Class as described above and designated Kyle Alan Taylor, Tony Ray Whisenant, Stanley Ray Born and Ronda Jean Born as the Class Representatives of the Settlement Class and appointed the below named lawyers from four law firms as Settlement Class Counsel:

Rex. A. Sharp
Sharp Barton, LLP
5301 W. 75th Street
Prairie Village, KS 66208

Allan DeVore
Jandra Cox
DeVore Law Firm, PLC
5709 NW 132nd St.
Oklahoma City, OK 73142

Michael E. Grant
Grant Law Firm, PLLC
512 N.E. 12th Street
Oklahoma City, OK 73103

Charles Rubio
Diamond McCarthy, LLP
295 Madison Avenue, 27th Floor
New York, NY 10017

You may hire your own attorney if you wish; however, you will be responsible for your attorney's fees and expenses.

## III.     THE PROPOSED CLASS SETTLEMENT

Following extensive settlement negotiations, the Class Representatives, on behalf of themselves and the Settlement Class, Settlement Class Counsel, and the Defendants have agreed to enter into the Settlement Agreement and grant the mutual releases of the Released Claims contained therein.

The basic terms of the Settlement Agreement between the Settlement Class and the Defendants are as follows:

1. Defendants will pay the sum of $5,094,000.00 (subject to adjustments set forth in the Settlement Agreement) to the Settlement Class in full, complete, and final settlement of all Released Claims as to all Released Parties. Defendants shall not be liable to the Settlement Class, the Class Representatives, or Settlement Class Counsel for any other costs, expenses or fees.

2. The Released Parties include: (a) all Defendants, the Affiliates of Defendants, including those named on **Exhibit F** attached to the Settlement Agreement, and the Reorganized Debtors and shall also include the respective past, present and future Affiliates, employees, officers, directors, limited partners, general partners, shareholders, managers, members, attorneys, agents and/or other representatives of such entities; (b) the Settlement Class Members (including Class Representatives) and their attorneys; and (c) other working interest owners in Class Wells, who shall also constitute Released Parties, but only to the extent Defendants and/or the Affiliates of Defendants marketed gas or gas constituents and paid royalty on behalf of such other working interest owners prior to the Petition Date.

3. Defendants and the Class Representatives agree that the Settlement Proceeds, subject to adjustments for opt-outs and exclusions from the Settlement Class, shall be for the benefit of the Settlement Class, subject only to payment of court-approved Class Fees and Expenses and Administration Expenses.

4. Upon the Effective Date, all Settlement Class Members shall be deemed to have released all of the Released Parties, Settlement Class Counsel, and the Class Representatives from all claims arising from or in connection with the negotiation, execution, solicitation, administration, determination, calculation, or payment of benefits or the investment or distribution of the Settlement Proceeds.

5. The Released Claims (as defined in ¶ 1.24 of the Settlement Agreement) include, all claims, demands, actions, causes of action, allegations, compulsory or permissive counterclaims, credits, off-sets, defenses, rights, obligations, costs, fees, losses, and damages of any and every kind or nature, known or unknown, whether in law or equity, in tort or contract, or arising under any statute or regulations, that are associated with the marketing, movement, treatment, processing, sale, trade, calculation, reporting, allocation, payment, and similar acts/activities relating in

whole or in part to royalty on gas and its constituents produced from the Class Wells (including residue gas, natural gas liquids, fuel gas, casinghead gas, drip condensate, condensate, helium, nitrogen, and any other forms of hydrocarbon gas production or products therefrom) and on-lease and off-lease use of such gas during the Released Period.

The Released Claims specifically include, but are not limited to, those claims that arise from or in connection with acts or omissions of any of the Released Parties (including, but not limited to, all intentional or negligent misconduct), which were or could have been asserted, made, or described in the operative petition, complaint, or amended complaint, and the answers or counterclaims in the Class Lawsuit and in *Born*, or that could have been alleged as a compulsory or permissive counterclaim, credit, off-set or defense, and shall also include and release any alternative theories of recovery for the same claims, actions, or subject matter that could have been asserted in the Class Lawsuit and in *Born*, even if not asserted.

6.      Defendants have asserted and continue to assert many defenses to the Class Representatives' and Settlement Class' claims and contentions. Defendants expressly assert their defenses have merit and that they have no liability to the Settlement Class or the Class Representatives.

## IV.     DISTRIBUTION OF NET SETTLEMENT AMOUNT TO SETTLEMENT CLASS MEMBERS

Settlement Class Counsel has requested that the Court (i) award Settlement Class Counsel an attorney's fee in an amount to be determined by the Court but not to exceed forty percent (40%) of the Settlement Proceeds as is customary in Oklahoma royalty underpayment class actions; (ii) award the Class Representatives a fee in an amount to be determined by the Court but not to exceed two percent (2%) of the Settlement Proceeds; (iii) reimburse Class Counsel from the Settlement Proceeds for all litigation expenses paid by Settlement Class Counsel, including expert and consulting fees and other litigation expenses in amounts to be determined by the Court; and (iv) authorize payment of Administration Expenses. If the Court approves this request, such amounts will be deducted from the Settlement Proceeds before the Net Settlement Amount is calculated and Distribution Checks are mailed to the Settlement Class Members.

Defendants have provided or will be providing data on the volume of gas produced by each Class Well on an Mcf basis for the Released Period and the last available revenue transaction report for each Class Well in their possession as of the Petition Date. From this data, the Class's expert and Settlement Class Counsel will aggregate the production of gas on an Mcf basis from each Class Well for the entire Released Period and compare that volume to the total volume of gas produced on an Mcf basis from all Class Wells for the entire Released Period to arrive at a percentage of volume produced by each Class Well during the Released Period. The Class's expert will then apply this percentage to 56% of the Settlement Proceeds to arrive at a preliminary estimate of the Net Settlement Amount to be distributed to each Class Well. Using 56% of the Settlement Proceeds for the preliminary allocation assumes 44% of the Settlement Proceeds will be used to pay court-approved Class Fees and Expenses and Administration Expenses.

Utilizing this methodology, a proportionate share of the estimated Net Settlement Amount will be preliminarily allocated to each Class Well. Utilizing the last available revenue transaction report for each Class Well obtained from Defendants or, if necessary, relevant royalty owner information from successor third-party operators, the preliminarily allocated amount will be further allocated from the Class-Well-level to each royalty owner in each Class Well. A preliminary Summary Final Distribution Report will be posted on the website taylorsheridanfund1settlement.com when it is available to show you your allocated portion of the Net Settlement Amount. If a Settlement Class Member's distribution amount is less than $5.00, the Settlement Administrator will not issue or mail a Distribution Check to such Settlement Class Member. Instead the amount will be held as Undistributed Proceeds and distributed as part of the Final Undistributed Fund. Please check the website periodically for updated information.

If a Class Well was plugged or shut-in during the Released Period, then the amount allocated to that Class Well shall be paid to the last known royalty owners paid by Defendants in those wells. If a Class Well was sold during the Class Period, then the amount allocated to the Class Well shall be paid to the last known royalty owners as may be ascertained from relevant royalty owner information provided by successor third-party operators to Settlement Class Counsel, publicly available data, or otherwise upon fair inquiry.

The distribution described above is based upon the following assumptions: (a) that very few sales of royalty interests in Class Wells have occurred during the Released Period; (b) if sales did occur during the Released Period, the buyer was entitled to receive payment for all past claims covered by the Settlement; and (c) if royalty interests passed through inheritance, devise, intra-family or interfamily transfers, that it was the intent that the heir, devisee or transferee also receive payment for all past claims covered by the Settlement.  To the extent these assumptions are incorrect or a payee is not the proper party to receive payment, such Settlement Class Member who receives payment shall in turn make the correct payment to the proper party or parties entitled thereto or return the funds to the Settlement Administrator.

A draft of the Plan of Allocation and Distribution that details more fully the allocation process is attached as **Exhibit A** to the Settlement Agreement and remains subject to Court approval.

## V.    CLASS SETTLEMENT FAIRNESS HEARING

The Settlement Fairness Hearing will be held on [•], 2020 beginning at ___ __.m., in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Courtroom 400, 4th Floor, 515 Rusk St., Houston, Texas 77002

**A SETTLEMENT CLASS MEMBER WHO DOES NOT OPT-OUT DOES NOT NEED TO APPEAR AT THE SETTLEMENT FAIRNESS HEARING OR TAKE ANY OTHER ACTION TO PARTICIPATE IN THE SETTLEMENT.**

## VI.    WHAT ARE YOUR OPTIONS AS A SETTLEMENT CLASS MEMBER?

### A.    You Can Participate in the Class Settlement by Doing Nothing.

By taking no action, your interests will be represented by the Class Representatives and Settlement Class Counsel. As a Settlement Class Member, you will be bound by the outcome of the Settlement, if finally approved by the Court. The Class Representatives and Settlement Class Counsel believe that the Settlement is in the best interest of the Settlement Class, and, therefore, they intend to support the proposed Settlement at the Settlement Fairness Hearing.

**B.      You May Opt-Out of the Settlement Class.**

If you do not wish to be a member of the Settlement Class, then you may opt-out of the Settlement Class as set forth in ¶ 10.3 of the Settlement Agreement and summarized below. You must mail your opt-out to the Settlement Administrator at the address provided below:

> Taylor-Sheridan Fund 1 Settlement
> c/o JND Legal Administration
> PO Box 91231
> Seattle, WA 98111

**IN ORDER TO BE VALID, YOUR OPT-OUT MUST BE RECEIVED BY THE SETTLEMENT ADMINISTRATOR ON OR BEFORE 5:00 P.M. (CST) ON [•], 2020.**

Your opt-out must state the following:

(a)      I elect to opt-out of the Settlement Class. I understand it will be my responsibility to pursue any claims I may have, if I so desire, on my own and at my expense;

(b)      My Sheridan royalty identification owner number is #_____. I have owned a royalty interest in the following Class Wells: [identify each Class Well by Well/ property name as shown on your check stub]; and

(c)      Your notarized signature.

**C.      You May Remain a Member of the Settlement Class but Object to the Proposed Settlement.**

Under the Settlement Agreement, you have the right to remain a member of the Settlement Class but still object to the proposed Settlement and any of its terms, including the requests for Class Counsels' Fees and Expenses and Administration Fees and Expenses. To object to the Settlement, you must file with the Clerk of the Court for the United States Bankruptcy Court for the Southern District of Texas, Houston Division, 515 Rusk St., Houston, Texas 77002, on or before 5:00 p.m. CST on [•], 2020, a written objection containing the following information:

(a)      The caption of this action shown above on the first page of this Notice;

(b)      A reasonably detailed statement of each objection;

(c)      Your current address and telephone number;

(d)      Your owner identification number with Sheridan;

(e)      The name of each well in which you own a royalty interest as shown on your check

stub from Sheridan; and

(f)     Your signature.

If you fail to timely file such written statement or to provide the required information, the Court will treat your objection as not filed at all. Also, any appeal by a valid and timely objector must comply with the Settlement Agreement, which is available in its entirety at www.taylorsheridanfund1settlement.com or http://cases.primeclerk.com/SheridanI.

## VII.   CONDITIONS AND CONSEQUENCES OF NON-APPROVAL

If the Court does not approve the Settlement or if a Party exercises its right to void or terminate the Settlement, or if the Settlement fails to become effective for any reason, the Parties shall be returned to the status quo that existed immediately prior to the date of execution of the Settlement Agreement.

## VIII.   SCOPE OF NOTICE AND ADDITIONAL INFORMATION

> **This Notice of Settlement contains only a summary of the Class Lawsuit, *Born,* and the proposed Settlement Agreement. The pleadings and other papers filed in the Debtors' chapter 11 cases are available for review at http://cases.primeclerk.com/SheridanI or the Court's website at www.txs.uscourts.gov/bankruptcy.**
>
> **You also may obtain a copy of the Complaint and Settlement Agreement, as well as any status updates on this case, from the following website: www.taylorsheridanfund1settlement.com. You may also call the Settlement Administrator at 1-888-670-0458.**

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, THE DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE**

**INQUIRIES SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR.**

*Execution Version*

## <u>Exhibit D-2</u>

**Form of Notice of Settlement for Publication**

**If You Are or Were a Royalty Owner in an Oklahoma
Oil and Gas Well Operated by Sheridan Production Company, LLC,
You Could be a Part of a Proposed Class Action Settlement**

Go to www.taylorsheridanfund1settlement.com for more information, including the entire Settlement Agreement with its exhibits (the "Settlement Agreement"). Exhibit E to the Settlement Agreement contains a list of the Class Wells subject to the Settlement. All capitalized terms not defined herein have the same meaning as set forth in the Settlement Agreement.

The Settlement Class includes:

> All royalty owners who received or who were entitled to receive royalty payments from Sheridan Production Company, LLC, ("SPC") attributable to production from Oklahoma wells that are or have been operated (or marketed and directly paid to royalty owners) by SPC, and produced gas (such as residue gas, natural gas liquids, or helium) prior to March 23, 2020 (the "Petition Date").

> Excluded from the Settlement Class are: (1) the Office of Natural Resources Revenue f/k/a The Minerals Management Service (Indian Tribes and the United States) (2) Defendants and their employees, officers, and directors; and (3) any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, production, gathering, processing or marketing.

The litigation which is the subject of the Settlement seeks damages for Defendants' alleged improper payment of royalty. Defendants have adamantly denied, and continue to deny, all claims asserted in the litigation and have vigorously defended against them. Nothing contained in this notice should be construed as suggesting the Court's (as defined below) view as to which side might prevail should this matter proceed to class certification and trial on the merits.

On _____, the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") preliminarily approved the settlement in which Defendants have agreed to pay $5,094,000.00 (Five Million Ninety-Four Thousand Dollars) in cash (the "Settlement Proceeds"), subject to the conditions and qualifications set forth in the Settlement Agreement, including the provisions decreasing such amount for the return to Defendants of any Monies Payable to Opt-Outs.

The Settlement Proceeds is a gross amount before deduction of court approved Class Fees and Expenses (which includes Settlement Class Counsel's attorney fees and litigation expenses, the Class Representatives' contribution award, and payment of expert and consulting fees) and at least $94,000.00 in Administration Expenses. The remainder of the Settlement Proceeds (the "Net Settlement Amount") will be distributed to Settlement Class Members, returned to the Reorganized Debtors, or otherwise distributed per Court order, all as provided in the Settlement Agreement.

Complete information about the Settlement, including information on the distribution of the Net Settlement Amount, can be found in the Settlement Agreement. In exchange for the consideration being provided by the Defendants under the Settlement Agreement, Settlement Class Members will release Defendants and other Released Parties identified in the Settlement Agreement from all Released Claims as further described in the Settlement Agreement.

The attorneys and law firms who represent the Settlement Class as Settlement Class Counsel include: (a) Rex A. Sharp of Sharp Barton, LLP in Prairie Village, KS; (b) Allan Devore and Jandra Cox of Devore Law Firm PLLC in Oklahoma City, OK; (c) Michael E. Grant of Grant Law Firm PLLC in Oklahoma City, OK; and (d) Charles Rubio of Diamond McCarthy, LLP in New York, NY. You may hire your own attorney if you wish; however, you will be responsible for your attorney's fees and expenses.

### What Are My Legal Rights as a Settlement Class Member?

- **Do Nothing, Stay in the Settlement Class, and Receive Benefits of the Settlement:** If the Court approves the proposed Settlement, you will receive the benefits, if any, provided in the Settlement Agreement after the Effective Date.

- **Stay in the Settlement Class, but Object to All or Part of the Settlement:** You can file and serve a written objection to the Settlement and appear before the Court. Your written objection must contain the information described in the Notice of Settlement found at the website listed above and must be filed with the Court no later than _____. If you stay in the Settlement Class, you will be bound by any Judgment entered by the Court.

- **Opt-Out of the Settlement Class:** To exclude yourself from the Settlement Class you must submit a written opt-out to the Settlement Administrator at the following address: Taylor-Sheridan Fund 1 Settlement, c/o JND Legal Administration, PO Box 91231, Seattle, WA 98111. Your opt-out must contain the information described in the Notice of Settlement that can be found at the website listed above. You cannot opt-out yourself on the website, by telephone, or by e-mail.

**IN ORDER TO BE VALID, YOUR OPT-OUT MUST BE RECEIVED BY THE SETTLEMENT ADMINISTRATOR ON OR BEFORE 5:00 P.M. (CST) ON [•], 2020.**

The Court will hold a Settlement Fairness Hearing on _____ at _____, CDT in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Courtroom 400, 4th Floor, 515 Rusk Street, Houston, Texas, 77002.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will also consider the request for Class Fees and Expenses and Administration Expenses. Please note that the date of the Settlement Fairness Hearing is subject to change without further notice. If you plan to attend the hearing, you should check with the Court and www.taylorsheridanfund1settlement.com to confirm no change to the date and time of the Settlement Fairness Hearing has been made.

**This notice provides only a summary of the Settlement Agreement. For more detailed information regarding the rights and obligations of Settlement Class Members, read the Settlement Agreement and other documents posted on the website above, contact the Settlement Administrator through the "Contact Us" page on the website or at 1-888-670-0458.**

*Execution Version*

## <u>Exhibit E</u>

**List of Class Wells**

| PROPERTY ID | WELL/UNIT/TRACT NAME | COUNTY | LEGAL DESCRIPTION |
|---|---|---|---|
| 421002280 | BURLESON JM C 01 | GRADY | T5N, R7W, SEC 35, SENWNW |
| 421002298 | COLLINS LOW 07 | MURRAY | T1N, R7E, SEC 15, |
| 421002299 | COLLINS LOW 08 | MURRAY | T1N, R2E, SEC 15, |
| 421002300 | COLLINS LOW 09 | MURRAY | T1N, R2E, SEC 15, |
| 421002703 | DRAKE A 02 | MURRAY | T1N, R2E, SEC 22, |
| 421003154 | HUDDLESTON FRANK C 01 | GRADY | T5N, R7W, SEC 35, NWNE |
| 421003155 | HUDDLESTON FRANK C 02 | GRADY | T5N, R7W, SEC 35, NESWNE |
| 421003333 | JH LITTLE 01 | MCCLAIN | T5N, R3W, SEC 4, SESWNE |
| 421003546 | LEDBETTER 03 | MURRAY | T1N, R2E, SEC 22, |
| 421003549 | LSU 01 | MCCLAIN | T5N, R3W, SEC 4, N2SWSE |
| 421004518 | TEEL 01 | GRADY | T4N, R7W, SEC 3, NWNE |
| 421004519 | TEEL 02 | GRADY | T4N, R7W, SEC 3, W2SENE |
| 421004521 | TODD DOYLE A 01 | GRADY | T4N, R7W, SEC 3, SENWSE |
| 421004522 | TODD DOYLE A 02 | GRADY | T4N, R7W, SEC 3, W2SESE |
| 421004920 | WILLIAMS KENNETH A 01 | GRADY | T5N, R7W, SEC 26, SWSE |
| 421004921 | WILLIAMS KENNETH A 02 | GRADY | T5N, R7W, SEC 26, W2NESE |
| 421015889 | COLLINS LOW 12 | MURRAY | T1N, R2E, SEC 15, |
| 421018062 | MASTERSON B 01 | MCCLAIN | T6N, R3W, SEC 28, E2SESW |
| 421024580 | ABEL 01 26 | GRADY | T5N, R6W, SEC 26, W2NWNE |
| 421024581 | ABEL 02 26 | GRADY | T5N, R6W, SEC 26, SWNWNE |
| 421024582 | ABEL 03 26 | GRADY | T5N, R6W, SEC 26, SWNENW |
| 421024583 | ABEL 04 26 | GRADY | T5N, R6W, SEC 26, NWSENE |
| 421024584 | ABY 01 34 | GRADY | T5N, R5W, SEC 34, SWSWNW |
| 421024586 | ADAMS 02 26 | GARVIN | T3N, R3W, SEC 26, E2SWNW |

1

| | | | |
|---|---|---|---|
| 421024587 | ADAMS 03 26 | GARVIN | T3N, R3W, SEC 26, NWNWNW |
| 421024592 | ALBERT MJ 02 16 | BEAVER | T5N, R26E, SEC 16, NENENE |
| 421024594 | ALCORN A 01 05 | GARVIN | T3N, R3W, SEC 5, NESWNW |
| 421024595 | ALCORN A 02 05 | GARVIN | T3N, R3W, SEC 5, SESENW |
| 421024596 | ALEX A 01 07 | GRADY | T5N, R5W, SEC 7, SWSWSE |
| 421024599 | ALL GOOD STUFF 01 15 | HARPER | T26N, R25W, SEC 15, SWNESW |
| 421024602 | ALLEN D 01 15 | BEAVER | T4N, R24E, SEC 15, E2W2SE |
| 421024603 | ALLEN E 01 05 | GRADY | T5N, R5W, SEC 5, W2NESW |
| 421024604 | ALLEY 07 37 | ELLIS | T24N, R26W, SEC 24, NWNE |
| 421024605 | ALLIANCE A 01 13 | GRADY | T5N, R5W, SEC 13, N2NW |
| 421024610 | ANDERSON RAY UN 01 03 | BEAVER | T1N, R27E, SEC 3, NESWNE |
| 421024611 | ANDERSON RAY UN 02 03 | BEAVER | T1N, R27E, SEC 3, E2SE |
| 421024612 | ANDREWS 01A 26 | HARPER | T27N, R26W, SEC 26, SENWSE |
| 421024613 | ANDREWS 31 02 | HARPER | T29N, R25W, SEC 31, NW |
| 421024615 | ANNIE COLE 02 36 | GARVIN | T3N, R3W, SEC 36, SWNENE |
| 421024616 | ANNIE COLE 03 36 | GARVIN | T3N, R3W, SEC 36, S2SENE |
| 421024617 | ANNIE COLE 04 36 | GARVIN | T3N, R3W, SEC 36, NWSESE |
| 421024618 | ANNIE COLE 05 36 | GARVIN | T3N, R3W, SEC 36, E2SENE |
| 421024619 | ARNER T 19 | GARVIN | T3N, R3W, SEC 7, NESE |
| 421024620 | ASHLAND BULLARD 01 32 | GARVIN | T3N, R2W, SEC 32, NWSW |
| 421024621 | ASKINS A 01 02 | GRADY | T5N, R5W, SEC 2, SWNWNE |
| 421024623 | BAGGERLY 01 22 | BEAVER | T2N, R25E, SEC 22, NW |
| 421024624 | BAGGERLY 01 29 | BEAVER | T2N, R25E, SEC 29, SWNE |
| 421024625 | BAGGERLY A 01 32 | BEAVER | T3N, R25E, SEC 32, NWNWSE |
| 421024626 | BAGGERLY A 02 32 | BEAVER | T3N, R25E, SEC 32, W2NESW |
| 421024627 | BAGGERLY C 01 03 | BEAVER | T2N, R24E, SEC 3, NWSESE |
| 421024628 | BAGGERLY C 02 3A | BEAVER | T2N, R24E, SEC 3, NW |
| 421024630 | BALL B 01 20 | GRADY | T5N, R5W, SEC 20, E2SWSW |
| 421024631 | BALL JB 01 11 | GARVIN | T2N, R3W, SEC 11, NENE |
| 421024635 | BARBY 01 13 | HARPER | T27N, R26W, SEC 13, NESW |
| 421024636 | BARBY 01 15 | HARPER | T27N, R26W, SEC 15, NESW |
| 421024637 | BARBY 01 22 | HARPER | T27N, R26W, SEC 22, SENW |

2

| | | | |
|---|---|---|---|
| 421024638 | BARBY 01 23 | BEAVER | T4N, R28E, SEC 23, SW |
| 421024639 | BARBY 01 26 | HARPER | T27N, R26W, SEC 26, SWNE |
| 421024644 | BARBY 02 12 | HARPER | T26N, R26W, SEC 12, NWSE |
| 421024645 | BARBY 02 15 | HARPER | T27N, R26W, SEC 15, NE |
| 421024647 | BARBY 02X 22 | HARPER | T27N, R26W, SEC 22, NESWNE |
| 421024648 | BARBY 03 12 | HARPER | T26N, R26W, SEC 12, S2N2SW |
| 421024651 | BARBY B UN 01 11 | HARPER | T26N, R26W, SEC 11, NWSE |
| 421024652 | BARBY B UN 02 11 | HARPER | T26N, R26W, SEC 11, SWNWSE |
| 421024653 | BARBY B UN 03 11 | HARPER | T26N, R26W, SEC 11, S2S2NW |
| 421024654 | BARBY B UN 04 11 | HARPER | T26N, R26W, SEC 11, SW |
| 421024656 | BARBY C 01 28 | BEAVER | T4N, R28E, SEC 28, NE |
| 421024659 | BARBY FRY 02 19 | BEAVER | T5N, R26E, SEC 19, SENWNE |
| 421024660 | BARBY FRY UN 01 19 | BEAVER | T5N, R26E, SEC 19, NESW |
| 421024661 | BARBY L J A 03 | BEAVER | T4N, R25E, SEC 1, SESWNW |
| 421024662 | BARBY OTTO A 02 24 | BEAVER | T5N, R25E, SEC 24, SWNE |
| 421024666 | BARBY RANCH 04 33 | BEAVER | T4N, R28E, SEC 33, SW |
| 421024667 | BARBY RANCH 05 33 | BEAVER | T4N, R28E, SEC 33, SWNENW |
| 421024670 | BARBY UN 01 30 | BEAVER | T5N, R26E, SEC 30, NESW |
| 421024671 | BARKER 01 17 | HARPER | T26N, R25W, SEC 17, SWNWSE |
| 421024672 | BARKER 01 20 | HARPER | T26N, R25W, SEC 20, SWSWNE |
| 421024673 | BARKER 02 20 | HARPER | T26N, R25W, SEC 20, NWNW |
| 421024675 | BARKER 04 20 C | HARPER | T26N, R25W, SEC 20, |
| 421024676 | BARKER 04 20 M | HARPER | T26N, R25W, SEC 20, |
| 421024678 | BASS 02 12 | BEAVER | T2N, R24E, SEC 12, NW |
| 421024679 | BASS C 01 12 | BEAVER | T2N, R24E, SEC 12, NWSE |
| 421024780 | BASS D 02 14 | BEAVER | T3N, R24E, SEC 14, E2W2NE |
| 421024781 | BASS D 03 14 | BEAVER | T3N, R24E, SEC 14, N2NESE |
| 421024782 | BASS D 04 14 | BEAVER | T3N, R24E, SEC 14, SENWNW |
| 421024783 | BEACH A 01 24 | GARVIN | T4N, R4W, SEC 24, SWNESE |
| 421024784 | BEARD 02 08 | BEAVER | T5N, R22E, SEC 8, E2W2NW |
| 421024785 | BEARD 02 09 | BEAVER | T5N, R22E, SEC 9, W2E2SE |
| 421024786 | BEARD A 01 05 | BEAVER | T3N, R27E, SEC 5, NWSE |

3

| | | | |
|---|---|---|---|
| 421024787 | BEARD A 01 08 | BEAVER | T5N, R22E, SEC 8, SWNE |
| 421024788 | BEARD A 01 33 | BEAVER | T5N, R22E, SEC 33, NESW |
| 421024790 | BEARD A 07 05 | BEAVER | T3N, R27E, SEC 5, E2SE |
| 421024791 | BEARD B 01 09 | BEAVER | T5N, R22E, SEC 9, SESENW |
| 421024792 | BEAVER 01 01 | BEAVER | T4N, R23E, SEC 1, SENW |
| 421024793 | BEAVER 04 01 | BEAVER | T4N, R23E, SEC 1, NWSW |
| 421024795 | BEAVER 06 01 | BEAVER | T4N, R23E, SEC 1, N2NESW |
| 421024799 | BECKER A 01 10 | BEAVER | T5N, R22E, SEC 10, SESENW |
| 421024801 | BEDELL 03 20 | BEAVER | T3N, R28E, SEC 20, SWSENW |
| 421024802 | BELL C 01 13 | GARVIN | T4N, R4W, SEC 13, SWSE |
| 421024803 | BELL C 02 13 | GARVIN | T4N, R4W, SEC 13, N2SESE |
| 421024804 | BELL E 01 13 | GARVIN | T4N, R4W, SEC 13, SWSENE |
| 421024806 | BENJEGERDES 01 3D | BEAVER | T3N, R23E, SEC 3, SWNE |
| 421024815 | BENTLEY DORA GAS UN 02 15 | HARPER | T25N, R25W, SEC 15, N2SWSE |
| 421024816 | BENTLEY DORA GAS UN 03 15 | HARPER | T25N, R25W, SEC 15, SESWSW |
| 421024817 | BENTLEY DORA GAS UN 04 15 | HARPER | T25N, R25W, SEC 15, W2SENE |
| 421024819 | BERNARD NINE 01 14 | BEAVER | T2N, R28E, SEC 14, E2W2SW |
| 421024821 | BEVILL A 01 28 | GRADY | T5N, R5W, SEC 28, E2SWNW |
| 421024822 | BILLINGS 03 3A | HARPER | T27N, R26W, SEC 3, E2NE |
| 421024823 | BIRCH 01 29 | GRADY | T5N, R5W, SEC 29, SENENW |
| 421024825 | BLAKEMORE 01 11 | BEAVER | T4N, R21E, SEC 11, NE |
| 421024826 | BLAKEMORE 02 11 | BEAVER | T4N, R21E, SEC 11, SENWNW |
| 421024828 | BLANCHARD RIZLEY 01 15 | HARPER | T28N, R25W, SEC 15, SE |
| 421024829 | BLANCHARD RIZLEY 02 15 | HARPER | T28N, R25W, SEC 15, SW |
| 421024830 | BLANCHARD RIZLEY 03 15 | HARPER | T28N, R25W, SEC 15, NWSENW |
| 421024831 | BLOOMFIELD A 01 10 | GARVIN | T4N, R4W, SEC 10, E2SWSW |
| 421024833 | BLOOMFIELD A 02 10 | GARVIN | T4N, R4W, SEC 10, E2SWSW |
| 421024834 | BLOOMFIELD A 03 10 | GARVIN | T4N, R4W, SEC 10, S2SESW |
| 421024835 | BOATWRIGHT 01 23 | GRADY | T5N, R6W, SEC 23, SWNWNE |
| 421024837 | BOCKELMAN 01 28 | BEAVER | T3N, R28E, SEC 28, S2NWSW |
| 421024838 | BOCKELMAN 02 29 | BEAVER | T3N, R28E, SEC 29, SESE |
| 421024841 | BOCKELMAN HEIRS 01 32 | BEAVER | T3N, R28E, SEC 32, E2NE |

| | | | |
|---|---|---|---|
| 421024843 | BONHAM A UN 01C | HARPER | T26N, R25W, SEC 31, NENESW |
| 421024844 | BONHAM A UN 02 | HARPER | T26N, R25W, SEC 31, SENWSE |
| 421024845 | BONHAM A UN 03 | HARPER | T26N, R25W, SEC 31, NW |
| 421024846 | BONHAM A UN 04 | HARPER | T26N, R25W, SEC 31, S2NE |
| 421024847 | BONHAM A UN 05 | HARPER | T26N, R25W, SEC 31, S2NWSW |
| 421024848 | BONNER A 01 32 | GARVIN | T4N, R3W, SEC 32, NENW |
| 421024849 | BONNER A 02 32 | GARVIN | T4N, R3W, SEC 32, NESWNW |
| 421024850 | BONNER A 03 32 | GARVIN | T4N, R3W, SEC 32, NWNWNW |
| 421024851 | BONNER A 04 32 | GARVIN | T4N, R3W, SEC 32, N2SENW |
| 421024853 | BONNEY A 01 11 | GARVIN | T2N, R3W, SEC 11, N2SWNW |
| 421024854 | BONNEY WC 01 23 | GARVIN | T3N, R3W, SEC 23, NENE |
| 421024855 | BONNEY WC 02 23 | GARVIN | T3N, R3W, SEC 23, SWSENE |
| 421024856 | BONNIE 01 02 | HARPER | T27N, R25W, SEC 2, SWSE |
| 421024858 | BONNIE 02 2A | HARPER | T27N, R25W, SEC 2, SESENE |
| 421024859 | BOOTH L M UN 01 30 | HARPER | T28N, R24W, SEC 30, SWNESW |
| 421024861 | BOUSE J E 04 29 | HARPER | T26N, R25W, SEC 29, NENE |
| 421024862 | BOUSE J E 05 29 | HARPER | T26N, R25W, SEC 29, SESE |
| 421024863 | BOUSE J E UT 01 29 | HARPER | T26N, R25W, SEC 29, SWSE |
| 421024864 | BOUSE J E UT 03 29 | HARPER | T26N, R25W, SEC 29, E2W2NW |
| 421024866 | BOUSE VAUGHN UN 03 05 | HARPER | T25N, R25W, SEC 5, SWNWSE |
| 421024869 | BOYD AE 02 19 | HARPER | T26N, R24W, SEC 19, NW |
| 421024870 | BRADLEY A 01 07 | GARVIN | T2N, R2W, SEC 7, SWNESE |
| 421024871 | BRADLEY TOWNSITE A 01 27 | GRADY | T5N, R5W, SEC 27, NWNWSE |
| 421024872 | BRADLEY TOWNSITE A 02 27 | GRADY | T5N, R5W, SEC 27, SESESE |
| 421024873 | BRADSHAW 02 23 | GARVIN | T3N, R3W, SEC 23, E2NESW |
| 421024874 | BRADSHAW 03 23 | GARVIN | T3N, R3W, SEC 23, SWSESW |
| 421024875 | BRADSHAW A 01 26 | GARVIN | T3N, R3W, SEC 26, NENE |
| 421024876 | BRADSHAW A 02 26 | GARVIN | T3N, R3W, SEC 26, SWNE |
| 421024877 | BRADSHAW A 03 26 | GARVIN | T3N, R3W, SEC 26, NESENE |
| 421024878 | BRADSHAW A 04 26 | GARVIN | T3N, R3W, SEC 26, SWNWNE |
| 421024879 | BRADSHAW L R 01 23 | GARVIN | T3N, R3W, SEC 23, SESW |
| 421024984 | BRIDWELL 01 24 | GARVIN | T4N, R4W, SEC 24, SWSW |

| | | | |
|---|---|---|---|
| 421024986 | BRIDWELL A 01 28 | MCCLAIN | T5N, R3W, SEC 28, SWSW |
| 421024987 | BRIDWELL B 01 23 | GARVIN | T4N, R4W, SEC 23, S2NWSE |
| 421024988 | BRINKMAN A 01 11 | GARVIN | T2N, R3W, SEC 11, E2SWNE |
| 421024991 | BRISENDINE 01 31A | HARPER | T27N, R24W, SEC 31, NSESE |
| 421024993 | BRISTOW A 01 34 | GARVIN | T3N, R3W, SEC 34, NWSWNE |
| 421024999 | BROWN 01 22 | GARVIN | T2N, R3W, SEC 22, NESWNE |
| 421025002 | BROWN C 01 26 | GRADY | T5N, R5W, SEC 26, NESWSW |
| 421025003 | BROWN C 02 26 | GRADY | T5N, R5W, SEC 26, SENWSW |
| 421025004 | BROWN E 01 23 | GRADY | T5N, R5W, SEC 23, NWSW |
| 421025005 | BROWN F 01 27 | GRADY | T5N, R5W, SEC 27, E2NWNE |
| 421025006 | BROWN F 02 27 | GRADY | T5N, R5W, SEC 27, NESWNE |
| 421025007 | BROWN G 01 27 | GRADY | T5N, R5W, SEC 27, E2NWNW |
| 421025010 | BRYAN 02 25 | BEAVER | T2N, R20E, SEC 25, S2N2NW |
| 421025011 | BRYANT 01 28 | BEAVER | T3N, R28E, SEC 28, E2SE |
| 421025012 | BRYANT CARLISLE 01 27 | BEAVER | T3N, R28E, SEC 27, N2SESE |
| 421025013 | BRYANT CARLISLE 02 27 | BEAVER | T3N, R28E, SEC 27, W2NESW |
| 421025014 | BRYANT CARLISLE 03 27 | BEAVER | T3N, R28E, SEC 27, NW |
| 421025015 | BUCKHOLTZ MOLLIE 01 23 | GARVIN | T3N, R3W, SEC 23, E2SWNE |
| 421025016 | BUCKHOLTZ MOLLIE 02 23 | GARVIN | T3N, R3W, SEC 23, SWNWNE |
| 421025017 | BUIS BROTHERS A 01 08 | BEAVER | T5N, R26E, SEC 8, SWNE |
| 421025020 | BULLOCK A 01 19 | GARVIN | T4N, R3W, SEC 19, N2SESE |
| 421025021 | BULLOCK A 02 19 | GARVIN | T4N, R3W, SEC 19, NENWSE |
| 421025022 | BULLOCK A 03 19 | GARVIN | T4N, R3W, SEC 19, S2NESE |
| 421025023 | BULLWINKLE A 01 12 | GRADY | T4N, R5W, SEC 12, SWNENW |
| 421025024 | BULLWINKLE A 02 12 | GRADY | T4N, R5W, SEC 12, NESWNW |
| 421025025 | BUNCH A 01 19 | GARVIN | T4N, R3W, SEC 19, W2NESW |
| 421025026 | BURFORD 01 06 | GARVIN | T4N, R4W, SEC 6, W2NESE |
| 421025027 | BURFORD A 01 07 | GARVIN | T4N, R4W, SEC 7, SENWNW |
| 421025028 | BURFORD A 02 07 | GARVIN | T4N, R4W, SEC 7, W2SENW |
| 421025029 | BURFORD A 03 07 | GARVIN | T4N, R4W, SEC 7, NWSENW |
| 421025030 | BURKES 05 12 | GRADY | T4N, R5W, SEC 12, NESWNE |
| 421025031 | BURKES 06 12 | GRADY | T4N, R5W, SEC 12, NESWNE |

| | | | |
|---|---|---|---|
| 421025032 | BURLESON J M 03 35 | GRADY | T5N, R7W, SEC 35, SENWSW |
| 421025033 | BURLESON J M 04 35 | GRADY | T5N, R7W, SEC 35, SWSW |
| 421025034 | BURNS A 02 33 | MCCLAIN | T5N, R4W, SEC 33, NWSWSW |
| 421025035 | BURNS A 03 33 | MCCLAIN | T5N, R4W, SEC 33, SWNWSW |
| 421025036 | BURNS B 01 33 | MCCLAIN | T5N, R4W, SEC 33, NENENE |
| 421025037 | BURNS B 02 33 | MCCLAIN | T5N, R4W, SEC 33, SWSENE |
| 421025039 | BUTLER UN TR 01 14 | BEAVER | T4N, R28E, SEC 14, NWSE |
| 421025044 | CAMPBELL TRUST 01 06 | BEAVER | T2N, R24E, SEC 6, SESE |
| 421025045 | CAMPBELL TRUST 02 06 | BEAVER | T2N, R24E, SEC 6, SENE |
| 421025046 | CANADAY 01 21 | BEAVER | T5N, R25E, SEC 21, SWSWNE |
| 421025047 | CANADAY 02 21 | BEAVER | T5N, R25E, SEC 21, SE |
| 421025048 | CANADAY A 01 21 | BEAVER | T5N, R25E, SEC 21, SW |
| 421025049 | CARLISLE 01 32 | BEAVER | T2N, R28E, SEC 32, NWSWNE |
| 421025051 | CARLISLE 02 21 | BEAVER | T2N, R28E, SEC 21, NWNE |
| 421025052 | CARLISLE 03 14 | BEAVER | T3N, R28E, SEC 14, S2SW |
| 421025053 | CARLISLE 03 21 | BEAVER | T2N, R28E, SEC 21, SWSENW |
| 421025055 | CARLISLE HARRY 01 10 | BEAVER | T3N, R28E, SEC 10, NESW |
| 421025056 | CARLISLE HARRY 01 22 | BEAVER | T3N, R28E, SEC 22, NE |
| 421025057 | CARLISLE HARRY 01 25 | HARPER | T26N, R25W, SEC 25, SWNE |
| 421025060 | CARLISLE HARRY 12 10 | BEAVER | T3N, R28E, SEC 10, N2S2NE |
| 421025064 | CARROLL A 01 23 | GRADY | T5N, R5W, SEC 23, SWNWSE |
| 421025065 | CARROLL B 1A 23 | GRADY | T5N, R5W, SEC 23, NWSWSE |
| 421025066 | CARVER 01 31 | HARPER | T27N, R24W, SEC 31, NESW |
| 421025067 | CARVER 02 31 | HARPER | T27N, R24W, SEC 31, SENE |
| 421025068 | CARVER 03 31 | HARPER | T27N, R24W, SEC 31, S2NENW |
| 421025069 | CARVER 04 31 | HARPER | T27N, R24W, SEC 31, E2 |
| 421025070 | CARVER 05 31 | HARPER | T27N, R24W, SEC 31, SWNENW |
| 421025071 | CARVER 06 31 | HARPER | T27N, R24W, SEC 31, NWNESE |
| 421025072 | CARVER 07 31A | HARPER | T27N, R24W, SEC 31, W2NW |
| 421025073 | CARVER 08 31 | HARPER | T27N, R24W, SEC 31, NENE |
| 421025074 | CARVER 09 31 | HARPER | T27N, R24W, SEC 31, SESENW |
| 421025075 | CASH 01 30 | HARPER | T26N, R25W, SEC 30, SENWSE |

| | | | |
|---|---|---|---|
| 421025076 | CASON LEN 01 06 | GARVIN | T4N, R4W, SEC 6, SWNENE |
| 421025077 | CATER 01 04 | HARPER | T27N, R24W, SEC 4, NWSENW |
| 421025079 | CATESBY 5 03 17 | HARPER | T25N, R24W, SEC 17, |
| 421025180 | CATESBY 5 06 22 | HARPER | T25N, R24W, SEC 22, |
| 421025183 | CECIL 01 24 | GRADY | T5N, R6W, SEC 24, NESWSW |
| 421025184 | CECIL A 01 08 | GRADY | T5N, R5W, SEC 8, SESWNW |
| 421025186 | CELESTINE LAND CO 01 01 | BEAVER | T4N, R25E, SEC 1, |
| 421025189 | CHARLES BERENDS 01 08 | BEAVER | T5N, R28E, SEC 8, N2SENW |
| 421025198 | CLYBORN 01 16 | HARPER | T26N, R25W, SEC 16, SWNE |
| 421025199 | CLYBORN 02 16 | HARPER | T26N, R25W, SEC 16, W2SWNE |
| 421025200 | CLYBORN 03 16 | HARPER | T26N, R25W, SEC 16, N2SW |
| 421025204 | COLE MCGREW 02 28 | BEAVER | T4N, R24E, SEC 28, SWNE |
| 421025205 | COLE MCGREW 03 28 | BEAVER | T4N, R24E, SEC 28, NESWSE |
| 421025206 | COLE MCGREW 04 28 | BEAVER | T4N, R24E, SEC 28, S2SENE |
| 421025207 | COLLER A 01 24 | GARVIN | T4N, R4W, SEC 24, NESENW |
| 421025208 | CONNER A 01 03 | BEAVER | T2N, R25E, SEC 3, SENW |
| 421025209 | CONNER CV 02 33 | BEAVER | T3N, R25E, SEC 33, E2NW |
| 421025210 | CONNER CV 03 33 | BEAVER | T3N, R25E, SEC 33, W2NESE |
| 421025211 | CONNER CV 04 33 | BEAVER | T3N, R25E, SEC 33, SWNWSE |
| 421025213 | COOPER 01 18 | GRADY | T5N, R5W, SEC 18, SESWNW |
| 421025218 | CORNELL UNIVERSITY 02 31 | GARVIN | T3N, R2W, SEC 31, SESW |
| 421025219 | COSTELLO B 01 14 | GRADY | T5N, R5W, SEC 14, NESWSE |
| 421025220 | COSTELLO HEIRS 01 28 | MCCLAIN | T5N, R4W, SEC 28, S2NWSE |
| 421025223 | COX 01 12 | HARPER | T27N, R26W, SEC 12, NW |
| 421025224 | COX 01 21 | HARPER | T27N, R26W, SEC 21, SENENE |
| 421025228 | CRAWFORD A 01 20 | GARVIN | T3N, R3W, SEC 20, SENENW |
| 421025229 | CRAWFORD G B 01 27 | HARPER | T26N, R24W, SEC 27, SWSWNE |
| 421025230 | CRAWFORD G B 02 26 | HARPER | T26N, R24W, SEC 26, NWSE |
| 421025231 | CRAWFORD G B 02 27 | HARPER | T26N, R24W, SEC 27, W2NENE |
| 421025232 | CRAWFORD G B 03 26B | HARPER | T26N, R24W, SEC 26, SWSW |
| 421025233 | CRAWFORD G B 04 26B | HARPER | T26N, R24W, SEC 26, SWNE |
| 421025234 | CRIGLER 01 23 | HARPER | T27N, R25W, SEC 23, NESW |

8

| 421025236 | CRIGLER 01 32 | HARPER | T25N, R23W, SEC 32, SWSW |
| 421025237 | CRIGLER 02 23 | HARPER | T27N, R25W, SEC 23, NW |
| 421025242 | CROAN A 02 10 | GRADY | T4N, R5W, SEC 10, NWSESE |
| 421025247 | DANNETTELL 01 19 | HARPER | T27N, R24W, SEC 19, W2W2SE |
| 421025249 | DEBRA 01 26 | HARPER | T26N, R24W, SEC 26, NESENW |
| 421025251 | DESPAIN 01 19 | MCCLAIN | T5N, R4W, SEC 19, SENWSE |
| 421025252 | DESPAIN A 01 19 | MCCLAIN | T5N, R4W, SEC 19, SWSWSE |
| 421025253 | DESPAIN A 02 19 | MCCLAIN | T5N, R4W, SEC 19, SESESE |
| 421025254 | DESPAIN A 03 19 | MCCLAIN | T5N, R4W, SEC 19, NESE |
| 421025255 | DIAMOND 01 11 | BEAVER | T2N, R21E, SEC 11, SWSW |
| 421025256 | DIAN 01 28 | GRADY | T5N, R5W, SEC 28, NWSESE |
| 421025262 | DIXON MAY 02 29 | BEAVER | T5N, R26E, SEC 29, NENESW |
| 421025264 | DONNA MARIE 01 12 | BEAVER | T3N, R24E, SEC 12, E2NWNE |
| 421025265 | DONNELLAN W J UN 01 02 | HARPER | T25N, R26W, SEC 2, SWNE |
| 421025267 | DONNELLAN W J UN 03 02 | HARPER | T25N, R26W, SEC 2, SENWSE |
| 421025268 | DOREEN 01 12 | BEAVER | T3N, R24E, SEC 12, SW |
| 421025269 | DORMAN 01 01 | BEAVER | T4N, R21E, SEC 1, NE |
| 421025270 | DORMAN 02 01 | BEAVER | T4N, R21E, SEC 1, SE |
| 421025271 | DORMAN C 01 36 | BEAVER | T5N, R21E, SEC 36, NW |
| 421025273 | DOUGLAS 06 10 | BEAVER | T4N, R24E, SEC 10, NENWSW |
| 421025276 | DOWNING 02 11 | GRADY | T4N, R5W, SEC 11, NWSENE |
| 421025278 | DRAKE 03 26 | HARPER | T29N, R26W, SEC 26, NWNW |
| 421025280 | DUNAKIN A 01 35 | GARVIN | T3N, R3W, SEC 35, W2NESW |
| 421025381 | DUNAWAY 01 32 | HARPER | T27N, R25W, SEC 32, NWSE |
| 421025382 | DUNAWAY 02 32 | HARPER | T27N, R25W, SEC 32, SE |
| 421025383 | DUNAWAY 03 32 | HARPER | T27N, R25W, SEC 32, N2 |
| 421025384 | DUNAWAY WF 01 33 | HARPER | T27N, R25W, SEC 33, NWSE |
| 421025385 | DUNAWAY WF 02 33 | HARPER | T27N, R25W, SEC 33, N2N2SW |
| 421025386 | DUNE 01 02 | BEAVER | T4N, R23E, SEC 2, E2SWNE |
| 421025387 | DUNE 02 02 | BEAVER | T4N, R23E, SEC 2, SW |
| 421025390 | DUNN 02 22 | HARPER | T28N, R26W, SEC 22, E2E2NW |
| 421025391 | DUNN 03 22 | HARPER | T28N, R26W, SEC 22, NENESE |

| | | | |
|---|---|---|---|
| 421025392 | DUNNAWAY B 01 09 | HARPER | T26N, R25W, SEC 9, NWSE |
| 421025394 | DYER 01 29 | BEAVER | T6N, R27E, SEC 29, SWNWSE |
| 421025395 | EAGAN 01 03 | BEAVER | T5N, R23E, SEC 3, SESE |
| 421025400 | ELBERT EIS 01 06 | BEAVER | T2N, R24E, SEC 6, NWSE |
| 421025403 | ELLIOTT 01 24 | ELLIS | T24N, R24W, SEC 24, SESE |
| 421025404 | ELMORE B 01 23 | GARVIN | T3N, R3W, SEC 23, SWNW |
| 421025405 | ENGLER 01 11 | BEAVER | T4N, R28E, SEC 11, NWSE |
| 421025408 | EVA 01 34 | GRADY | T5N, R5W, SEC 34, W2NENE |
| 421025412 | EVANS 05 25 | HARPER | T26N, R26W, SEC 25, SW |
| 421025413 | EVANS K UN 02 25 | HARPER | T26N, R26W, SEC 25, NESENW |
| 421025414 | EVANS K UN 03 25 | HARPER | T26N, R26W, SEC 25, S2N2SE |
| 421025416 | EVERETT 01 23 | HARPER | T27N, R25W, SEC 23, NWNWNW |
| 421025417 | EVERETT 02 23 | HARPER | T27N, R25W, SEC 23, NWSENW |
| 421025418 | EWERT A 01 02 | GARVIN | T2N, R3W, SEC 2, SENENW |
| 421025419 | EWERT B 01 15 | GARVIN | T4N, R4W, SEC 15, SWNENW |
| 421025420 | EWERT B 02 15 | GARVIN | T4N, R4W, SEC 15, SWNW |
| 421025421 | EWERT B 03 15 | GARVIN | T4N, R4W, SEC 15, N2NWNW |
| 421025422 | EXLINE HAZEL 01 12 | BEAVER | T2N, R26E, SEC 12, SW |
| 421025423 | EXXON   PHILLIPS 02 31 | GARVIN | T3N, R2W, SEC 31, NESENW |
| 421025426 | FERGUSON 01 12 | BEAVER | T3N, R24E, SEC 12, W2E2NW |
| 421025428 | FERGUSON 03 01 | BEAVER | T3N, R24E, SEC 1, NWSENW |
| 421025429 | FERGUSON 04 01 | BEAVER | T3N, R24E, SEC 1, E2SESW |
| 421025430 | FERGUSON 05 01 | BEAVER | T3N, R24E, SEC 1, E2W2SW |
| 421025431 | FERGUSON D 01 18 | BEAVER | T3N, R25E, SEC 18, SWSWNE |
| 421025432 | FERGUSON D 03 18 | BEAVER | T3N, R25E, SEC 18, N2S2SE |
| 421025433 | FERGUSON E 01 07 | BEAVER | T3N, R25E, SEC 7, NWNWSE |
| 421025434 | FERGUSON F 01 01 | BEAVER | T3N, R24E, SEC 1, NWSE |
| 421025435 | FERGUSON F 02 01 | BEAVER | T3N, R24E, SEC 1, SW |
| 421025436 | FERGUSON GI 01 03 | GARVIN | T1N, R3W, SEC 3, SWSE |
| 421025437 | FICKEL B 01 17 | BEAVER | T3N, R25E, SEC 17, NENESW |
| 421025438 | FICKEL B 02 17 | BEAVER | T3N, R25E, SEC 17, NESWSW |
| 421025439 | FICKEL B 03 17 | BEAVER | T3N, R25E, SEC 17, N2S2SE |

| | | | |
|---|---|---|---|
| 421025440 | FICKEL B 04 17 | BEAVER | T3N, R25E, SEC 17, S2NE |
| 421025441 | FICKEL C 01 12 | BEAVER | T3N, R24E, SEC 12, NWSE |
| 421025442 | FICKEL C 02 12 | BEAVER | T3N, R24E, SEC 12, NWSE |
| 421025443 | FICKEL D 01 02 | BEAVER | T3N, R24E, SEC 2, SWNWSE |
| 421025444 | FICKEL D 03 02 | BEAVER | T3N, R24E, SEC 2, SENWNE |
| 421025445 | FICKEL D 04 02 | BEAVER | T3N, R24E, SEC 2, W2E2E2 |
| 421025446 | FICKEL D 05 02 | BEAVER | T3N, R24E, SEC 2, E2E2 |
| 421025447 | FICKEL D 06 02 | BEAVER | T3N, R24E, SEC 2, NWSENW |
| 421025448 | FLOYD 01 34 | GARVIN | T3N, R3W, SEC 34, SWNESE |
| 421025451 | FOSTER E 01 07 | GRADY | T5N, R5W, SEC 7, E2SWSW |
| 421025452 | FOX FRANK UN 01 18 | BEAVER | T1N, R28E, SEC 18, SWNE |
| 421025454 | FREDA 01 11 | GRADY | T4N, R5W, SEC 11, SENWNE |
| 421025455 | FREEMAN 04 11 | HARPER | T27N, R25W, SEC 11, NENE |
| 421025456 | FREEMAN GE 01 11 | HARPER | T27N, R25W, SEC 11, SENW |
| 421025457 | FREEMAN GE 02 11 | HARPER | T27N, R25W, SEC 11, SE |
| 421025458 | FREEMAN GE 03 11A | HARPER | T27N, R25W, SEC 11, W2SESW |
| 421025459 | FREENY 01 02 | GRADY | T5N, R6W, SEC 2, NENWSE |
| 421025463 | GAGE 01 15 | GRADY | T5N, R6W, SEC 15, NWSESE |
| 421025465 | GAGE 02 15 | GRADY | T5N, R6W, SEC 15, SWNESE |
| 421025466 | GAMBLE A 02 26 | GARVIN | T4N, R4W, SEC 26, SWNWSW |
| 421025467 | GAMBLE A 03 26 | GARVIN | T4N, R4W, SEC 26, S2NESW |
| 421025469 | GARDENHIRE A 02 36 | GARVIN | T3N, R3W, SEC 36, NENWNW |
| 421025470 | GARDENHIRE B 01 36 | GARVIN | T3N, R3W, SEC 36, NWNENW |
| 421025476 | GIBSON LAWRENCE E 01 21 | HARPER | T26N, R24W, SEC 21, SWNE |
| 421025477 | GIBSON LAWRENCE E 03 21 | HARPER | T26N, R24W, SEC 21, NW |
| 421025478 | GIRK B 01 35 | BEAVER | T6N, R24E, SEC 35, NESE |
| 421025581 | GIRK B 06 35 | BEAVER | T6N, R24E, SEC 35, SWNWSE |
| 421025582 | GIRK B 07 35 | BEAVER | T6N, R24E, SEC 35, SESE |
| 421025583 | GIRK B 08 35 | BEAVER | T6N, R24E, SEC 35, SWNENE |
| 421025584 | GIRK C 01 35 | BEAVER | T6N, R24E, SEC 35, NWNESW |
| 421025586 | GLORIA 01 23 | GRADY | T5N, R6W, SEC 23, SWNWNE |
| 421025587 | GLORIA 02 23 | GRADY | T5N, R6W, SEC 23, SWSENE |

11

| | | | |
|---|---|---|---|
| 421025588 | GLOVER A 01 14 | GARVIN | T2N, R3W, SEC 14, NENENE |
| 421025591 | GONSER 03 24 | HARPER | T26N, R24W, SEC 24, SE |
| 421025592 | GONSER 03 27 | HARPER | T28N, R24W, SEC 27, S2N2NE |
| 421025593 | GONSER 04 24 | HARPER | T26N, R24W, SEC 24, NE |
| 421025595 | GONSER 05 24 | HARPER | T26N, R24W, SEC 24, NWNW |
| 421025596 | GONSER 06 24 | HARPER | T26N, R24W, SEC 24, NENWSW |
| 421025597 | GONSER E G 01 27 | HARPER | T28N, R24W, SEC 27, SWNE |
| 421025598 | GONSER E G UN 01 24 | HARPER | T26N, R24W, SEC 24, SWNW |
| 421025599 | GONSER E G UN 02 24 | HARPER | T26N, R24W, SEC 24, SW |
| 421025604 | GORDON A 01 04 | GRADY | T5N, R5W, SEC 4, N2SWNW |
| 421025608 | GRACE A 01 10 | GARVIN | T3N, R3W, SEC 10, S2NESW |
| 421025609 | GRACE A 02 10 | GARVIN | T3N, R3W, SEC 10, S2SESW |
| 421025610 | GRAHAM CATHERINE 01 36 | GARVIN | T4N, R3W, SEC 36, NESWNE |
| 421025611 | GRAHAM UN 01 36 | GARVIN | T4N, R3W, SEC 36, NESENW |
| 421025616 | GREGG 02 22 | BEAVER | T4N, R23E, SEC 22, N2SENW |
| 421025617 | GREGG B 01 22 | BEAVER | T4N, R23E, SEC 22, NWSE |
| 421025618 | GREGORY 01 29 | BEAVER | T3N, R24E, SEC 29, SW |
| 421025621 | GROVE A 01 06 | BEAVER | T2N, R24E, SEC 6, W2NW |
| 421025622 | GUNGOLL 01 28 | GRADY | T5N, R5W, SEC 28, N2SWSE |
| 421025623 | HAGEMAN BARBY 01 28 | BEAVER | T4N, R25E, SEC 28, NWSE |
| 421025628 | HAMLIN CHARLOTTE 01 14 | HARPER | T27N, R24W, SEC 14, NWSENW |
| 421025630 | HAMMER JACK 01 31 | GARVIN | T3N, R2W, SEC 31, SWSWNW |
| 421025631 | HAMMER JACK 02 31 | GARVIN | T3N, R2W, SEC 31, NWNW |
| 421025632 | HAMPTON A 01 28 | GRADY | T5N, R5W, SEC 28, SWSW |
| 421025633 | HAMPTON A 02 28 | GRADY | T5N, R5W, SEC 28, NESW |
| 421025634 | HAMPTON A 03 | GRADY | T5N, R5W, SEC 28, NWSESW |
| 421025635 | HAMPTON A 04 28 | GRADY | T5N, R5W, SEC 28, N2NWSW |
| 421025640 | HARRIS 04 25 | GRADY | T5N, R6W, SEC 25, SWSWNE |
| 421025641 | HARRIS A 01 35 | GARVIN | T3N, R3W, SEC 35, NWSWNW |
| 421025642 | HARRIS ROY 01 25 | GRADY | T5N, R6W, SEC 25, NWNE |
| 421025643 | HARRIS ROY 02 36 | GRADY | T5N, R6W, SEC 36, NENE |
| 421025644 | HARRISON 01 19 | ELLIS | T24N, R23W, SEC 19, NWNWSE |

| 421025645 | HARRISON 01 20 | ELLIS | T24N, R23W, SEC 20, NWNW |
| 421025646 | HARRISON 02 19 | ELLIS | T24N, R23W, SEC 19, S2NESE |
| 421025648 | HARRISON C 01 30 | MCCLAIN | T5N, R3W, SEC 30, E2SWSE |
| 421025649 | HARRISON C 01 30 | MCCLAIN | T5N, R3W, SEC 30, E2SWSE |
| 421025650 | HARRISON D 01 30 | MCCLAIN | T5N, R3W, SEC 30, NENESW |
| 421025653 | HAUTH 01 21 | BEAVER | T3N, R26E, SEC 21, N2 |
| 421025655 | HEADLEE 01 08 | HARPER | T27N, R24W, SEC 8, NE |
| 421025656 | HEADLEE 02 08 | HARPER | T27N, R24W, SEC 8, SE |
| 421025657 | HEADLEE 03 08 | HARPER | T27N, R24W, SEC 8, NW |
| 421025658 | HEADLEE H H UN 01 34 | HARPER | T25N, R24W, SEC 34, SESWNE |
| 421025663 | HEFNER A 01 06 | GARVIN | T2N, R2W, SEC 6, SWNE |
| 421025664 | HEINTZ 01 15 | BEAVER | T6N, R21E, SEC 15, SESW |
| 421025666 | HEIPLE A 01 35 | GRADY | T6N, R6W, SEC 35, N2S2NE |
| 421025668 | HEITSCHMIDT 01 14 | BEAVER | T6N, R21E, SEC 14, NESWNW |
| 421025669 | HELEN 01 26 | GRADY | T5N, R5W, SEC 26, SWNESW |
| 421025671 | HELFENBEIN HENRY 01 29 | BEAVER | T1N, R25E, SEC 29, NWSE |
| 421025673 | HENDERSON A 01 31 | GARVIN | T3N, R2W, SEC 31, W2NESE |
| 421025675 | HENNIGH BESSIE 01 02 | BEAVER | T2N, R26E, SEC 2, E2SE |
| 421025676 | HERMAN 01 02 | HARPER | T27N, R25W, SEC 2, E2SE |
| 421025782 | HESTER 05 24 | BEAVER | T3N, R26E, SEC 24, SENWSW |
| 421025784 | HICKMAN LEO 01 28 | HARPER | T26N, R25W, SEC 28, SENW |
| 421025785 | HIERONYMOUS AQUILA 01 22 | HARPER | T28N, R24W, SEC 22, N2NWSE |
| 421025786 | HIERONYMOUS F 02 28 | HARPER | T27N, R24W, SEC 28, SWSW |
| 421025789 | HILL E 02 25 | GARVIN | T3N, R3W, SEC 25, NWSWSW |
| 421025790 | HILL E 03 25 | GARVIN | T3N, R3W, SEC 25, NWNWSW |
| 421025791 | HILL H K 03 19 | HARPER | T25N, R25W, SEC 6, NWNW |
| 421025792 | HININGER HERBERT 02 09 | ELLIS | T24N, R24W, SEC 9, SENENW |
| 421025793 | HININGER HERBERT UN 01 09 | ELLIS | T24N, R24W, SEC 9, NENESW |
| 421025794 | HINKLE A 01 11 | GARVIN | T2N, R3W, SEC 11, W2NENW |
| 421025795 | HINKLE DELILAH 01 02 | GARVIN | T2N, R3W, SEC 2, N2SWNE |
| 421025796 | HOBART 01 08 | BEAVER | T2N, R25E, SEC 8, N2SWSE |
| 421025797 | HOBART 02 08 | BEAVER | T2N, R25E, SEC 8, N2SWSW |

| | | | |
|---|---|---|---|
| 421025800 | HODGES 08 01 | BEAVER | T5N, R24E, SEC 1, SENW |
| 421025801 | HODGES 09 01 | BEAVER | T5N, R24E, SEC 1, NWNENE |
| 421025805 | HODGES A 02 02 | BEAVER | T5N, R24E, SEC 2, SE |
| 421025806 | HODGES A 03 02 | BEAVER | T5N, R24E, SEC 2, NWSENW |
| 421025807 | HODGES A 04 02 | BEAVER | T5N, R24E, SEC 2, N2SW |
| 421025808 | HODGES B 02 28 | BEAVER | T5N, R24E, SEC 28, NE |
| 421025809 | HODGES B 04 28 | BEAVER | T5N, R24E, SEC 28, E2E2NW |
| 421025810 | HODGES C 01 29 | BEAVER | T5N, R24E, SEC 29, SWNE |
| 421025811 | HODGES C 02 29 | BEAVER | T5N, R24E, SEC 29, N2N2SE |
| 421025812 | HODGES C 03 29 | BEAVER | T5N, R24E, SEC 29, SWSE |
| 421025813 | HODGES C 04 29 | BEAVER | T5N, R24E, SEC 29, N2SWNW |
| 421025814 | HODGES C 05 29 | BEAVER | T5N, R24E, SEC 29, N2SWNW |
| 421025815 | HODGES C 06 29 | BEAVER | T5N, R24E, SEC 29, SWNENE |
| 421025817 | HODGES JC UN 01 21 | BEAVER | T5N, R24E, SEC 21, NESW |
| 421025818 | HODGES JC UN 02 21 | BEAVER | T5N, R24E, SEC 21, NW |
| 421025819 | HOLDER A 01 31 | GRADY | T5N, R5W, SEC 31, NWSENW |
| 421025820 | HOLDER A 02 31 | GRADY | T5N, R5W, SEC 31, SWNWNW |
| 421025829 | HUBBARD 01 04 | GRADY | T5N, R5W, SEC 4, NESW |
| 421025830 | HUBBARD A 02 04 | GRADY | T5N, R5W, SEC 4, N2SWSW |
| 421025833 | HURST TRUST 01 04 | ELLIS | T23N, R25W, SEC 4, NE |
| 421025834 | HURST TRUST 02 04 | ELLIS | T23N, R25W, SEC 4, S2N2SE |
| 421025835 | HURST TRUST 03 04 | ELLIS | T23N, R25W, SEC 4, E2NW |
| 421025838 | IRENE 01 18 | BEAVER | T4N, R24E, SEC 18, SWSWSE |
| 421025839 | ISABEL WALTERS UN 02 | GARVIN | T4N, R3W, SEC 36, SWNWSE |
| 421025840 | IVA 01 24 | BEAVER | T3N, R24E, SEC 24, W2E2NW |
| 421025841 | IVEY A 01 27 | GARVIN | T3N, R3W, SEC 27, NENESW |
| 421025842 | JACK 01 23 | GRADY | T5N, R6W, SEC 23, NWSESW |
| 421025849 | JANOVY A 01 33 | GARVIN | T3N, R3W, SEC 33, SWSWNE |
| 421025850 | JANOVY B 01 33 | GARVIN | T3N, R3W, SEC 33, SWNENE |
| 421025853 | JARRELL A 01 05 | GARVIN | T4N, R4W, SEC 5, NWSESW |
| 421025854 | JARRELL A 02 05 | GARVIN | T4N, R4W, SEC 5, S2NWSW |
| 421025855 | JARRELL A 03 05 | GARVIN | T4N, R4W, SEC 5, SWSWSW |

| | | | |
|---|---|---|---|
| 421025856 | JARRELL A 04 05 | GARVIN | T4N, R4W, SEC 5, W2NESW |
| 421025858 | JEAN ALICE 01 15 | HARPER | T27N, R25W, SEC 15, SWSWSE |
| 421025859 | JENNINGS 01 14 | BEAVER | T2N, R28E, SEC 14, SE |
| 421025860 | JENNINGS 02 14 | BEAVER | T2N, R28E, SEC 14, N2N2SE |
| 421025870 | JOE 01 30 | GRADY | T5N, R5W, SEC 30, SESWNW |
| 421025874 | JOHNSON AG 01 32 | HARPER | T26N, R25W, SEC 32, NWNWSE |
| 421025876 | JOHNSON AG 03 32 | HARPER | T26N, R25W, SEC 32, N2S2NE |
| 421025877 | JOHNSON AG 04 32 | HARPER | T26N, R25W, SEC 32, NWNW |
| 421025878 | JOHNSON I 01 36 | GARVIN | T4N, R4W, SEC 36, W2NWNE |
| 421025981 | JONES 01 26 | ELLIS | T23N, R26W, SEC 26, NWNWSE |
| 421025983 | JONES JD 01 24 | HARPER | T26N, R24W, SEC 24, W2E2SW |
| 421025986 | JUANITA 01 31 | GARVIN | T3N, R2W, SEC 31, SWSW |
| 421025987 | JUANITA 02 31 | GARVIN | T3N, R2W, SEC 31, W2NWSW |
| 421025988 | JUDY 01 01A | BEAVER | T5N, R24E, SEC 1, NESW |
| 421025989 | JUDY B UN 01 05 | BEAVER | T5N, R25E, SEC 5, NESW |
| 421025991 | KAMAS 03 11 | BEAVER | T5N, R25E, SEC 11, SE |
| 421025992 | KAMAS SG 01 11A | BEAVER | T5N, R25E, SEC 11, NESW |
| 421025993 | KAMAS SG 02 11A | BEAVER | T5N, R25E, SEC 11, E2W2NE |
| 421025994 | KAMP 01 28 | BEAVER | T2N, R28E, SEC 28, N2NW |
| 421025996 | KAMP 02 28 | BEAVER | T2N, R28E, SEC 28, N2NWSW |
| 421025997 | KAMP 03 28 | BEAVER | T2N, R28E, SEC 28, SW |
| 421025998 | KAMP A 01 09 | BEAVER | T2N, R28E, SEC 9, SESE |
| 421026000 | KASPER WOLF 01 20 | BEAVER | T5N, R28E, SEC 20, NE |
| 421026003 | KB 01 23 | GRADY | T5N, R6W, SEC 23, SWSENW |
| 421026008 | KENDRA 01 33 | GRADY | T5N, R5W, SEC 33, SWNENE |
| 421026009 | KENNECK OSCAR B 01 17 | BEAVER | T3N, R24E, SEC 17, NWSE |
| 421026010 | KENNECK OSCAR B 02 17 | BEAVER | T3N, R24E, SEC 17, SWNW |
| 421026011 | KENNEDY B 01 08 | GARVIN | T2N, R2W, SEC 8, SWNE |
| 421026012 | KENNEDY C 01 08 | GARVIN | T2N, R2W, SEC 8, NENE |
| 421026013 | KENNEDY D 01 08 | GARVIN | T2N, R2W, SEC 8, NESE |
| 421026016 | KIRKHART 01 34 | HARPER | T28N, R26W, SEC 34, N2SWNE |
| 421026017 | KLINGER 02 12 | HARPER | T25N, R26W, SEC 12, NW |

15

| | | | |
|---|---|---|---|
| 421026023 | LACK A 01 02 | GRADY | T4N, R5W, SEC 2, E2NE |
| 421026024 | LACK A 02 02 | GRADY | T4N, R5W, SEC 2, SWNENE |
| 421026028 | LACY A 01 32 | MCCLAIN | T5N, R3W, SEC 32, SW |
| 421026029 | LACY A 01 32 | MCCLAIN | T5N, R3W, SEC 32, SW |
| 421026030 | LACY A 02 32 | MCCLAIN | T5N, R3W, SEC 32, SENWSW |
| 421026031 | LACY B 01 32 | MCCLAIN | T5N, R3W, SEC 32, SWSW |
| 421026032 | LACY B 02 32 | MCCLAIN | T5N, R3W, SEC 32, N2SESW |
| 421026034 | LAKE CJ 03 35 | HARPER | T27N, R25W, SEC 35, E2W2NE |
| 421026035 | LAKE CJ 04 35 | HARPER | T27N, R25W, SEC 35, N2S2NW |
| 421026036 | LAKE CJ 05 35 | HARPER | T27N, R25W, SEC 35, SE |
| 421026037 | LAKE WALTER 01 08 | HARPER | T25N, R25W, SEC 8, SWSW |
| 421026042 | LAMUNYON CH 01 17 | HARPER | T26N, R25W, SEC 17, SWNE |
| 421026043 | LAMUNYON UN 02 17 | HARPER | T26N, R25W, SEC 17, SWNE |
| 421026044 | LANCE A 01 33 | GRADY | T5N, R5W, SEC 33, N2SENW |
| 421026045 | LANCE A 02 33 | GRADY | T5N, R5W, SEC 33, S2NWNW |
| 421026046 | LANCE A 03 33 | GRADY | T5N, R5W, SEC 33, NENW |
| 421026047 | LANCE A 04 33 | GRADY | T5N, R5W, SEC 33, NESWNW |
| 421026049 | LANE D 05 | GARVIN | T4N, R4W, SEC 28, SENENE |
| 421026050 | LARISON KEELY FAITH 01 25 | GRADY | T5N, R6W, SEC 25, NWSWNE |
| 421026053 | LAVERTY 01 19 | BEAVER | T4N, R28E, SEC 19, SWSWNE |
| 421026054 | LAVERTY 02 19 | BEAVER | T4N, R28E, SEC 19, NE |
| 421026056 | LAWSON 01 19 | GRADY | T5N, R5W, SEC 19, S2S2NE |
| 421026059 | LAYTON STATE 02 36 | GARVIN | T3N, R3W, SEC 36, E2NWSE |
| 421026061 | LEE A 01 32 | MCCLAIN | T5N, R3W, SEC 32, W2NWSW |
| 421026064 | LENZ A 01 23 | HARPER | T26N, R26W, SEC 23, SW |
| 421026065 | LENZ RJ 01 23 | HARPER | T26N, R26W, SEC 23, SWNE |
| 421026066 | LENZ RUTH J 01 07 | HARPER | T26N, R25W, SEC 7, NWSE |
| 421026068 | LEORA 01 23 | HARPER | T27N, R25W, SEC 23, NENWSE |
| 421026069 | LEORA 02 23 | HARPER | T27N, R25W, SEC 23, SENESE |
| 421026070 | LEWIS 02 05 | BEAVER | T5N, R28E, SEC 5, NE |
| 421026071 | LIGHT B 01 16 | BEAVER | T6N, R21E, SEC 16, SWSE |
| 421026076 | LINDA 01 24 | GRADY | T5N, R6W, SEC 24, SENESW |

16

| | | | |
|---|---|---|---|
| 421026078 | LINDSEY A 01 11 | GARVIN | T2N, R2W, SEC 11, NESE |
| 421026079 | LINDSEY B 01 11 | GARVIN | T2N, R2W, SEC 11, NESW |
| 421026081 | LIVELY 01 15 | HARPER | T27N, R25W, SEC 15, NWNWSE |
| 421026184 | LONG 01 03 | HARPER | T25N, R25W, SEC 3, N2NE |
| 421026186 | LONG A 01 23 | BEAVER | T5N, R22E, SEC 23, SWNE |
| 421026195 | LONKER WA D UT 01 02 | BEAVER | T5N, R27E, SEC 2, SWNE |
| 421026196 | LOOFBOURROW 01 32 | BEAVER | T5N, R24E, SEC 32, W2SE |
| 421026197 | LOOFBOURROW 02 32 | BEAVER | T5N, R24E, SEC 32, N2 |
| 421026201 | LOVE ELVA 03 18 | HARPER | T26N, R24W, SEC 18, NWSE |
| 421026205 | LUCKIE 02 02 | HARPER | T27N, R25W, SEC 2, SWSWNE |
| 421026208 | LYNCH 01 01 | BEAVER | T4N, R21E, SEC 1, SESENW |
| 421026209 | LYNDA 01 02 | HARPER | T27N, R25W, SEC 2, |
| 421026210 | LYNDA 01 02 CL - DO NOT USE | HARPER | T27N, R25W, SEC 2, |
| 421026213 | MAGGIE KAY 01 24 | GARVIN | T3N, R3W, SEC 24, E2SE |
| 421026216 | MAHAFFEY B 01 02 | BEAVER | T1N, R25E, SEC 2, NENW |
| 421026217 | MANATT A 01 | GARVIN | T3N, R3W, SEC 36, NESWNE |
| 421026218 | MANATT A 02 | GARVIN | T3N, R3W, SEC 36, NENWNE |
| 421026221 | MAPHET 01 20 | BEAVER | T5N, R27E, SEC 20, SENW |
| 421026223 | MARCHANT 02 35 | GRADY | T5N, R5W, SEC 35, SWNENE |
| 421026225 | MARCHANT A 02 35 | GRADY | T5N, R5W, SEC 35, NW |
| 421026226 | MARCHANT A 03 35 | GRADY | T5N, R5W, SEC 35, SWNENW |
| 421026227 | MARIE 01 14 | GRADY | T5N, R6W, SEC 14, NESESW |
| 421026228 | MARJOR 01 27 | BEAVER | T1N, R22E, SEC 27, W2SE |
| 421026229 | MARTIN A 01 34 | GARVIN | T4N, R4W, SEC 34, SWNENW |
| 421026233 | MASON 02 10 | ELLIS | T23N, R25W, SEC 3, SE |
| 421026234 | MASON 03 03 | ELLIS | T23N, R25W, SEC 3, NE |
| 421026236 | MASON 05 03 | ELLIS | T23N, R25W, SEC 3, S2N2 |
| 421026237 | MAURER B 01 21 | GRADY | T5N, R5W, SEC 21, NESWSE |
| 421026238 | MAURICE A 01 19 | GARVIN | T4N, R3W, SEC 19, SENWNW |
| 421026239 | MAURICE A 02 19 | GARVIN | T4N, R3W, SEC 19, SESENW |
| 421026240 | MAURICE A 03 19 | GARVIN | T4N, R3W, SEC 19, SWSWNW |
| 421026241 | MAURICE A 04 19 | GARVIN | T4N, R3W, SEC 19, NENW |

| | | | |
|---|---|---|---|
| 421026244 | MCATEE 01 23 | HARPER | T27N, R25W, SEC 23, NENE |
| 421026245 | MCCASKILL A 01 24 | GARVIN | T3N, R3W, SEC 24, SWSW |
| 421026246 | MCCASKILL A 02 24 | GARVIN | T3N, R3W, SEC 24, NWNWSW |
| 421026248 | MCCASKILL B 02 24 | GARVIN | T3N, R3W, SEC 24, SESESW |
| 421026249 | MCCASKILL C 01 24 | GARVIN | T3N, R3W, SEC 24, SWSWSE |
| 421026250 | MCCASKILL C 02 24 | GARVIN | T3N, R3W, SEC 24, SWNWSE |
| 421026251 | MCCLUNG 04 20 | HARPER | T26N, R24W, SEC 20, E2W2NE |
| 421026252 | MCCLUNG 05 15 | HARPER | T26N, R25W, SEC 15, SENWSE |
| 421026253 | MCCLUNG A 01 11 | HARPER | T26N, R25W, SEC 11, NWNWSE |
| 421026254 | MCCLUNG A 02 11 | HARPER | T26N, R25W, SEC 11, NENESW |
| 421026255 | MCCLUNG A 03 11 | HARPER | T26N, R25W, SEC 11, NE |
| 421026256 | MCCLUNG B 01 14 | HARPER | T26N, R25W, SEC 14, NWSE |
| 421026257 | MCCLUNG B 02 14 | HARPER | T26N, R25W, SEC 14, NE |
| 421026258 | MCCLUNG D 01 15 | HARPER | T26N, R25W, SEC 15, SWNE |
| 421026259 | MCCLUNG D 02 15 | HARPER | T26N, R25W, SEC 15, NWNW |
| 421026260 | MCCLUNG D 03 15 | HARPER | T26N, R25W, SEC 15, NW |
| 421026261 | MCCLUNG R F 01 24 | HARPER | T26N, R25W, SEC 24, SWNE |
| 421026262 | MCCLUNG R F 02 24 | HARPER | T26N, R25W, SEC 24, W2E2W2 |
| 421026263 | MCCLUNG R F 03 24 | HARPER | T26N, R25W, SEC 24, SE |
| 421026267 | MCCLURE 02 20 | ELLIS | T24N, R25W, SEC 18, SW |
| 421026268 | MCCLURE 03 18 | ELLIS | T24N, R25W, SEC 18, SESENW |
| 421026269 | MCCLURE 04 18 | ELLIS | T24N, R25W, SEC 18, NESWSE |
| 421026270 | MCCLURE 05 18 | ELLIS | T24N, R25W, SEC 18, E2NENW |
| 421026271 | MCCLURE 06 18 | ELLIS | T24N, R25W, SEC 18, E2SE |
| 421026272 | MCCONNELL 02 23 | ELLIS | T24N, R24W, SEC 23, NWSENW |
| 421026273 | MCCOY 01 05 | GARVIN | T3N, R3W, SEC 5, NENE |
| 421026274 | MCDANIEL A 01 11 | GARVIN | T4N, R4W, SEC 11, NENENW |
| 421026275 | MCDANIEL STATE 01 14 | BEAVER | T3N, R26E, SEC 14, SENESW |
| 421026276 | MCDONALD A 01 23 | GARVIN | T4N, R4W, SEC 23, NENE |
| 421026277 | MCDONALD A 02 23 | GARVIN | T4N, R4W, SEC 23, NESWNE |
| 421026383 | MCGREW 03 26 | BEAVER | T4N, R24E, SEC 26, SW |
| 421026385 | MCKENNA A 01 06 | GRADY | T4N, R5W, SEC 6, SWNE |

| | | | |
|---|---|---|---|
| 421026386 | MCKENNA A 02 06 | GRADY | T4N, R5W, SEC 6, SESWNW |
| 421026387 | MCKENNA TRUST 01 31 | GRADY | T5N, R5W, SEC 31, SWNENE |
| 421026388 | MCKINNEY 01 26 | GRADY | T5N, R5W, SEC 26, W2NENE |
| 421026389 | MCKINNON A 01 25 | MCCLAIN | T6N, R4W, SEC 25, E2SE |
| 421026390 | MCLEMORE 01 02 | GRADY | T4N, R6W, SEC 2, NESWNW |
| 421026394 | MERCER WHITE A 01 32 | BEAVER | T1N, R25E, SEC 32, NWNW |
| 421026395 | MERCER LAWRENCE V 01 15C | BEAVER | T1N, R25E, SEC 15, SESW |
| 421026396 | MERCER LAWRENCE V 01 22 | BEAVER | T1N, R25E, SEC 22, NWSW |
| 421026397 | MERCER LAWRENCE V 01 22A | BEAVER | T1N, R25E, SEC 22, SENW |
| 421026398 | MERCER LAWRENCE V 02 22 | BEAVER | T1N, R25E, SEC 22, NWSESW |
| 421026399 | MERCER LAWRENCE V 02 22A | BEAVER | T1N, R25E, SEC 22, NWNW |
| 421026402 | MESSNER GHEEN UN 01 33 | BEAVER | T1N, R25E, SEC 33, SENW |
| 421026403 | MESSNER LITTAU UN 01 33 | BEAVER | T1N, R25E, SEC 33, NWSW |
| 421026404 | MESSNER WAYNE 01 33 | BEAVER | T1N, R25E, SEC 33, NWNW |
| 421026405 | MEYER 01 22 | BEAVER | T3N, R26E, SEC 22, SENW |
| 421026406 | MEYER 02 15 | BEAVER | T3N, R26E, SEC 15, NW |
| 421026408 | MILES 01 13 | BEAVER | T4N, R24E, SEC 13, SW |
| 421026411 | MILES F 01 15 | BEAVER | T4N, R24E, SEC 15, NWSWNE |
| 421026412 | MILES F 02 15 | BEAVER | T4N, R24E, SEC 15, N2N2SW |
| 421026413 | MILES F 03 15 | BEAVER | T4N, R24E, SEC 15, N2S2NW |
| 421026414 | MILES F 04 15 | BEAVER | T4N, R24E, SEC 15, S2SWSE |
| 421026415 | MILES G 01 31 | BEAVER | T5N, R24E, SEC 31, SWNE |
| 421026416 | MILES G 03 31 | BEAVER | T5N, R24E, SEC 31, NWSESW |
| 421026417 | MILES H 01 36 | BEAVER | T5N, R23E, SEC 36, SWNE |
| 421026418 | MILES H 02 36 | BEAVER | T5N, R23E, SEC 36, NENE |
| 421026419 | MILES JO 01 05 | BEAVER | T4N, R24E, SEC 5, SWNE |
| 421026420 | MILES JO 02 04 | BEAVER | T4N, R24E, SEC 4, E2E2NW |
| 421026421 | MILES JO 02 05 | BEAVER | T4N, R24E, SEC 5, N2S2NW |
| 421026422 | MILES JO 03 04 | BEAVER | T4N, R24E, SEC 4, W2SW |
| 421026423 | MILES N 01 04 | BEAVER | T4N, R24E, SEC 4, NWSE |
| 421026424 | MILLER 01 04 | HARPER | T27N, R24W, SEC 4, SE |
| 421026426 | MILLER 01 09 | HARPER | T27N, R24W, SEC 9, NW |

| | | | |
|---|---|---|---|
| 421026428 | MILLER 02 06 | GARVIN | T4N, R4W, SEC 6, E2NWNW |
| 421026429 | MILLER 02 32 | BEAVER | T3N, R24E, SEC 32, E2W2NE |
| 421026431 | MILLER C 01 06 | GARVIN | T4N, R4W, SEC 6, SWNESW |
| 421026432 | MILLER C 02 06 | GARVIN | T4N, R4W, SEC 6, W2SESW |
| 421026433 | MILLER D 01 11 | BEAVER | T5N, R23E, SEC 11, NESW |
| 421026434 | MILLER D 02 11 | BEAVER | T5N, R23E, SEC 11, SWNESE |
| 421026435 | MILLER DUBOIS 01 10 | BEAVER | T5N, R23E, SEC 10, S2N2NW |
| 421026438 | MILLER EE 02 15 | BEAVER | T5N, R23E, SEC 15, SW |
| 421026439 | MILLER EE 03 15 | BEAVER | T5N, R23E, SEC 15, W2NESW |
| 421026441 | MILLER RAYNOR A 01 33 | BEAVER | T3N, R24E, SEC 33, SESE |
| 421026443 | MITCHELL B 01 22 | GARVIN | T3N, R4W, SEC 22, NWSENW |
| 421026444 | MITCHUSSON A 01 29 | GRADY | T5N, R5W, SEC 29, S2SE |
| 421026445 | MITCHUSSON A 02 29 | GRADY | T5N, R5W, SEC 29, SWNWSE |
| 421026446 | MITCHUSSON A 03 29 | GRADY | T5N, R5W, SEC 29, SENESE |
| 421026447 | MITCHUSSON A 04 29 | GRADY | T5N, R5W, SEC 29, SESESE |
| 421026448 | MOBERLY GAS UN 01 18 | HARPER | T26N, R23W, SEC 18, SENW |
| 421026454 | MOELLER 01 35 | BEAVER | T5N, R22E, SEC 35, S2N2NW |
| 421026455 | MOELLINGER A 01 14 | GRADY | T5N, R5W, SEC 14, SESWNE |
| 421026456 | MOELLINGER B 01 14 | GRADY | T5N, R5W, SEC 14, E2NENE |
| 421026458 | MOORE C 01 16 | MCCLAIN | T5N, R4W, SEC 16, NESWNW |
| 421026459 | MOORE C 02 16 | MCCLAIN | T5N, R4W, SEC 16, NWSENW |
| 421026460 | MOORE LF 01 30 | HARPER | T26N, R25W, SEC 30, SENW |
| 421026461 | MOORE LF 02 30 | HARPER | T26N, R25W, SEC 30, NESESW |
| 421026462 | MOORE LF 04 30 | HARPER | T26N, R25W, SEC 30, SWNESW |
| 421026463 | MOORE LF 05 30 | HARPER | T26N, R25W, SEC 30, NE |
| 421026466 | MORRIS 01 25 | GRADY | T5N, R6W, SEC 25, SWSWNW |
| 421026468 | MOSLEY A 01 19 | GARVIN | T3N, R3W, SEC 19, NESWNE |
| 421026469 | MOWDY A 01 32 | GRADY | T6N, R5W, SEC 32, E2SWSW |
| 421026470 | MOYER B 01 08 | ELLIS | T23N, R24W, SEC 8, N2SWNW |
| 421026471 | MOYER M 01 05 | ELLIS | T23N, R24W, SEC 5, NESW |
| 421026472 | MOYER M 02 05 | ELLIS | T23N, R24W, SEC 5, SESWNE |
| 421026474 | MULBERRY 01 11A | BEAVER | T3N, R28E, SEC 11, S2S2NE |

20

| | | | |
|---|---|---|---|
| 421026476 | MULBERRY 01 34 | HARPER | T27N, R26W, SEC 34, SESENW |
| 421026477 | MULBERY 01 35 | BEAVER | T3N, R28E, SEC 35, S2NWNW |
| 421026478 | MULBERY 02 34 | BEAVER | T3N, R28E, SEC 34, W2E2SW |
| 421026479 | MULBERY 02 35 | BEAVER | T3N, R28E, SEC 35, E2SWSW |
| 421026480 | MULBERY 03 34 | BEAVER | T3N, R28E, SEC 34, SENE |
| 421026481 | MULBERY 03 35 | BEAVER | T3N, R28E, SEC 35, NWSE |
| 421026582 | MULBERY 04 34 | BEAVER | T3N, R28E, SEC 34, NW |
| 421026586 | MUSICK 01 25 | GRADY | T5N, R6W, SEC 25, SWNENW |
| 421026587 | NATALEE 01 29 | HARPER | T28N, R25W, SEC 29, SENW |
| 421026588 | NATALEE 02 29 | HARPER | T28N, R25W, SEC 29, NENE |
| 421026589 | NATALEE 03 29 | HARPER | T28N, R25W, SEC 29, W2E2SW |
| 421026590 | NATALEE 04 29 | HARPER | T28N, R25W, SEC 29, SENWSE |
| 421026591 | NAYLOR 01 04 | BEAVER | T1N, R22E, SEC 4, SWSWNW |
| 421026592 | NEAL A 01 08 | GARVIN | T2N, R2W, SEC 8, E2NENW |
| 421026593 | NEAL B 01 08 | GARVIN | T2N, R2W, SEC 8, NESWSE |
| 421026594 | NELDA 01 02 | GRADY | T5N, R6W, SEC 2, E2E2SW |
| 421026595 | NELL MARIANNE 01 01 | GARVIN | T1N, R3W, SEC 1, N2NESE |
| 421026596 | NELSON A 01 06 | GARVIN | T4N, R4W, SEC 6, W2SESE |
| 421026597 | NEVA 01 04 | HARPER | T25N, R24W, SEC 4, N2SESE |
| 421026602 | NICHOLS 07 10 | BEAVER | T4N, R24E, SEC 10, E2SWSW |
| 421026603 | NINE 01 05 | BEAVER | T2N, R28E, SEC 5, NESWNE |
| 421026604 | NINE 01 15 | BEAVER | T2N, R28E, SEC 15, NESW |
| 421026605 | NINE 02 15 CM | BEAVER | T2N, R28E, SEC 15, |
| 421026606 | NINE 02 15 M | BEAVER | T2N, R28E, SEC 15, |
| 421026607 | NINE 03 15 CM | BEAVER | T2N, R28E, SEC 15, |
| 421026608 | NINE 03 15 M | BEAVER | T2N, R28E, SEC 15, |
| 421026609 | NINE 04 15 M | BEAVER | T2N, R28E, SEC 15, |
| 421026610 | NINE 05 15 M | BEAVER | T2N, R28E, SEC 15, |
| 421026611 | NINE 06 15 | BEAVER | T2N, R28E, SEC 15, NWSESE |
| 421026612 | NINE 07 15 C | BEAVER | T2N, R28E, SEC 15, |
| 421026614 | NOBLE 01 31 | GARVIN | T4N, R3W, SEC 31, SWNENE |
| 421026615 | NOMOC A 01 07 | GARVIN | T4N, R4W, SEC 7, S2NENE |

| | | | |
|---|---|---|---|
| 421026616 | NOMOC A 02 07 | GARVIN | T4N, R4W, SEC 7, S2NWNE |
| 421026617 | NORDAN A 01 24 | GRADY | T5N, R5W, SEC 24, NENESW |
| 421026618 | NORDAN A 02 24 | GRADY | T5N, R5W, SEC 24, W2NWSW |
| 421026619 | NORDAN B 01 24 | GRADY | T5N, R5W, SEC 24, NESWNW |
| 421026620 | NORDAN B 02 24 | GRADY | T5N, R5W, SEC 24, SESENW |
| 421026623 | ODELL 02 09 | HARPER | T25N, R24W, SEC 9, NENWSE |
| 421026624 | ODELL 03 09 | HARPER | T25N, R24W, SEC 9, W2NE |
| 421026625 | ODELL 04 09 | HARPER | T25N, R24W, SEC 9, NWNW |
| 421026626 | OHERN 01 02 | BEAVER | T1N, R27E, SEC 2, SWNE |
| 421026627 | OHERN 02 02 | BEAVER | T1N, R27E, SEC 2, NWSESE |
| 421026628 | OHERN 03 02 | BEAVER | T1N, R27E, SEC 2, S2N2SW |
| 421026629 | OHERN 04 02 | BEAVER | T1N, R27E, SEC 2, N2S2NW |
| 421026631 | OLIVER 01 17 | ELLIS | T24N, R23W, SEC 17, SW |
| 421026633 | OLMSTEAD 02 | GARVIN | T3N, R3W, SEC 35, SWNE |
| 421026634 | OLMSTEAD 04 | GARVIN | T3N, R3W, SEC 35, S2NENE |
| 421026635 | OLMSTEAD 05 | GARVIN | T3N, R3W, SEC 35, SWNWNE |
| 421026636 | OLMSTEAD 06 | GARVIN | T3N, R3W, SEC 35, W2SENE |
| 421026644 | OVERTON H UN 01 17 | BEAVER | T3N, R26E, SEC 17, NESW |
| 421026645 | PAASCH 01 04 | BEAVER | T5N, R27E, SEC 4, NWSE |
| 421026646 | PARK A 01 25 | GARVIN | T4N, R4W, SEC 25, NESW |
| 421026647 | PARK A 02 25 | GARVIN | T4N, R4W, SEC 25, N2SWSW |
| 421026648 | PARK A 03 25 | GARVIN | T4N, R4W, SEC 25, NENWSW |
| 421026649 | PARK A 04 25 | GARVIN | T4N, R4W, SEC 25, N2SESW |
| 421026653 | PATTERSON  03 30 | GRADY | T5N, R5W, SEC 30, SWSWNE |
| 421026655 | PATTERSON D B 01 23 | GRADY | T5N, R6W, SEC 23, NESW |
| 421026657 | PAUL A 01 34 | GARVIN | T3N, R3W, SEC 34, NWSWNW |
| 421026658 | PAUL A 02 34 | GARVIN | T3N, R3W, SEC 34, SWNWNW |
| 421026659 | PAULA 01 14 | BEAVER | T4N, R28E, SEC 14, W2E2NW |
| 421026661 | PENNER B 01 35 | BEAVER | T5N, R21E, SEC 35, SWNE |
| 421026662 | PETERS 01 | MCCLAIN | T7N, R4W, SEC 10, NESW |
| 421026663 | PETERS 02A | MCCLAIN | T7N, R4W, SEC 10, SENWNW |
| 421026664 | PHILLIPS 01 23 | GRADY | T5N, R6W, SEC 23, E2W2SE |

| | | | |
|---|---|---|---|
| 421026666 | PHOENIX A 02 24 | GARVIN | T3N, R3W, SEC 24, NWNE |
| 421026667 | PHOENIX B 01 24 | GARVIN | T3N, R3W, SEC 24, S2NENE |
| 421026668 | PHOENIX B 02 24 | GARVIN | T3N, R3W, SEC 24, S2SENE |
| 421026671 | PILE 01 10 | HARPER | T25N, R24W, SEC 10, NESWNE |
| 421026672 | PILE 02 10 | HARPER | T25N, R24W, SEC 10, W2E2SW |
| 421026673 | PILE 03 10 | HARPER | T25N, R24W, SEC 10, SWNESE |
| 421026674 | PILE C V 03 36 | HARPER | T26N, R24W, SEC 36, SWNE |
| 421026676 | PLASTER 01 33 | MCCLAIN | T6N, R3W, SEC 33, NWSESE |
| 421026679 | PLETT 02 04 | BEAVER | T5N, R21E, SEC 4, SWNENE |
| 421026680 | PLETT 03 04 | BEAVER | T5N, R21E, SEC 4, SW |
| 421026681 | POLK 01 34 | GRADY | T5N, R5W, SEC 34, SWNESE |
| 421026782 | PORTER A 01 35 | GARVIN | T3N, R3W, SEC 35, SWSW |
| 421026783 | POTTER A 01 27 | BEAVER | T3N, R24E, SEC 27, SW |
| 421026784 | POTTER A 02 27 | BEAVER | T3N, R24E, SEC 27, NWNW |
| 421026788 | POWERS B 01 08 | GARVIN | T3N, R3W, SEC 8, SWSWNE |
| 421026789 | PRESTON 01 21 | HARPER | T26N, R25W, SEC 21, S2N2NE |
| 421026790 | PRUETT 03 36 | GARVIN | T4N, R3W, SEC 36, SWSWNE |
| 421026791 | PRYOR STELLA 03 01 | HARPER | T25N, R26W, SEC 1, SW |
| 421026792 | PRYOR STELLA C 04 01 | HARPER | T25N, R26W, SEC 1, E2NWNE |
| 421026793 | PRYOR STELLA C UN 01 01 | HARPER | T25N, R26W, SEC 1, SENW |
| 421026794 | PRYOR STELLA C UN 02 01 | HARPER | T25N, R26W, SEC 1, S2N2NW |
| 421026798 | RAMBO UN 03 33 | HARPER | T26N, R25W, SEC 33, NW |
| 421026799 | RAMBO UN 05 33 | HARPER | T26N, R25W, SEC 33, SESENW |
| 421026802 | RANDEL 01 35 | GRADY | T5N, R5W, SEC 35, SWSW |
| 421026804 | RAY 02 31 | GARVIN | T4N, R3W, SEC 31, SESWNW |
| 421026805 | RAY 03 31 | GARVIN | T4N, R3W, SEC 31, SESWNE |
| 421026807 | RECTOR 01 15 | HARPER | T27N, R25W, SEC 15, SWNE |
| 421026808 | RECTOR 02 15 | HARPER | T27N, R25W, SEC 15, N2SW |
| 421026809 | RECTOR 03 15 | HARPER | T27N, R25W, SEC 15, NW |
| 421026810 | RECTOR 04 15 | HARPER | T27N, R25W, SEC 15, SESW |
| 421026811 | REID A 01 17 | GARVIN | T3N, R3W, SEC 17, NENW |
| 421026812 | REID A 02 17 | GARVIN | T3N, R3W, SEC 17, NESWNW |

| | | | |
|---|---|---|---|
| 421026813 | REID B 01 28 | GARVIN | T4N, R4W, SEC 28, N2NWSW |
| 421026814 | REID C 01 17 | GARVIN | T3N, R3W, SEC 17, SWNESW |
| 421026815 | REID C 02 17 | GARVIN | T3N, R3W, SEC 17, N2SWSW |
| 421026817 | REYNOLDS A 01 30 | GARVIN | T4N, R3W, SEC 30, NESWNE |
| 421026818 | REYNOLDS A 02 30 | GARVIN | T4N, R3W, SEC 30, E2SWNW |
| 421026822 | RICHARDSON A 01 23 | GARVIN | T3N, R3W, SEC 23, SWSE |
| 421026823 | RICHARDSON A 03 23 | GARVIN | T3N, R3W, SEC 23, W2NWSE |
| 421026824 | RICHARDSON B 01 23 | GARVIN | T3N, R3W, SEC 23, S2NESE |
| 421026825 | RICHARDSON B 02 23 | GARVIN | T3N, R3W, SEC 23, W2SESE |
| 421026826 | RIDGEWAY A 01 07 | BEAVER | T3N, R26E, SEC 7, NE |
| 421026828 | RILEY A 01 18 | GARVIN | T4N, R3W, SEC 18, NESWSW |
| 421026829 | RILEY A 02 18 | GARVIN | T4N, R3W, SEC 18, W2NESW |
| 421026830 | RILEY A 03 18 | GARVIN | T4N, R3W, SEC 18, NWSW |
| 421026831 | RILEY A 04 18 | GARVIN | T4N, R3W, SEC 18, SWSWSW |
| 421026832 | ROBERT 01 11 | BEAVER | T2N, R28E, SEC 11, NW |
| 421026833 | ROBERT 02 11 | BEAVER | T2N, R28E, SEC 11, W2SE |
| 421026834 | ROBERT 03 11 | BEAVER | T2N, R28E, SEC 11, W2SE |
| 421026836 | ROBERTSON 01 16 | BEAVER | T2N, R28E, SEC 16, NENESW |
| 421026839 | ROBERTSON 02 16 | BEAVER | T2N, R28E, SEC 16, E2NE |
| 421026840 | ROBERTSON 02 27 | HARPER | T26N, R26W, SEC 27, N2S2NE |
| 421026841 | ROBERTSON 03 16 | BEAVER | T2N, R28E, SEC 16, NESE |
| 421026843 | ROBERTSON 05 16 | BEAVER | T2N, R28E, SEC 16, W2NENW |
| 421026844 | ROBERTSON A 01 27 | HARPER | T26N, R26W, SEC 27, NE |
| 421026845 | ROBERTSON A 03 28 | HARPER | T26N, R26W, SEC 28, N2NE |
| 421026846 | ROBERTSON A 04 28 | HARPER | T26N, R26W, SEC 28, SESENE |
| 421026847 | ROBERTSON CM 02 35 | HARPER | T26N, R26W, SEC 35, SE |
| 421026851 | ROGERS 01 11 | GARVIN | T4N, R4W, SEC 11, W2SENW |
| 421026853 | ROGERS A 01 23 | GRADY | T5N, R5W, SEC 23, W2SWSW |
| 421026854 | ROLF 01 09 | HARPER | T26N, R24W, SEC 9, SESE |
| 421026855 | ROLLER 02 26 | GARVIN | T3N, R3W, SEC 26, NENW |
| 421026856 | ROLLER 03 26 | GARVIN | T3N, R3W, SEC 26, SENW |
| 421026857 | ROLLER E 02 36 | GARVIN | T4N, R3W, SEC 36, NESWNW |

| | | | |
|---|---|---|---|
| 421026858 | RONNIE 01 06 | BEAVER | T3N, R23E, SEC 6, SWSW |
| 421026859 | ROSE A 01 06 | GARVIN | T2N, R2W, SEC 6, W2NESW |
| 421026860 | ROSE B 01 06 | GARVIN | T2N, R2W, SEC 6, SWSE |
| 421026861 | ROSE C 01 06 | GARVIN | T2N, R2W, SEC 6, SWSWSW |
| 421026864 | ROSS P 19 | GARVIN | T4N, R4W, SEC 7, SESWSE |
| 421026866 | ROY 01 26 | GRADY | T5N, R5W, SEC 26, NWNW |
| 421026867 | ROY LEE 01 34 | GRADY | T5N, R5W, SEC 34, SESWSE |
| 421026868 | ROYER A 01 08 | BEAVER | T2N, R25E, SEC 8, SESENW |
| 421026878 | RYAN 01 33 | GRADY | T5N, R5W, SEC 33, NWSWSE |
| 421026880 | SAGER 01 29 | BEAVER | T2N, R22E, SEC 29, NWSE |
| 421026881 | SAGER 02 29 | BEAVER | T2N, R22E, SEC 29, NWSW |
| 421026982 | SAMEDAN 01 16 | GARVIN | T2N, R2W, SEC 16, NESWSW |
| 421026983 | SAMEDAN 02 16 | GARVIN | T2N, R2W, SEC 16, NWNESW |
| 421026984 | SAMEDAN 03 16 | GARVIN | T2N, R2W, SEC 16, SWNW |
| 421026985 | SAMSON 01 02 | GRADY | T4N, R5W, SEC 2, SWSWNW |
| 421026988 | SANFORD D 01 10 | GARVIN | T3N, R3W, SEC 10, SESWSW |
| 421026989 | SANFORD D 02 10 | GARVIN | T3N, R3W, SEC 10, S2NWSW |
| 421026990 | SANGER A 01 12 | BEAVER | T1N, R25E, SEC 12, NWSE |
| 421026997 | SCHONLAU 01 32 | HARPER | T27N, R24W, SEC 32, NWSE |
| 421026998 | SCHONLAU 02 32 | HARPER | T27N, R24W, SEC 32, NWSW |
| 421026999 | SCHONLAU 03 32 | HARPER | T27N, R24W, SEC 32, SESE |
| 421027000 | SCHONLAU 04 32 | HARPER | T27N, R24W, SEC 32, W2W2NW |
| 421027002 | SCHUSTER 02 23 | BEAVER | T2N, R28E, SEC 23, E2NW |
| 421027004 | SCHWARTZ A 02 30 | GRADY | T5N, R5W, SEC 30, SE |
| 421027006 | SCOTT 01 30 | ELLIS | T24N, R23W, SEC 30, W2NW |
| 421027011 | SEIDEL A 01 23 | GARVIN | T4N, R4W, SEC 23, SENWNW |
| 421027012 | SEIDEL A 02 23 | GARVIN | T4N, R4W, SEC 23, SWSENW |
| 421027013 | SELZER A 01 25 | GRADY | T5N, R5W, SEC 25, SWNESE |
| 421027014 | SELZER A 02 25 | GRADY | T5N, R5W, SEC 25, SE |
| 421027015 | SHADDEN 01 24 CSM | BEAVER | T3N, R24E, SEC 24, |
| 421027017 | SHADDEN 03 35 | BEAVER | T3N, R24E, SEC 35, W2E2NE |
| 421027018 | SHADDEN A 01 27 | BEAVER | T3N, R24E, SEC 27, SE |

| | | | |
|---|---|---|---|
| 421027019 | SHADDEN B 01 25 | BEAVER | T3N, R24E, SEC 25, SWNE |
| 421027020 | SHADDEN B 02 25 | BEAVER | T3N, R24E, SEC 25, S2N2SW |
| 421027021 | SHADDEN B 03 25 | BEAVER | T3N, R24E, SEC 25, E2NWNW |
| 421027022 | SHADDEN C 01 30 | BEAVER | T3N, R25E, SEC 30, NWNWSE |
| 421027023 | SHADDEN D 01 31 | BEAVER | T3N, R25E, SEC 31, SENW |
| 421027024 | SHADDEN E 01 35 | BEAVER | T3N, R24E, SEC 35, NWNWSE |
| 421027025 | SHADDEN E 02 35 | BEAVER | T3N, R24E, SEC 35, SW |
| 421027027 | SHARP 02 03 | BEAVER | T3N, R24E, SEC 31, NE |
| 421027028 | SHARP 02 15 | BEAVER | T5N, R22E, SEC 15, N2SESE |
| 421027029 | SHARP 03 15 | BEAVER | T5N, R22E, SEC 15, W2E2SW |
| 421027030 | SHARP A 01 15 | BEAVER | T5N, R22E, SEC 15, SESENW |
| 421027031 | SHARP SID 01 13 | BEAVER | T6N, R21E, SEC 13, NWNE |
| 421027036 | SHELINBARGER 01 24 | HARPER | T26N, R26W, SEC 24, SWNE |
| 421027037 | SHELINBARGER 02 24 | HARPER | T26N, R26W, SEC 24, SW |
| 421027038 | SHELINBARGER 04 24 | HARPER | T26N, R26W, SEC 24, NW |
| 421027044 | SHIRLEY A 01 19 | GARVIN | T2N, R2W, SEC 19, S2NENE |
| 421027048 | SHUMAN 01 21A | HARPER | T26N, R25W, SEC 21, SENW |
| 421027050 | SHUMAN 02 18 | HARPER | T25N, R25W, SEC 18, NE |
| 421027051 | SHUMAN WM 01 17 | HARPER | T25N, R25W, SEC 17, N2SW |
| 421027052 | SIEBERT B 01 01 | GRADY | T5N, R5W, SEC 1, S2NWSW |
| 421027053 | SIMMONS B 01 21 | GARVIN | T3N, R3W, SEC 21, N2SWSE |
| 421027054 | SIMMS A 01 02 | GRADY | T4N, R5W, SEC 2, W2SWSE |
| 421027056 | SIMMS B 01 02 | GRADY | T4N, R5W, SEC 2, NWNESW |
| 421027057 | SIMPSON 01 29 | GARVIN | T4N, R3W, SEC 29, N2SWSW |
| 421027059 | SITTON 02 33 | BEAVER | T3N, R28E, SEC 33, E2W2NW |
| 421027060 | SITTON 03 33 | BEAVER | T3N, R28E, SEC 33, W2E2SW |
| 421027061 | SITTON 04 33 | BEAVER | T3N, R28E, SEC 33, S2N2SE |
| 421027062 | SLAVENS 01 01 | GRADY | T4N, R5W, SEC 1, SWSESE |
| 421027064 | SMITH B 01 29 | GARVIN | T4N, R3W, SEC 29, E2SWNW |
| 421027066 | SMYLIE 01 16 | BEAVER | T4N, R24E, SEC 16, E2SE |
| 421027067 | SMYLIE 02 16 | BEAVER | T4N, R24E, SEC 16, NESENW |
| 421027068 | SNELL 02 16 | BEAVER | T3N, R26E, SEC 16, W2NE |

| | | | |
|---|---|---|---|
| 421027069 | SNELL UN 01 16 | BEAVER | T3N, R26E, SEC 16, NESW |
| 421027070 | SNELL UN 03 16 | BEAVER | T3N, R26E, SEC 16, S2SWNW |
| 421027071 | SNYDER A 01 29 | GRADY | T5N, R5W, SEC 29, W2E2NE |
| 421027076 | SPANGLER A 01 04 | BEAVER | T2N, R25E, SEC 4, SESENW |
| 421027077 | SPARKS 01 26 | GRADY | T5N, R5W, SEC 26, S2SWNE |
| 421027079 | SPARKS 02 26 | GRADY | T5N, R5W, SEC 26, NESENE |
| 421027081 | SPARKS A 01 33 | GRADY | T5N, R5W, SEC 33, SWNESE |
| 421027183 | STANLEY 01 09 | BEAVER | T4N, R28E, SEC 9, NWSE |
| 421027184 | STANLEY A 01 28 | BEAVER | T6N, R20E, SEC 28, SESW |
| 421027186 | STAPP 01 16 | BEAVER | T4N, R24E, SEC 16, W2NESW |
| 421027187 | STAPP 02 16 | BEAVER | T4N, R24E, SEC 16, NESWSW |
| 421027192 | STATE 01 23 | HARPER | T27N, R24W, SEC 23, NWNWSE |
| 421027194 | STATE OF OKLA 01 22 | HARPER | T27N, R26W, SEC 22, S2N2SE |
| 421027195 | STATE OF OKLA F 01 11 | GARVIN | T2N, R3W, SEC 11, SESE |
| 421027197 | STATE OF OKLA Q 01 22 | HARPER | T26N, R25W, SEC 22, SWNE |
| 421027200 | STEPHENS A 01 14 | GARVIN | T3N, R3W, SEC 14, SWNW |
| 421027201 | STEPHENS A 02 14 | GARVIN | T3N, R3W, SEC 14, SWSWNW |
| 421027202 | STEPHENS A 03 14 | GARVIN | T3N, R3W, SEC 14, NWNWNW |
| 421027203 | STEPHENS B 01 14 | GARVIN | T3N, R3W, SEC 14, S2SWSW |
| 421027204 | STEPHENS B 02 14 | GARVIN | T3N, R3W, SEC 14, W2NWSW |
| 421027206 | STEPHENS C 02 14 | GARVIN | T3N, R3W, SEC 14, NESESW |
| 421027207 | STEPHENS D 01 14 | GARVIN | T3N, R3W, SEC 14, N2SWSE |
| 421027208 | STEPHENS D 02 14 | GARVIN | T3N, R3W, SEC 14, NENWSE |
| 421027209 | STEPHENS E 01 14 | GARVIN | T3N, R3W, SEC 14, SENESE |
| 421027210 | STEPHENS E 02 14 | GARVIN | T3N, R3W, SEC 14, SWSESE |
| 421027211 | STEPHENS F 01 14 | GARVIN | T3N, R3W, SEC 14, SWSWSW |
| 421027212 | STEPHENSON 01 27 | BEAVER | T6N, R21E, SEC 27, SWSE |
| 421027213 | STERR 01 25 | GRADY | T5N, R5W, SEC 25, NWSWSE |
| 421027215 | STEWART 01 26 | GRADY | T5N, R6W, SEC 26, NESWNW |
| 421027216 | STINSON 01 02 | HARPER | T27N, R25W, SEC 2, SWNE |
| 421027218 | STINSON FA 05 36 | HARPER | T26N, R26W, SEC 36, W2SE |
| 421027219 | STINSON FA UN 01 36 | HARPER | T26N, R26W, SEC 36, NWSE |

| | | | |
|---|---|---|---|
| 421027221 | STINSON FA UN 04 36 | HARPER | T26N, R26W, SEC 36, SW |
| 421027225 | STORY B 01 11 | GRADY | T5N, R5W, SEC 11, SENW |
| 421027226 | STREET E RENFREW UN 01 18 | HARPER | T27N, R24W, SEC 18, |
| 421027227 | STRINGER A 01 34 | GARVIN | T3N, R3W, SEC 34, NENENW |
| 421027228 | SUITOR A 01 05 | GRADY | T5N, R5W, SEC 5, SWNENE |
| 421027233 | SWMOCU 04 04 | GARVIN | T4N, R3W, SEC 36, SWNWNE |
| 421027234 | SWMOCU 02 04 | GARVIN | T4N, R3W, SEC 25, |
| 421027235 | SWMOCU 03 | GARVIN | T4N, R3W, SEC 25, SESESW |
| 421027236 | SWMOCU 05 | GARVIN | T4N, R3W, SEC 36, NENENW |
| 421027238 | SWMOCU 04 | GARVIN | T4N, R3W, SEC 36, NWNWNE |
| 421027239 | SWMOCU 06 | GARVIN | T4N, R3W, SEC 36, NENWNW |
| 421027240 | SWMOCU 09 01 | GARVIN | T4N, R3W, SEC 36, NENWSW |
| 421027243 | TAFT 01 10 | BEAVER | T2N, R28E, SEC 10, |
| 421027244 | TAFT 01 10 | BEAVER | T2N, R28E, SEC 10, |
| 421027245 | TAFT 02 01 | BEAVER | T2N, R28E, SEC 3, |
| 421027246 | TAFT 02 10 | BEAVER | T2N, R28E, SEC 10, |
| 421027247 | TAFT 02 10 | BEAVER | T2N, R28E, SEC 10, |
| 421027248 | TAFT 03 03 | BEAVER | T2N, R28E, SEC 3, NESENE |
| 421027249 | TAFT 03 10 | BEAVER | T2N, R28E, SEC 10, SESENW |
| 421027250 | TAFT 04 10 | BEAVER | T2N, R28E, SEC 10, NWNESE |
| 421027251 | TAFT 07 53 | BEAVER | T2N, R28E, SEC 14, NWNW |
| 421027252 | TAFT LENZ 01 22 | HARPER | T26N, R26W, SEC 22, SENW |
| 421027262 | TAYLOR Q 02 18 | GARVIN | T4N, R4W, SEC 18, SWSENE |
| 421027263 | TAYLOR Q 19 18 | GARVIN | T4N, R4W, SEC 18, SWNWNE |
| 421027266 | TERRY A 01 25 | GARVIN | T3N, R3W, SEC 25, NESWNW |
| 421027267 | TERRY A 02 25 | GARVIN | T3N, R3W, SEC 25, NWNW |
| 421027268 | TERRY B 01 25 | GARVIN | T3N, R3W, SEC 25, E2NENW |
| 421027269 | TERRY B 02 25 | GARVIN | T3N, R3W, SEC 25, SWSENW |
| 421027270 | TERRY C 01 20 | GARVIN | T2N, R2W, SEC 20, NESWNW |
| 421027271 | TERRY D 01 09 | GARVIN | T2N, R2W, SEC 9, NESWNW |
| 421027272 | TERRY E 01 09 | GARVIN | T2N, R2W, SEC 9, NENW |
| 421027273 | TEXACO 01 34 | GRADY | T5N, R5W, SEC 34, SWNENW |

| 421027275 | THOMAS 01 29 | HARPER | T29N, R25W, SEC 29, SWSW |
| 421027276 | THOMAS 02 29 | HARPER | T29N, R25W, SEC 29, SWSE |
| 421027277 | THOMAS A 01 08 | HARPER | T28N, R25W, SEC 8, N2SWSW |
| 421027278 | THOMPSON C 01 25 | GARVIN | T3N, R3W, SEC 25, SWNESW |
| 421027279 | THOMPSON C 02 25 | GARVIN | T3N, R3W, SEC 25, NESESW |
| 421027280 | THOMPSON D 01 25 | GARVIN | T3N, R3W, SEC 25, NWSWSE |
| 421027281 | THOMPSON D 02 25 | GARVIN | T3N, R3W, SEC 25, NENWSE |
| 421027282 | THOMPSON E 01 14 | GRADY | T5N, R5W, SEC 14, NW |
| 421027283 | THRASHER 01 32 | HARPER | T28N, R24W, SEC 32, NESW |
| 421027384 | THURSTON A 01 02 | GRADY | T5N, R6W, SEC 2, W2SENW |
| 421027385 | THURSTON A 02 02 | GRADY | T5N, R6W, SEC 2, NWSW |
| 421027387 | TILGHMAN A 01 10 | GRADY | T5N, R5W, SEC 10, NESENE |
| 421027389 | TIPPIT A 01 06 | GARVIN | T2N, R2W, SEC 6, W2NESE |
| 421027390 | TIPPITT 03 01 | GARVIN | T2N, R3W, SEC 1, NESE |
| 421027392 | TOMLINSON A 02 26 | GARVIN | T3N, R3W, SEC 26, SWSWSW |
| 421027393 | TOMLINSON A 03 26 | GARVIN | T3N, R3W, SEC 26, S2SESW |
| 421027394 | TOMLINSON A 04 26 | GARVIN | T3N, R3W, SEC 26, NWNWSW |
| 421027395 | TOMLINSON B 01 08 | GARVIN | T2N, R2W, SEC 8, SWNE |
| 421027396 | TOMLINSON B 02 08 | GARVIN | T2N, R2W, SEC 8, NWNWNW |
| 421027397 | TOMLINSON C 01 08 | GARVIN | T2N, R2W, SEC 8, SWSW |
| 421027398 | TOMLINSON D 01 08 | GARVIN | T2N, R2W, SEC 8, NESW |
| 421027399 | TOPE A 01 10 | HARPER | T25N, R24W, SEC 10, |
| 421027400 | TOWNSEND C 01 23 | GARVIN | T3N, R3W, SEC 23, SWNENW |
| 421027401 | TOWNSEND C 02 23 | GARVIN | T3N, R3W, SEC 23, SESENW |
| 421027403 | TRAVIS 01 15 | HARPER | T27N, R26W, SEC 15, NW |
| 421027405 | TRETBAR 02 15 | BEAVER | T5N, R21E, SEC 15, E2W2SE |
| 421027406 | TROINI A 01 10 | GRADY | T5N, R5W, SEC 10, SENW |
| 421027407 | TRUMAN 01 27 | GRADY | T5N, R5W, SEC 27, SESWSW |
| 421027408 | TRUMAN 02 27 | GRADY | T5N, R5W, SEC 27, W2NESW |
| 421027409 | TRUMAN 03 27 | GRADY | T5N, R5W, SEC 27, NESESW |
| 421027415 | TYE 01 26 | GRADY | T5N, R6W, SEC 26, NESWSE |
| 421027416 | TYE 02 26 | GRADY | T5N, R6W, SEC 26, W2E2SW |

| | | | |
|---|---|---|---|
| 421027420 | VANSCOYOC A 01 13 | HARPER | T26N, R26W, SEC 13, NWNW |
| 421027422 | VAUGHN 01 28 | GRADY | T5N, R6W, SEC 28, E2NE |
| 421027423 | VERA 01 21 | HARPER | T26N, R25W, SEC 21, SW |
| 421027424 | VERNOR 01 32 | BEAVER | T3N, R28E, SEC 32, W2E2NW |
| 421027428 | VON WEDEL A 01 15 | MCCLAIN | T5N, R4W, SEC 15, SWNESW |
| 421027433 | WALKER A 01 33 | GARVIN | T3N, R3W, SEC 33, N2SWSE |
| 421027434 | WALKER B 01 33 | GARVIN | T3N, R3W, SEC 33, NWNESE |
| 421027435 | WALL B 01 34 | GARVIN | T3N, R3W, SEC 34, NWSWSE |
| 421027436 | WALL C 01 34 | GARVIN | T3N, R3W, SEC 34, NENESW |
| 421027438 | WALLACE 01 15 | BEAVER | T6N, R21E, SEC 15, SWNW |
| 421027439 | WALLACE C 01 26 | GRADY | T5N, R5W, SEC 26, W2SESE |
| 421027442 | WALLENBERG 01 31 | MCCLAIN | T5N, R3W, SEC 31, S2SWNE |
| 421027443 | WALTON 01 31 | BEAVER | T1N, R25E, SEC 31, SENW |
| 421027444 | WALTON 04 31 | BEAVER | T1N, R25E, SEC 31, NWSENE |
| 421027445 | WANGENSTEEN A 01 20 | GARVIN | T3N, R3W, SEC 20, SWNENE |
| 421027446 | WATSON A 01 28 | GARVIN | T4N, R3W, SEC 28, NESWNE |
| 421027447 | WATSON A 02 28 | GARVIN | T4N, R3W, SEC 28, S2NENE |
| 421027448 | WATSON A 03 28 | GARVIN | T4N, R3W, SEC 28, N2NWNE |
| 421027450 | WAUGH 01 32 | HARPER | T28N, R24W, SEC 32, SWNESW |
| 421027453 | WELCH WALTER J 01 14 | GRADY | T5N, R5W, SEC 14, SENW |
| 421027457 | WHISENANT 01 21 | BEAVER | T5N, R21E, SEC 21, NE |
| 421027459 | WHISENANT B 01 15 | BEAVER | T5N, R21E, SEC 15, SW |
| 421027460 | WHISENANT C 02 16 | BEAVER | T5N, R21E, SEC 16, E2E2NW |
| 421027461 | WHISENANT C 03 16 | BEAVER | T5N, R21E, SEC 16, NESWSW |
| 421027462 | WHISENHUNT 03 27 | BEAVER | T4N, R28E, SEC 27, SENESW |
| 421027463 | WHISENHUNT 04 26 | BEAVER | T4N, R28E, SEC 26, NESW |
| 421027464 | WHISENHUNT 04 27 | BEAVER | T4N, R28E, SEC 27, NESWNE |
| 421027477 | WHITE MANON 01 29 | BEAVER | T1N, R25E, SEC 29, SESW |
| 421027479 | WILKINS A 01 04 | GRADY | T5N, R5W, SEC 4, S2SWSE |
| 421027480 | WILKINS B 01 04 | GRADY | T5N, R5W, SEC 4, NESWNE |
| 421027481 | WILLIAMSON A 01 16 | GARVIN | T4N, R4W, SEC 16, SWNENE |
| 421027482 | WILLIAMSON A 02 16 | GARVIN | T4N, R4W, SEC 16, N2SWNE |

| | | | |
|---|---|---|---|
| 421027483 | WILLIAMSON A 03 16 | GARVIN | T4N, R4W, SEC 16, SENE |
| 421027513 | WILLIAMSON A 04 16 | GARVIN | T4N, R4W, SEC 16, N2NWNE |
| 421027514 | ZOLLINGER 02 05 | HARPER | T26N, R24W, SEC 5, |
| 421027515 | WILLIAMSON B 02 16 | GARVIN | T4N, R4W, SEC 16, SWNW |
| 421027516 | WILLIAMSON B 03 16 | GARVIN | T4N, R4W, SEC 16, N2SENW |
| 421027517 | WILLIAMSON B 04 16 | GARVIN | T4N, R4W, SEC 16, S2NWNW |
| 421027518 | WILLIS HARPER 01 33 | BEAVER | T1N, R25E, SEC 33, NWNE |
| 421027527 | WOOD M 01 09 | BEAVER | T1N, R22E, SEC 9, SENENW |
| 421027528 | WOOD M 02 09 | BEAVER | T1N, R22E, SEC 9, SESENW |
| 421027529 | WOODBURY 01 02 | BEAVER | T2N, R24E, SEC 2, SWNE |
| 421027531 | WOODBURY B 01 36 | BEAVER | T3N, R24E, SEC 36, SWSWNE |
| 421027533 | WORDEN A 01 23 | GRADY | T5N, R5W, SEC 23, S2NENE |
| 421027535 | WORK A 02 32 | GARVIN | T4N, R3W, SEC 32, N2SWNE |
| 421027536 | WORK A 03 32 | GARVIN | T4N, R3W, SEC 32, W2SENE |
| 421027540 | ZIELKE 01 28 | BEAVER | T6N, R21E, SEC 28, NWNE |
| 421027541 | WILLIAMSON B 01 16 | GARVIN | T4N, R4W, SEC 16, S2NENW |
| 421031876 | DOWCOURT 01 30 | GRADY | T5N, R5W, SEC 30, NWSENE |
| 421033655 | TAFT 04 10 | BEAVER | T2N, R28E, SEC 10, NWNESE |
| 421033687 | HARRIS ROY 02 36 | GRADY | T5N, R6W, SEC 36, NENE |
| 421034432 | ROY LEE 01 34 | GRADY | T5N, R5W, SEC 34, SESWSE |
| 421035028 | SCHONLAU 02 32 | HARPER | T27N, R24W, SEC 32, NWSW |
| 421035062 | CRIGLER 01 23 | HARPER | T27N, R25W, SEC 23, NESW |
| 421035071 | NELLIE 01 30 | GRADY | T5N, R5W, SEC 30, SENWNE |
| 421049664 | CARVER 01 31 | HARPER | T27N, R24W, SEC 31, NESW |
| 421057614 | BRADLEY TOWNSITE A 03 27 | GRADY | T5N, R5W, SEC 27, NESWSE |
| 421057693 | STREET E RENFREW UN 01 18 | HARPER | T27N, R24W, SEC 18, |
| 421066562 | BRISENDINE 02 31 | HARPER | T27N, R24W, SEC 31, SENE |
| 421066588 | CRIGLER 02 23 | HARPER | T27N, R25W, SEC 23, NW |
| 421067541 | BRADLEY TOWNSITE A 03 27 | GRADY | T5N, R5W, SEC 27, NESWSE |
| 421067986 | OLMSTEAD 06 | GARVIN | T3N, R3W, SEC 35, W2SENE |
| 421067994 | MCCASKILL C 01 24 | GARVIN | T3N, R3W, SEC 24, SWSWSE |
| 421068573 | ROSE A 01 06 | GARVIN | T2N, R2W, SEC 6, W2NESW |

| | | | |
|---|---|---|---|
| 421068667 | ANNIE COLE 02 36 | GARVIN | T3N, R3W, SEC 36, SWNENE |
| 421068676 | FICKEL D 03 02 | BEAVER | T3N, R24E, SEC 2, SENWNE |
| 421068712 | ANNIE COLE 04 36 | GARVIN | T3N, R3W, SEC 36, NWSESE |
| 421068751 | TOMLINSON D 01 08 | GARVIN | T2N, R2W, SEC 8, NESW |
| 421068753 | LINDSEY B 01 11 | GARVIN | T2N, R2W, SEC 11, NESW |
| 421068754 | TERRY E 01 09 | GARVIN | T2N, R2W, SEC 9, NENW |
| 421068757 | SCHONLAU 07 32H | HARPER | T26N, R24W, SEC 5, NWNENE |
| 421068758 | HAMMER JACK 01 31 | GARVIN | T3N, R2W, SEC 31, SWSWNW |
| 421069026 | BRYANT CARLISLE 02 27 | BEAVER | T3N, R28E, SEC 27, W2NESW |
| 421069183 | BRADSHAW A 04 26 | GARVIN | T3N, R3W, SEC 26, SWNWNE |
| 421071513 | JERRY 01 24 | GRADY | T5N, R6W, SEC 24, SESE |
| 421071954 | BRIDWELL B 01 23 | GARVIN | T4N, R4W, SEC 23, S2NWSE |
| 421071987 | SAMEDAN 02 16 | GARVIN | T2N, R2W, SEC 16, NWNESW |
| 421072200 | ROLLER 03 26 | GARVIN | T3N, R3W, SEC 26, SENW |
| 421072229 | SAMEDAN 03 16 | GARVIN | T2N, R2W, SEC 16, SWNW |
| 421072351 | TOMLINSON B 01 08 | GARVIN | T2N, R2W, SEC 8, SWNE |
| 421072980 | HOLDER A 03 31 | GRADY | T5N, R5W, SEC 31, NESWSW |
| 421072991 | RICHARDSON A 01 23 | GARVIN | T3N, R3W, SEC 23, SWSE |
| 421076209 | CALINE 01 30 | GRADY | T5N, R5W, SEC 30, SESW |
| 421076322 | LAYTON STATE 02 36 | GARVIN | T3N, R3W, SEC 36, E2NWSE |
| 421076773 | KATE 02 01 | GRADY | T4N, R6W, SEC 1, SWNW |
| 421076776 | M R BROWN 01 02 | GRADY | T4N, R6W, SEC 2, NWNE |
| 421076790 | SU 01 30 | GRADY | T5N, R5W, SEC 30, SENESE |
| 421086780 | RICHARD 01 25 | GRADY | T5N, R6W, SEC 25, NWSESE |
| 421134027 | TYE 01 25 | GRADY | T5N, R6W, SEC 25, SESE |
| 421134237 | HARRIS 05 36 | GRADY | T5N, R6W, SEC 36, SENWNE |
| 421134239 | RICHARD 02 25 | GRADY | T5N, R6W, SEC 25, NENWSE |
| 421134517 | CALINE 02 30 | GRADY | T5N, R5W, SEC 30, SESW |
| 421140091 | FICKEL D 06 02 | BEAVER | T3N, R24E, SEC 2, NWSENW |
| 421140330 | MCKENNA TRUST 01 31 | GRADY | T5N, R5W, SEC 31, SWNENE |
| 421140602 | M R BROWN 01 02 | GRADY | T4N, R6W, SEC 2, NWNE |
| 511005133 | ECBU TRACT 1 | MCCLAIN | SW/4 NW/4 of Section 21-T6N-R3W |

| 511005134 | ECBU TRACT 2 | MCCLAIN | SE/4 NW/4 of Section 21-T6N-R3W |
| 511005135 | ECBU TRACT 3 | MCCLAIN | SW/4 NE/4 of Section 21-T6N-R3W |
| 511005136 | ECBU TRACT 4 | MCCLAIN | W/2 SW/4 of Section 21-T6N-R3W |
| 511005137 | ECBU TRACT 5 | MCCLAIN | NE/4 SW/4 of Section 21-T6N-R3W |
| 511005138 | ECBU TRACT 6 | MCCLAIN | SE/4 SW/4 of Section 21-T6N-R3W |
| 511005139 | ECBU TRACT 7 | MCCLAIN | NW/4 SE/4 of Section 21-T6N-R3W |
| 511005140 | ECBU TRACT 8 | MCCLAIN | SW/4 SE/4 of Section 21-T6N-R3W |
| 511005141 | ECBU TRACT 9 | MCCLAIN | N/2 NW/4 of Section 28-T6N-R3W |
| 511005142 | ECBU TRACT 10 | MCCLAIN | SW/4 NW/4 of Section 28-T6N-R3W |
| 511005143 | ECBU TRACT 11 | MCCLAIN | SE/4 NW/4 of Section 28-T6N-R3W |
| 511005144 | ECBU TRACT 12 | MCCLAIN | NW/4 NE/4 of Section 28-T6N-R3W |
| 511005145 | ECBU TRACT 13 | MCCLAIN | SW/4 NE/4 of Section 28-T6N-R3W |
| 511005146 | ECBU TRACT 14 | MCCLAIN | NW/4 SW/4 of Section 28-T6N-R3W |
| 511005147 | ECBU TRACT 15 | MCCLAIN | NE/4 SW/4 of Section 28-T6N-R3W |
| 511005148 | ECBU TRACT 16 | MCCLAIN | SW/4 SW/4 of Section 28-T6N-R3W |
| 511005149 | ECBU TRACT 17 | MCCLAIN | SE/4 SW/4 of Section 28-T6N-R3W |
| 511005150 | ECBU TRACT 18 | MCCLAIN | W/2 SE/4 of Section 28-T6N-R3W |
| 511005151 | ECBU TRACT 19 | MCCLAIN | NW/4 NW/4 of Section 33-T6N-R3W |
| 511005152 | ECBU TRACT 20 | MCCLAIN | NE/4 NW/4 of Section 33-T6N-R3W |
| 511005153 | ECBU TRACT 21 | MCCLAIN | SW/4 NW/4 of Section 33-T6N-R3W |
| 511005154 | ECBU TRACT 22 | MCCLAIN | SE/4 NW/4 of Section 33-T6N-R3W |
| 511005155 | ECBU TRACT 23 | MCCLAIN | NW/4 NE/4 of Section 33-T6N-R3W |
| 511005156 | ECBU TRACT 24 | MCCLAIN | SW/4 NE/4 of Section 33-T6N-R3W |
| 511005157 | ECBU TRACT 25 | MCCLAIN | NW/4 SW/4 of Section 33-T6N-R3W |
| 511005158 | ECBU TRACT 26 | MCCLAIN | NE/4 NE/4 of Section 29-T6N-R3W |
| 511005159 | ECBU TRACT 27 | MCCLAIN | SE/4 NE/4 of Section 29-T6N-R3W |
| 511005243 | MFU TR 01 | PONTOTOC | N/2 S/2 SW/4 of Section 20-2N-7E |
| 511005244 | MFU TR 02 | PONTOTOC | S/2 S/2 SW/4 of Section 20-2N-7E |
| 511005246 | MFU TR 04 | PONTOTOC | S/2 SE/4 of Section 20-2N-7E |
| 511005253 | MFU TR 10 | PONTOTOC | E/2 SW/4 AND SW/4 SE/4 of Section 29-2N-7E |
| 511005254 | MFU TR 11 | PONTOTOC | N/2 SE/4 of Section 29-2N-7E |
| 511005255 | MFU TR 12 | PONTOTOC | SE/4 SE/4 of Section 29-2N-7E |
| 511005256 | MFU TR 13 | PONTOTOC | NW/4 NW/4 of Section 32-2N-7E |
| 511005257 | MFU TR 14 | PONTOTOC | NW/4 SW/4  NW/4 AND N/2 NE/4 NW/4 AND SW/4 NE/4 NW/4 of Section 32-2N-7E |
| 511005258 | MFU TR 15 | PONTOTOC | N/2 NW/4 NE/4 of Section 32-2N-7E |

33

| 511005259 | MFU TR 16 | PONTOTOC | N/2 NE/4 NE/4 of Section 32-2N-7E |
| 511005245 | MFU TR 3 | PONTOTOC | S/2 N/2 SE/4 of Section 20-2N-7E |
| 511005247 | MFU TR 5 | PONTOTOC | NW/4 of Section 29-2N-7E |
| 511005248 | MFU TR 6 | PONTOTOC | W/2 NE/4 of Section 29-2N-7E |
| 511005249 | MFU TR 7 | PONTOTOC | E/2 NE/4 of Section 29-2N-7E |
| 511005250 | MFU TR 8 | PONTOTOC | NW/4 NW/4 AND NW/4 SW/4 NW/4 of Section 28-2N-7E |
| 511005251 | MFU TR 8A | PONTOTOC | SW/4 SW/4 NW/4 of Section 28-2N-7E |
| 511005252 | MFU TR 9 | PONTOTOC | W/2 SW/4 of Section 29-2N-7E |
| 511005289 | NEDU TR 1 | MURRAY | SW/4 NW/4 NW/4 S/2 NW/4 and NW/4 S/4 of Section 14- T1N-R2E |
| 511005290 | NEDU TR 2 | MURRAY | E/2 E/2 SE/4 and NW/4 NE/4 SE/4 of Section 14-T1N-R2E |
| 511005291 | NEDU TR 3 | MURRAY | SW/4 NE/4 SE/4 of Section 15-T1N-R2E |
| 511005292 | NEDU TR 4 | MURRAY | E/2 SE/4 SW/4 SW/4 SE/4 and E/2 NW/4 SE/4 of Section 15-T1N-R2E |
| 511005293 | NEDU TR 5 | MURRAY | W/2 NW/4 SE/4 of Section 15-T1N-R2E |
| 511005294 | NEDU TR 6 | MURRAY | E/2 NE/4 SW/4 of Section 15-T1N-R2E |
| 511005295 | NEDU TR 7 | MURRAY | W/2 SE/4 SW/4 of Section 15-T1N-R2E |
| 511005296 | NEDU TR 8 | MURRAY | W/2 SE/4 SE/4 of Section 15-T1N-R2E |
| 511005297 | NEDU TR 9 | MURRAY | NE/4 NW/4 of Section 22-T1N-R2E |
| 511005298 | NEDU TR 10 | MURRAY | NW/4 NE/4 of Section 22 & W/2 NE/4 NE/4 of Section 21-T1N-R2E |
| 511005299 | NEDU TR 11 | MURRAY | NW/4 SW/4 NE/4 of Section 22-T1N-R2E |
| 511005300 | NEDU TR 12 | MURRAY | SE/4 NW/4 of Section 22-T1N-R2E |
| 511005301 | NEDU TR 13 | MURRAY | E/2 SE/4 NE/4 of Section 15-T1N-R2E |
| 511005302 | NEDU TR 14 | MURRAY | W/2 SE/4 NE/4 of Section 15-T1N-R2E |
| 511005303 | NEDU TR 15 | MURRAY | SW/4 NE/4 of Section 15-T1N-R2E |
| 511005304 | NEDU TR 16 | MURRAY | SW/4 SW/4 and NE/4 SW/4 of Section 14-T1N-R2E |
| 511005305 | NEDU TR 17 | MURRAY | E/2 NE/4 NE/4 of Section 22-T1N-R2E |
| 511005307 | NEVU TR 1 | CADDO | SE/4 of Section 26-T9N-R9W |
| 511005308 | NEVU TR 2 | CADDO | SW/4 of Section 25-T9N-R9W |
| 511005309 | NEVU TR 3 | CADDO | NE/4 of Section 36-T9N-R9W |
| 511005310 | NEVU TR 4 | CADDO | NW/4 of Section 36-T9N-R9W |
| 511005311 | NEVU TR 5 | CADDO | NE/4 of Section 36-T9N-R9W |
| 511005312 | NEVU TR 6 | CADDO | SE/4 of Section 35-T9N-R9W |
| 511005313 | NEVU TR 7 | CADDO | SW/4 of Section 36-T9N-R9W |

| 511005314 | NEVU TR 8  | CADDO | SE/4 of Section 36-T9N-R9W |
| 511005315 | NEVU TR 9  | GRADY | Lots 3 & 4 and E/2 SW/4 of Section 31-T9N-R8W |
| 511005316 | NEVU TR 10 | GRADY | SE/4 of Section 31-T9N-R8W |
| 511005317 | NEVU TR 11 | GRADY | SW/4 of Section 32-T9N-R8W |
| 511005319 | NEVU TR 13 | GRADY | SW/4 of Section 33-T9N-R8W |
| 511005321 | NEVU TR 15 | GRADY | Lots 3 & 4 and S/2 NW/4 of Section 4-T8N-R8W |
| 511005322 | NEVU TR 16 | GRADY | Lots 1 & 2 and S/2 NE/4 of Section 5-T8N-R8W |
| 511005323 | NEVU TR 17 | GRADY | Lots 3 & 4 and S/2 NW/4 of Section 5-T8N-R8W |
| 511005324 | NEVU TR 19 | GRADY | Lots 3, 4 & 5 and SE/4 NW/4 of Section 6-T8N-R8W |
| 511005325 | NEVU TR 20 | CADDO | Lots 1 & 2 and S/2 NE/4 of Section 1-T8N-R9W |
| 511005326 | NEVU TR 21 | CADDO | Lots 3 & 4 and S/2 NW/4 of Section 1-T8N-R9W |
| 511005327 | NEVU TR 22 | CADDO | Lots 1 & 2 and S/2 NE/4 of Section 2-T8N-R9W |
| 511005328 | NEVU TR 23 | CADDO | SE/4 of Section 2-T8N-R9W |
| 511005331 | NEVU TR 26 | GRADY | Lots 6 & 7 and E/2 SW/4 of Section 6-T8N-R8W |
| 511005332 | NEVU TR 27 | GRADY | SE/4 of Section 6-T8N-R8W |
| 511005333 | NEVU TR 28 | GRADY | SW/4 of Section 5-T8N-R8W |
| 511005334 | NEVU TR 29 | GRADY | SE/4 of Section 5-T8N-R8W |
| 511005335 | NEVU TR 30 | GRADY | SW/4 of Section 4-T8N-R8W |
| 511005336 | NEVU TR 31 | GRADY | NE/4 of Section 9-T8N-R8W |
| 511005337 | NEVU TR 32 | GRADY | NW/4 of Section 9-T8N-R8W |
| 511005338 | NEVU TR 33 | GRADY | NE/4 of Section 8-T8N-R8W |
| 511005341 | NEVU TR 36 | GRADY | Lots 1 & 2 and E/2 NW/4 of Section 7-T8N-R8W |
| 511005342 | NEVU TR 37 | CADDO | NE/4 of Section 12-T8N-R9W |
| 511005343 | NEVU TR 38 | CADDO | NW/4 of Section 12-T8N-R9W |
| 511005344 | NEVU TR 39 | CADDO | NE/4 of Section 11-T8N-R9W |
| 511005345 | NEVU TR 40 | CADDO | SE/4 of Section 11-T8N-R9W |
| 511005346 | NEVU TR 41 | CADDO | SW/ of Section 12-T8N-R9W |
| 511005347 | NEVU TR 42 | CADDO | SE/4 of Section 12-T8N-R9W |
| 511005348 | NEVU TR 43 | GRADY | Lots 3 & 4 and E/2 SW/4 of Section 7-T8N-R8W |
| 511005349 | NEVU TR 44 | GRADY | SE/4 of Section 7-T8N-R8W |
| 511005350 | NEVU TR 47 | GRADY | SW/4 of Section 9-T8N-R8W |
| 511005351 | NEVU TR 48 | GRADY | SE/4 of Section 9-T8N-R8W |
| 511005352 | NEVU TR 49 | GRADY | NE/4 of Section 16-T8N-R8W |
| 511005354 | NEVU TR 51 | GRADY | NE/4 of Section 17-T8N-R8W |
| 511005357 | NEVU TR 55 | GRADY | SW/4 of Section 16-T8N-R8W |
| 511005358 | NEVU TR 57 | GRADY | SW/4 of Section 15-T8N-R8W |
| 511005359 | NEVU TR 58 | GRADY | SE/4 of Section 15-T8N-R8W |

| | | | |
|---|---|---|---|
| 511005360 | NEVU TR 59 | GRADY | SW/4 of Section 14-T8N-R8W |
| 511005361 | NEVU TR 60 | GRADY | NW/4 of Section 23-T8N-R8W |
| 511005362 | NEVU TR 61 | GRADY | NE/4 of Section 22-T8N-R8W |
| 511005363 | NEVU TR 62 | GRADY | NW/4 of Section 22-T8N-R8W |
| 511005364 | NEVU TR 64 | GRADY | NW/4 of Section 21-T8N-R8W |
| 511005367 | NEVU TR 67 | GRADY | SW/4 of Section 20-T8N-R8W |
| 511005369 | NEVU TR 69 | GRADY | SW/4 of Section 21-T8N-R8W |
| 511005370 | NEVU TR 70 | GRADY | SE/4 of Section 21-T8N-R8W |
| 511005371 | NEVU TR 71 | GRADY | SW/4 of Section 22-T8N-R8W |
| 511005372 | NEVU TR 72 | GRADY | SE/4 of Section 22-T8N-R8W |
| 511005373 | NEVU TR 73 | GRADY | NW/4 of Section 27-T8N-R8W |
| 511005376 | NEVU TR 76 | GRADY | NE/4 of Section 29-T8N-R8W |
| | | | NW/4 SE/4 SEC. 25, T-4-N, R-3-W |
| | | | SW/4 SE/4 SEC. 25, T-4-N, R-3-W |
| | | | SE/4 SW/4 SEC. 25, T-4-N, R-3-W |
| | | | NW/4 NE/4 SEC. 36, T-4-N, R-3-W |
| | | | NE/4 NW/4 SEC. 36, T-4-N, R-3-W |
| | | | NW/4 NW/4 SEC. 36, T-4-N, R-3-W |
| | | | SW/4 NE/4 SEC. 36, T-4-N, R-3-W |
| | | | SE/4 NW/4 SEC. 36, T-4-N, R-3-W |
| | | | SW/4 NW/4 AND NW/4 SW/4 SEC. 36, T-4-N, R-3-W |
| | | | NW/4 SE/4 SEC. 36, T-4-N, R-3-W |
| | | | NE/4 SW/4 SEC. 36, T-4-N, R-3-W |
| | | | SW/4 SE/4 SEC. 36, T-4-N, R-3-W |
| 501027544 | SW MAYSVILLE OIL CRK | GARVIN | SE/4 SW/4 SEC. 36, T-4-N, R-3-W |
| 511005424 | WFU TR 1 | PONTOTOC | S/2 SE/4 SE/4 of Section 19-T2N-R7E |
| 511005425 | WFU TR 2 | PONTOTOC | S/2 SW/4 SE/4 of Section 19-T2N-R7E |
| 511005426 | WFU TR 3 | PONTOTOC | S/2 SE/4 SW/4 of Section 19-T2N-R7E |
| 511005428 | WFU TR 5 | PONTOTOC | S 16.08 acres of Lot 4 of Section 19-T2N-R7E, also described as the S/2 SW/4 SW/4 of Section 19-T2N-R7E |
| 511005429 | WFU TR 6 | PONTOTOC | S/2 SE/4 SE/4 of Section 24-T2N-R6E |
| 511005430 | WFU TR 7 | PONTOTOC | SE/4 SW/4 SE/4 of Section 24-T2N-R6E |
| 511005431 | WFU TR 8 | PONTOTOC | NE4/NE4 AND N2/NW4/SE4/NE4 SEC 30-T-2-N, R-7-E |
| 511005427 | WFU TR 9 | PONTOTOC | NE/4 NW/4 & NW/4 NE/4 of Section 30- T2N-R7E |
| 511005432 | WFU TR 10 | PONTOTOC | NW/4 NW/4 & N/2 SW/4 NW/4 & SE/4 SW/4 NW/4 of Section 30-T2N-R7E |

| 511005433 | WFU TR 11 | PONTOTOC | NE/4 NE/4 of Section 25-T2N-R6E |
| 511005434 | WFU TR 12 | PONTOTOC | NW/4 NE/4 of Section 25-T2N-R6E |
| 511005435 | WFU TR 13 | PONTOTOC | S2/NE/4/NW4 SEC 25-T2N-R6E |
| 511005436 | WFU TR 14 | PONTOTOC | S/2 SE/4 NE/4 & S/2 N/2 SE/4 NE/4 & N/2 NE/4 SE/4 NE/4 of Section 30-T2N-R7E |
| 511005437 | WFU TR 15 | PONTOTOC | SW4/NE4 SEC 30-T-2-N, R-7-E |
| 511005438 | WFU TR 16 | PONTOTOC | SE/4/NW4 SEC 30-T-2-N, R-7-E |
| 511005439 | WFU TR 17 | PONTOTOC | SW4 OF LOT 2 SEC 30-T-2-N, R-7-E |
| 511005440 | WFU TR 18 | PONTOTOC | SE/4/NE4 SEC 25-T-2-N, R-6-E |
| 511005441 | WFU TR 19 | PONTOTOC | SW/4 NE/4 & N/2 NW/4 SE/4 of Section 25-T2N- R6E |
| 511005442 | WFU TR 20 | PONTOTOC | S/2 NW/4 of Section 25-T2N-R6E |
| 511005443 | WFU TR 21 | PONTOTOC | SE/4 SE/4 NE/4 of Section 26-T2N-R6E |
| 511005446 | WFU TR 24 | PONTOTOC | Lots 3 & 4 of Section 30-T2N-R7E, also described as W/2 SW/4 of Section 30-T2N-R7E |
| 511005447 | WFU TR 25 | PONTOTOC | NE/4 SE/4 of Section 25-T2N-R6E |
| 511005448 | WFU TR 26 | PONTOTOC | N2/SE4/SE4 SEC 25-T-2-N, R-6-E |
| 511005449 | WFU TR 27 | PONTOTOC | S/2 SE/4 SE/4 of Section 25 & NE/4 NE/4 of Section 36, all in T-2N-R6E |
| 511005450 | WFU TR 28 | PONTOTOC | SW/4 SE/4 & S/2 NW/4 SE/4 of Section 25-T2N- R6E |
| 511005451 | WFU TR 29 | PONTOTOC | SW/4 of Section 25, less about 7 1/2 acres lying and being situated West of State Hwy. 48, T-2N- R6E |
| 511005453 | WFU TR 31 | PONTOTOC | PT OF W2/SW4/SW4 SEC 25-T-2-N, R-6-E LYING WEST OF HWY 99 (FMLY HWY 48) AND E2/SE4/SE4 AND E2/E2/SW4/SE4/SE4 SEC 26-T-2-N, R-6-E |
| 511005456 | WFU TR 35 | PONTOTOC | N/2 SE/4 NE/4 of Section 31-T2N-R7E |
| 511005457 | WFU TR 36 | PONTOTOC | NW/4 NE/4 & N/2 SW/4 NE/4 & NE/4 SE/4 NW/4 of Section 31-T2N-R7E |
| 511005458 | WFU TR 37 | PONTOTOC | Lot 1 & NE/4 NW/4 of Section 31, also known as the N/2 NW/4 of Section 31-T2N-R7E |
| 511005459 | WFU TR 38 | PONTOTOC | NW/4 SE/4 NW/4 of Section 31-T2N-R7E |
| 511005460 | WFU TR 39 | PONTOTOC | N/2 of Lot 2, also known as N/2 SW/4 NW/4 of Section 31-T2N-R7E |
| 511005461 | WFU TR 40 | PONTOTOC | NW/4 NE/4 & N/2 S/2 NE/4 of Section 36-T2N- R6E |
| 511005462 | WFU TR 41 | PONTOTOC | E/2 NE/4 NW/4 of Section 36-T2N-R6E |
| 511005463 | WFU TR 42 | PONTOTOC | W/2 NE/4 NW/4 of Section 36-T2N-R6E |
| 511005464 | WFU TR 43 | PONTOTOC | S/2 SW/4 NE/4 of Section 36-T2N-R6E |

| | | | |
|---|---|---|---|
| | | | E/2 SE/4 NW/4 & NW/4 SE/4 NW/4 of Section 36-T2N-R6E |
| 511005465 | WFU TR 45 | PONTOTOC | |
| 511005466 | WFU TR 46 | PONTOTOC | N2/NW4/NW4 SEC 36-T-2-N, R-6-E |
| 511005467 | WFU TR 47 | PONTOTOC | S/2 NW/4 NW/4 of Section 36-T2N-R6E |
| 511005468 | WFU TR 48 | PONTOTOC | N/2 SW/4 NW/4 of Section 36-T2N-R6E |
| 511005469 | WFU TR 49 | PONTOTOC | NE4/NE4/NE4 SEC 35-T-2-N, R-6-E |
| 511005470 | WFU TR 50 | PONTOTOC | SE/4 NE/4 NE/4 of Section 35-T2N-R6E |
| 511005471 | WFU TR 51 | PONTOTOC | SE/4 NW/4 NE/4 & NW/4 NE/4 NE/4 of Section 35-T2N-R6E |
| 511005472 | WFU TR 52 | PONTOTOC | SW/4 NE/4 NE/4 of Section 35-T2N-R6E |
| 511005473 | WFU TR 53 | PONTOTOC | NE/4 NW/4 NE/4 of Section 35-T2N-R6E |
| 511005474 | WFU TR 54 | PONTOTOC | N/2 SE/4 NE/4 of Section 35-T2N-R6E |

*Execution Version*

## <u>Exhibit F</u>

**List of Affiliates of Defendants**

Sheridan Investment Partners I, LLC
Sheridan Production Partners I, LLC
SPP I-B GP, LLC
Sheridan Production Partners I-B, L.P.
Sheridan Production Partners Manager, LLC
Sheridan Production Company I, LLC
Sheridan Production Operating Company, LLC

**Exhibit 2**

**Notice of Settlement**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § | Case No. 20-31884 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

> **PLEASE READ THIS NOTICE CAREFULLY.  THIS NOTICE EXPLAINS IMPORTANT RIGHTS YOU MAY HAVE, INCLUDING THE POSSIBLE RELEASE OF CERTAIN CLAIMS.  IF YOU DO NOT OPT-OUT OF THE SETTLEMENT CLASS, YOUR LEGAL RIGHTS WILL BE AFFECTED.  IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT AGREEMENT, OR YOUR PARTICIPATION IN THE PROPOSED SETTLEMENT, PLEASE DO NOT CONTACT THE COURT, THE DEFENDANTS, OR THEIR COUNSEL.  ALL QUESTIONS SHOULD BE DIRECTED TO SETTLEMENT CLASS COUNSEL OR THE SETTLEMENT ADMINISTRATOR.   A HEARING TO DETERMINE THE FAIRNESS OF THE SETTLEMENT AGREEMENT AND TO FINALLY APPROVE THE SETTLEMENT AGREEMENT WILL BE HELD ON [•], 2020 AT [•], PREVAILING CENTRAL TIME, BEFORE THE HONORABLE DAVID R. JONES, AT 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**

THIS IS AN OFFICIAL NOTICE SENT TO YOU UNDER COURT ORDER FROM THE HONORABLE DAVID R. JONES, CHIEF JUDGE OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, TO THE SETTLEMENT CLASS, DEFINED AS:

> All royalty owners who received or who were entitled to receive royalty payments from Sheridan Production Company, LLC ("SPC") attributable to production from Oklahoma wells that are or have been operated (or marketed and directly paid to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092).  The location of the Debtors' service address is:  1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

royalty owners) by SPC and produced gas (such as residue gas, natural gas liquids, or helium) prior to March 23, 2020 (the "Petition Date").

Excluded from the Settlement Class are: (1) the Office of Natural Resources Revenue f/k/a the Mineral Management Service (Indian tribes and the United States); (2) Defendants and their employees, officers, and directors; and (3) any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, production, gathering, processing, or marketing.

More information can be found on the website established for communications about this settlement: **www.taylorsheridanfund1settlement.com**. The website includes a list of Class Wells that are affected by, and subject to, this Settlement as well as the entire Settlement Agreement with its exhibits (the "Settlement Agreement").[2]

The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") authorized this notice (this  "Notice").  This is not a solicitation from a lawyer.   The purpose of this Notice is to advise you that:

(a)     The Court has preliminarily approved the Settlement and has certified a Settlement Class for settlement purposes only as defined above.

(b)     The Class Representatives, Class Counsel, and Defendants have entered into a Settlement Agreement that shall become effective if a court order approving the Settlement becomes final and not subject to appeal. The Settlement Agreement provides that Defendants shall pay the Settlement Class $5,094,000.00 (the "Settlement Proceeds"), subject to the conditions and qualifications set forth in the Settlement Agreement, including the provisions decreasing such amount for the return to Defendants of any Monies Payable to Opt-Outs. The Settlement Proceeds is a gross amount before deduction of court approved Class Fees and Expenses and Administration Expenses.

(c)     The Court will conduct a hearing to determine whether to finally approve the Settlement, among other things (the "Settlement Fairness Hearing").

<div align="center">

**TO OBTAIN THE BENEFITS OF THIS PROPOSED SETTLEMENT, YOU DO NOT HAVE TO DO ANYTHING.**

</div>

## I.      SUMMARY OF THE CLASS ACTION LITIGATION

This Class Lawsuit was originally filed as two separate cases and consolidated into Case No. CIV-18-29, *Kyle Alan Taylor and Tony Ray Whisenant v. Sheridan Production Company, LLC et al*, on file in the United States District Court for the Western District of Oklahoma. In addition to the Class Lawsuit, an individual suit was filed in state court, *Born, et al. v. Sheridan Production*

---

2    Capitalized terms not defined herein shall have the meanings set forth in the Settlement Agreement.

*Company, L.L.C.,* No. CJ-2012-47, Caddo County, Oklahoma. Plaintiffs, on behalf of themselves and, as Class Representatives, on behalf of all similarly situated royalty owners, asserted in both the Class Lawsuit and *Born* that Defendants breached express terms and implied duties in the leases and breached their fiduciary duty by deducting costs incurred after the gathering line inlet from royalty. The Released Claims (as defined in ¶ 1.24 of the Settlement Agreement) include all claims that were or could have been asserted in the Class Lawsuit and *Born* relating to royalties on gas and gas constituents in connection with the Class Lawsuit and *Born.*

Defendants have adamantly denied, and continue to deny, the claims asserted in the Class Lawsuit and *Born* and have vigorously defended against them.

On the Petition Date, Defendants filed voluntary petitions under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  With the commencement of the Bankruptcy Proceeding, the Parties jointly moved for preliminary approval of the Settlement and approval of this Notice to be provided to potential members of the Settlement Class. If the Settlement is not approved or is terminated, the Parties shall be returned to the status quo that existed immediately prior to the date of execution of the Settlement Agreement. If the Court finally approves the Settlement, the Class Lawsuit and *Born* will be dismissed with prejudice.

By giving this Notice, the Court is not expressing any opinion regarding the merits of either the Class Representatives' claims or Defendants' defenses. Nothing contained in this Notice should be construed as suggesting the Court's view as to which side might prevail should this matter proceed to class certification and trial on the merits.

## II.   <u>CLASS CERTIFICATION</u>

The Court has entered the Preliminarily Approval Order. The Preliminary Approval Order is available at www.taylorsheridanfund1settlement.com or http://cases.primeclerk.com/SheridanI.

In the Order, for settlement purposes only, the Court approved the Settlement Class as described above and designated Kyle Alan Taylor, Tony Ray Whisenant, Stanley Ray Born and Ronda Jean Born as the Class Representatives of the Settlement Class and appointed the below named lawyers from four law firms as Settlement Class Counsel:

Rex. A. Sharp
Sharp Barton, LLP
5301 W. 75th Street
Prairie Village, KS 66208

Allan DeVore
Jandra Cox
DeVore Law Firm, PLC
5709 NW 132nd St.
Oklahoma City, OK 73142

Michael E. Grant
Grant Law Firm, PLLC
512 N.E. 12th Street
Oklahoma City, OK 73103

Charles Rubio
Diamond McCarthy, LLP
295 Madison Avenue, 27th Floor
New York, NY 10017

You may hire your own attorney if you wish; however, you will be responsible for your attorney's fees and expenses.

## III.    THE PROPOSED CLASS SETTLEMENT

Following extensive settlement negotiations, the Class Representatives, on behalf of themselves and the Settlement Class, Settlement Class Counsel, and the Defendants have agreed to enter into the Settlement Agreement and grant the mutual releases of the Released Claims contained therein.

The basic terms of the Settlement Agreement between the Settlement Class and the Defendants are as follows:

1.    Defendants will pay the sum of $5,094,000.00 (subject to adjustments set forth in the Settlement Agreement) to the Settlement Class in full, complete, and final settlement of all Released Claims as to all Released Parties. Defendants shall not be liable to the Settlement Class, the Class Representatives, or Settlement Class Counsel for any other costs, expenses or fees.

2.    The Released Parties include: (a) all Defendants, the Affiliates of Defendants, including those named on **Exhibit F** attached to the Settlement Agreement, and the Reorganized Debtors and shall also include the respective past, present and future Affiliates, employees, officers, directors, limited partners, general partners, shareholders, managers, members, attorneys, agents and/or other representatives of such entities; (b) the Settlement Class Members (including Class Representatives) and their attorneys; and (c) other working interest owners in Class Wells, who shall also constitute Released Parties, but only to the extent Defendants and/or the Affiliates of Defendants marketed gas or gas constituents and paid royalty on behalf of such other working interest owners prior to the Petition Date.

3.    Defendants and the Class Representatives agree that the Settlement Proceeds, subject to adjustments for opt-outs and exclusions from the Settlement Class, shall be for the benefit of the Settlement Class, subject only to payment of court-approved Class Fees and Expenses and Administration Expenses.

4.    Upon the Effective Date, all Settlement Class Members shall be deemed to have released all of the Released Parties, Settlement Class Counsel, and the Class Representatives from all claims arising from or in connection with the negotiation, execution, solicitation, administration, determination, calculation, or payment of benefits or the investment or distribution of the Settlement Proceeds.

5.    The Released Claims (as defined in ¶ 1.24 of the Settlement Agreement) include, all claims, demands, actions, causes of action, allegations, compulsory or permissive counterclaims, credits, off-sets, defenses, rights, obligations, costs, fees, losses, and damages of any and every kind or nature, known or unknown, whether in law or equity, in tort or contract, or arising under any statute or regulations, that are associated with the marketing, movement, treatment, processing, sale, trade, calculation, reporting, allocation, payment, and similar acts/activities relating in

whole or in part to royalty on gas and its constituents produced from the Class Wells (including residue gas, natural gas liquids, fuel gas, casinghead gas, drip condensate, condensate, helium, nitrogen, and any other forms of hydrocarbon gas production or products therefrom) and on-lease and off-lease use of such gas during the Released Period.

The Released Claims specifically include, but are not limited to, those claims that arise from or in connection with acts or omissions of any of the Released Parties (including, but not limited to, all intentional or negligent misconduct), which were or could have been asserted, made, or described in the operative petition, complaint, or amended complaint, and the answers or counterclaims in the Class Lawsuit and in *Born*, or that could have been alleged as a compulsory or permissive counterclaim, credit, off-set or defense, and shall also include and release any alternative theories of recovery for the same claims, actions, or subject matter that could have been asserted in the Class Lawsuit and in *Born*, even if not asserted.

6.      Defendants have asserted and continue to assert many defenses to the Class Representatives' and Settlement Class' claims and contentions. Defendants expressly assert their defenses have merit and that they have no liability to the Settlement Class or the Class Representatives.

## IV.   DISTRIBUTION OF NET SETTLEMENT AMOUNT TO SETTLEMENT CLASS MEMBERS

Settlement Class Counsel has requested that the Court (i) award Settlement Class Counsel an attorney's fee in an amount to be determined by the Court but not to exceed forty percent (40%) of the Settlement Proceeds as is customary in Oklahoma royalty underpayment class actions; (ii) award the Class Representatives a fee in an amount to be determined by the Court but not to exceed two percent (2%) of the Settlement Proceeds; (iii) reimburse Class Counsel from the Settlement Proceeds for all litigation expenses paid by Settlement Class Counsel, including expert and consulting fees and other litigation expenses in amounts to be determined by the Court; and (iv) authorize payment of Administration Expenses. If the Court approves this request, such amounts will be deducted from the Settlement Proceeds before the Net Settlement Amount is calculated and Distribution Checks are mailed to the Settlement Class Members.

Defendants have provided or will be providing data on the volume of gas produced by each Class Well on an Mcf basis for the Released Period and the last available revenue transaction report for each Class Well in their possession as of the Petition Date. From this data, the Class's expert and Settlement Class Counsel will aggregate the production of gas on an Mcf basis from each Class Well for the entire Released Period and compare that volume to the total volume of gas produced on an Mcf basis from all Class Wells for the entire Released Period to arrive at a percentage of volume produced by each Class Well during the Released Period. The Class's expert will then apply this percentage to 56% of the Settlement Proceeds to arrive at a preliminary estimate of the Net Settlement Amount to be distributed to each Class Well. Using 56% of the Settlement Proceeds for the preliminary allocation assumes 44% of the Settlement Proceeds will be used to pay court-approved Class Fees and Expenses and Administration Expenses.

Utilizing this methodology, a proportionate share of the estimated Net Settlement Amount will be preliminarily allocated to each Class Well. Utilizing the last available revenue transaction report for each Class Well obtained from Defendants or, if necessary, relevant royalty owner information from successor third-party operators, the preliminarily allocated amount will be further allocated from the Class-Well-level to each royalty owner in each Class Well. A preliminary Summary Final Distribution Report will be posted on the website taylorsheridanfund1settlement.com when it is available to show you your allocated portion of the Net Settlement Amount. If a Settlement Class Member's distribution amount is less than $5.00, the Settlement Administrator will not issue or mail a Distribution Check to such Settlement Class Member. Instead the amount will be held as Undistributed Proceeds and distributed as part of the Final Undistributed Fund. Please check the website periodically for updated information.

If a Class Well was plugged or shut-in during the Released Period, then the amount allocated to that Class Well shall be paid to the last known royalty owners paid by Defendants in those wells. If a Class Well was sold during the Class Period, then the amount allocated to the Class Well shall be paid to the last known royalty owners as may be ascertained from relevant royalty owner information provided by successor third-party operators to Settlement Class Counsel, publicly available data, or otherwise upon fair inquiry.

The distribution described above is based upon the following assumptions: (a) that very few sales of royalty interests in Class Wells have occurred during the Released Period; (b) if sales did occur during the Released Period, the buyer was entitled to receive payment for all past claims covered by the Settlement; and (c) if royalty interests passed through inheritance, devise, intra-family or interfamily transfers, that it was the intent that the heir, devisee or transferee also receive payment for all past claims covered by the Settlement. To the extent these assumptions are incorrect or a payee is not the proper party to receive payment, such Settlement Class Member who receives payment shall in turn make the correct payment to the proper party or parties entitled thereto or return the funds to the Settlement Administrator.

A draft of the Plan of Allocation and Distribution that details more fully the allocation process is attached as **Exhibit A** to the Settlement Agreement and remains subject to Court approval.

## V.    CLASS SETTLEMENT FAIRNESS HEARING

The Settlement Fairness Hearing will be held on [•], 2020 beginning at ___ __.m., in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Courtroom 400, 4th Floor, 515 Rusk St., Houston, Texas 77002

**A SETTLEMENT CLASS MEMBER WHO DOES NOT OPT-OUT DOES NOT NEED TO APPEAR AT THE SETTLEMENT FAIRNESS HEARING OR TAKE ANY OTHER ACTION TO PARTICIPATE IN THE SETTLEMENT.**

## VI.    WHAT ARE YOUR OPTIONS AS A SETTLEMENT CLASS MEMBER?

### A.    You Can Participate in the Class Settlement by Doing Nothing.

By taking no action, your interests will be represented by the Class Representatives and Settlement Class Counsel. As a Settlement Class Member, you will be bound by the outcome of the Settlement, if finally approved by the Court. The Class Representatives and Settlement Class Counsel believe that the Settlement is in the best interest of the Settlement Class, and, therefore, they intend to support the proposed Settlement at the Settlement Fairness Hearing.

**B.      You May Opt-Out of the Settlement Class.**

If you do not wish to be a member of the Settlement Class, then you may opt-out of the Settlement Class as set forth in ¶ 10.3 of the Settlement Agreement and summarized below. You must mail your opt-out to the Settlement Administrator at the address provided below:

> Taylor-Sheridan Fund 1 Settlement
> c/o JND Legal Administration
> PO Box 91231
> Seattle, WA 98111

**IN ORDER TO BE VALID, YOUR OPT-OUT MUST BE RECEIVED BY THE SETTLEMENT ADMINISTRATOR ON OR BEFORE 5:00 P.M. (CST) ON [•], 2020.**

Your opt-out must state the following:

(a)      I elect to opt-out of the Settlement Class. I understand it will be my responsibility to pursue any claims I may have, if I so desire, on my own and at my expense;

(b)      My Sheridan royalty identification owner number is #_____. I have owned a royalty interest in the following Class Wells: [identify each Class Well by Well/ property name as shown on your check stub]; and

(c)      Your notarized signature.

**C.      You May Remain a Member of the Settlement Class but Object to the Proposed Settlement.**

Under the Settlement Agreement, you have the right to remain a member of the Settlement Class but still object to the proposed Settlement and any of its terms, including the requests for Class Counsels' Fees and Expenses and Administration Expenses. To object to the Settlement, you must file with the Clerk of the Court for the United States Bankruptcy Court for the Southern District of Texas, Houston Division, 515 Rusk St., Houston, Texas 77002, on or before 5:00 p.m. CST on [•], 2020, a written objection containing the following information:

(a)      The caption of this action shown above on the first page of this Notice;

(b)      A reasonably detailed statement of each objection;

(c)      Your current address and telephone number;

(d)      Your owner identification number with Sheridan;

(e)      The name of each well in which you own a royalty interest as shown on your check

stub from Sheridan; and

(f)     Your signature.

If you fail to timely file such written statement or to provide the required information, the Court will treat your objection as not filed at all. Also, any appeal by a valid and timely objector must comply with the Settlement Agreement, which is available in its entirety at www.taylorsheridanfund1settlement.com or http://cases.primeclerk.com/SheridanI.

## VII.   CONDITIONS AND CONSEQUENCES OF NON-APPROVAL

If the Court does not approve the Settlement or if a Party exercises its right to void or terminate the Settlement, or if the Settlement fails to become effective for any reason, the Parties shall be returned to the status quo that existed immediately prior to the date of execution of the Settlement Agreement.

## VIII.   SCOPE OF NOTICE AND ADDITIONAL INFORMATION

> **This Notice of Settlement contains only a summary of the Class Lawsuit, *Born*, and the proposed Settlement Agreement. The pleadings and other papers filed in the Debtors' chapter 11 cases are available for review at http://cases.primeclerk.com/SheridanI or the Court's website at www.txs.uscourts.gov/bankruptcy.**
>
> **You also may obtain a copy of the Complaint and Settlement Agreement, as well as any status updates on this case, from the following website: www.taylorsheridanfund1settlement.com. You may also call the Settlement Administrator at 1-888-670-0458.**

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, THE DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE**

**INQUIRIES SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR.**

## Exhibit 3

**Publication Notice of Settlement**

**If You Are or Were a Royalty Owner in an Oklahoma
Oil and Gas Well Operated by Sheridan Production Company, LLC,
You Could be a Part of a Proposed Class Action Settlement**

Go to www.taylorsheridanfund1settlement.com for more information, including the entire Settlement Agreement with its exhibits (the "Settlement Agreement"). Exhibit E to the Settlement Agreement contains a list of the Class Wells subject to the Settlement. All capitalized terms not defined herein have the same meaning as set forth in the Settlement Agreement.

The Settlement Class includes:

> All royalty owners who received or who were entitled to receive royalty payments from Sheridan Production Company, LLC, ("SPC") attributable to production from Oklahoma wells that are or have been operated (or marketed and directly paid to royalty owners) by SPC, and produced gas (such as residue gas, natural gas liquids, or helium) prior to March 23, 2020 (the "Petition Date").

> Excluded from the Settlement Class are: (1) the Office of Natural Resources Revenue f/k/a The Minerals Management Service (Indian Tribes and the United States) (2) Defendants and their employees, officers, and directors; and (3) any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, production, gathering, processing or marketing.

The litigation which is the subject of the Settlement seeks damages for Defendants' alleged improper payment of royalty. Defendants have adamantly denied, and continue to deny, all claims asserted in the litigation and have vigorously defended against them. Nothing contained in this notice should be construed as suggesting the Court's (as defined below) view as to which side might prevail should this matter proceed to class certification and trial on the merits.

On _____, the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") preliminarily approved the settlement in which Defendants have agreed to pay $5,094,000.00 (Five Million Ninety-Four Thousand Dollars) in cash (the "Settlement Proceeds"), subject to the conditions and qualifications set forth in the Settlement Agreement, including the provisions decreasing such amount for the return to Defendants of any Monies Payable to Opt-Outs.

The Settlement Proceeds is a gross amount before deduction of court approved Class Fees and Expenses (which includes Settlement Class Counsel's attorney fees and litigation expenses, the Class Representatives' contribution award, and payment of expert and consulting fees) and at least $94,000.00 in Administration Expenses. The remainder of the Settlement Proceeds (the "Net Settlement Amount") will be distributed to Settlement Class Members, returned to the Reorganized Debtors, or otherwise distributed per Court order, all as provided in the Settlement Agreement.

Complete information about the Settlement, including information on the distribution of the Net Settlement Amount, can be found in the Settlement Agreement. In exchange for the consideration being provided by the Defendants under the Settlement Agreement, Settlement Class Members will release Defendants and other Released Parties identified in the Settlement Agreement from all Released Claims as further described in the Settlement Agreement.

The attorneys and law firms who represent the Settlement Class as Settlement Class Counsel include: (a) Rex A. Sharp of Sharp Barton, LLP in Prairie Village, KS; (b) Allan Devore and Jandra Cox of Devore Law Firm PLLC in Oklahoma City, OK; (c) Michael E. Grant of Grant Law Firm PLLC in Oklahoma City, OK; and (d) Charles Rubio of Diamond McCarthy, LLP in New York, NY. You may hire your own attorney if you wish; however, you will be responsible for your attorney's fees and expenses.

### What Are My Legal Rights as a Settlement Class Member?

- **<u>Do Nothing, Stay in the Settlement Class, and Receive Benefits of the Settlement:</u>** If the Court approves the proposed Settlement, you will receive the benefits, if any, provided in the Settlement Agreement after the Effective Date.

- **<u>Stay in the Settlement Class, but Object to All or Part of the Settlement:</u>** You can file and serve a written objection to the Settlement and appear before the Court. Your written objection must contain the information described in the Notice of Settlement found at the website listed above and must be filed with the Court no later than _____. If you stay in the Settlement Class, you will be bound by any Judgment entered by the Court.

- **<u>Opt-Out of the Settlement Class:</u>** To exclude yourself from the Settlement Class you must submit a written opt-out to the Settlement Administrator at the following address: Taylor-Sheridan Fund 1 Settlement, c/o JND Legal Administration, PO Box 91231, Seattle, WA 98111. Your opt-out must contain the information described in the Notice of Settlement that can be found at the website listed above. You cannot opt-out yourself on the website, by telephone, or by e-mail.

**<u>IN ORDER TO BE VALID, YOUR OPT-OUT MUST BE RECEIVED BY THE SETTLEMENT ADMINISTRATOR ON OR BEFORE 5:00 P.M. (CST) ON [•], 2020.</u>**

The Court will hold a Settlement Fairness Hearing on _____ at _____, CDT in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Courtroom 400, 4th Floor, 515 Rusk Street, Houston, Texas, 77002.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will also consider the request for Class Fees and Expenses and Administration Expenses. Please note that the date of the Settlement Fairness Hearing is subject to change without further notice. If you plan to attend the hearing, you should check with the Court and www .taylorsheridanfund1settlement.com to confirm no change to the date and time of the Settlement Fairness Hearing has been made.

**This notice provides only a summary of the Settlement Agreement. For more detailed information regarding the rights and obligations of Settlement Class Members, read the Settlement Agreement and other documents posted on the website above, contact the Settlement Administrator through the "Contact Us" page on the website or at 1-888-670-0458.**

**<u>Exhibit 4</u>**

**CAFA Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § | Case No. 20-31884 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

## NOTICE PURSUANT TO 28 U.S.C. § 1715
## OF PROPOSED CLASS ACTION SETTLEMENT

Pursuant to 28 U.S.C. § 1715, Defendants Sheridan Production Company, LLC ("SPC"), Sheridan Production Partners I-M, L.P., Sheridan Production Partners I-A, L.P., and Sheridan Holding Company I, LLC ("Defendants") serve this notice (the "Notice") upon the appropriate federal and state officials of a proposed class action settlement of the claims against Defendants in the Class Lawsuit and Born as defined below.

On March 23, 2020, Sheridan Production Partners I-M, L.P., Sheridan Production Partners I-A, L.P., and Sheridan Holding Company I, LLC (as debtors and debtors in possession, and together with their debtor affiliates in the jointly administered chapter 11 cases, collectively the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" or the "Court") commencing the proceeding styled *In re Sheridan Holding Company I, LLC, et al.*, Case No. 20-31884 (DRJ) (hereinafter the "Bankruptcy Proceeding").

On March 23, 2020, the Debtors, SPC, and Tony R. Whisenant, Kyle Allan Taylor, Stanley Ray Born and Ronda Jean Born (collectively, the "Class Representatives") filed a Joint Motion for Entry of (A) a Preliminary Approval Order: (I) Directing the Application of Bankruptcy Rule 7023, (II) Preliminarily Approving the Settlement, (III) Appointing the Settlement Administrator, (IV) Approving Form and Manner of Notice to

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include:  Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092).  The location of the Reorganized Debtors' service address is:  1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

Class Members, (V) Certifying a Class, Designating Class Representatives, and Appointing Class Counsel for Settlement Purposes Only, (VI) Scheduling a Settlement Fairness Hearing, and (B) A Judgment Finally Approving the Settlement (the "Motion"). In accordance with 28 U.S.C. § 1715 Defendants provide this Notice and the additional information referenced below.

---

### (1)   A copy of the complaint and any materials filed with the complaint and any amended complaint

On December 6, 2014, Plaintiff Tony R. Whisenant filed a putative class action lawsuit against Sheridan Production Company, LLC styled *Whisenant v. Sheridan Production Company, LLC,* No. CJ-2014-19, in the District Court of Beaver County, Oklahoma, on behalf of royalty owners in wells in Beaver County, Oklahoma, asserting claims for breach of lease and breach of fiduciary duty based on Sheridan's alleged deduction of costs incurred after the gathering line inlet from royalty. Claiming jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), Sheridan Production Company, LLC removed the action to federal court where it was assigned Case No. CIV-15-81-SLP, in the United States District Court for the Western District of Oklahoma ("*Whisenant*"). After unsuccessful efforts seeking remand of the case to state court, Whisenant filed an amended complaint with Sheridan's consent that would have expanded both the geographic and temporal scope of the class claims, but the district court held the amendment was untimely.

On January 10, 2018, Plaintiff Kyle Allan Taylor, represented by the same counsel as in *Whisenant*, filed a putative class action on behalf of all royalty owners in the State of Oklahoma whose wells are or were operated (or marketed and directly paid to royalty owners) by Sheridan Production Company, LLC, asserting claims for breach of lease and breach of fiduciary duty based on the deduction of costs incurred after the gathering line inlet from royalty. This case is styled *Taylor v. Sheridan Production Company, LLC,* No. CIV-18-29-JWD, in the United States District Court for the Western District of Oklahoma ("*Taylor*").

Because *Whisenant* and *Taylor* involved common questions of law and fact and because the claims in the larger statewide *Taylor* action subsumed the narrower claims in *Whisenant,* the Parties agreed to consolidation of the cases, with *Taylor* being designated the lead case. Depositions in *Taylor* revealed that, although Sheridan Production Company, LLC operated the wells, it did not own the leases. Instead, Sheridan Production Partners I-M, L.P. and Sheridan Production Partners I-A, L.P. own beneficial interests in the leases. Sheridan Holding Company I, LLC holds legal title to the leases. Thereafter, on December 6, 2019, the First Amended

Class Action Complaint (Doc. 45), naming the proper defendants, was filed in *Taylor*. The consolidated *Whisenant* and *Taylor* cases are referred to herein as the "Class Lawsuit".

In addition to the *Whisenant* and *Taylor* cases, two individual plaintiffs, Stanley Ray Born and Ronda Jean Born, filed a lawsuit against Sheridan Production Company, LLC in the District Court of Caddo County, Oklahoma, on May 1, 2012. That action, styled *Born, et al. v. Sheridan Production Company, LLC,* No. CJ-2012-47 ("*Born*"), also alleged Sheridan Production Company, LLC took undisclosed improper deductions from royalty and, in so doing, breached its express and implied duties under the oil and gas leases and its fiduciary or quasi-fiduciary duty under Oklahoma law. *Born* is an individual action, not a class action.

Defendants have adamantly denied, and continue to deny, the claims asserted in the Class Lawsuit and *Born* and have vigorously defended against them.

Copies of the Complaints in *Whisenant* and *Taylor*, the Amended Complaint in *Taylor*, and the Petition in *Born* are provided on the enclosed disc.[2]

**(2)     Notice of any scheduled judicial hearing.**

The Court has preliminarily approved the settlement.  A copy of the Preliminary Approval Order is provided on the enclosed disc.  The Court has set a Settlement Fairness Hearing on the settlement on _____, 2020  at _____ , prevailing Central Time at The United States Bankruptcy Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002 in Courtroom 400.

**(3)     Any proposed or final notification to class members of: (A)(i) the members' rights to request exclusion from the class action; or (ii) if no right to request exclusion exists, a statement that no such right exists, and (B) a proposed settlement of class action.**

Proposed notices to class members containing this information are reflected in

Exhibit D-1 and Exhibit D-2 to the Settlement Agreement. A copy of the Settlement

---

[2] This disc, referenced throughout this notice, is enclosed only with copies of this notice served on the appropriate federal and state officials shown on the attached service list.

Agreement is attached to the Motion as Exhibit 1 of Exhibit A and is provided on the enclosed disc.

**(4) Any proposed or final class action settlement.**

See the Settlement Agreement attached as Exhibit 1 of Exhibit A to the Motion.

**(5)    Any settlement or other agreement contemporaneously made between class counsel and counsel for the Defendants.**

All settlement agreements between the parties and their counsel are described in paragraph (4) above.

**(6)    Any final judgment or notice of dismissal.**

No final judgment or notice of dismissal of the Plaintiffs' claims against Defendants has been filed in this matter.

**(7)    (A)    If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.**

To the extent feasible, this information is reflected in Schedule 1 attached to this Notice. Schedule 1 is an estimate of the number of Settlement Class members residing in each of the states and territories and an estimate of the proportionate share of the claims of such members to the entire settlement.  Specific, final amounts associated with payments to specific class members and to members within any particular state will be determined in accordance with the allocation and distribution procedures provided for in the Settlement Agreement.

**(8)    Any written judicial opinion related to the materials described under subparagraph (3) through (6).**

None exist at this time.

Dated:  March [•], 2020.

/s/ *DRAFT*
John J. Griffin, Jr., OBA #3613
L. Mark Walker, OBA #10508
Erin Potter Sullenger, OBA #31687
CROWE & DUNLEVY
A Professional Corporation
324 N. Robinson Ave.
Suite 100
Oklahoma City, OK 73102
(405) 235-7718
(405) 272-5225 (Facsimile)

**ATTORNEYS FOR DEFENDANTS,
SHERIDAN PRODUCTION COMPANY,
LLC, SHERIDAN PRODUCTION
PARTNERS I-M, L. P., SHERIDAN
PRODUCTION PARTNERS I-A, L.P.,
AND SHERIDAN HOLDING COMPANY
I, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing Notice and referenced disc was sent via First Class Mail on March _____, 2020 to the following federal and state officials:

/s/ *DRAFT* _____

**AG Exhibit as of March 20, 2020**

| State/Territory | Owner Count | Percentage |
|---|---|---|
| AK | 27 | 0.1% |
| AL | 66 | 0.4% |
| AR | 178 | 1.0% |
| AZ | 322 | 1.8% |
| CA | 1541 | 8.4% |
| CO | 625 | 3.4% |
| CT | 52 | 0.3% |
| DC | 8 | 0.0% |
| DE | 25 | 0.1% |
| FL | 334 | 1.8% |
| GA | 119 | 0.6% |
| HI | 28 | 0.2% |
| IA | 80 | 0.4% |
| ID | 68 | 0.4% |
| IL | 222 | 1.2% |
| IN | 90 | 0.5% |
| KS | 685 | 3.7% |
| KY | 54 | 0.3% |
| LA | 129 | 0.7% |
| MA | 85 | 0.5% |
| MD | 83 | 0.5% |
| ME | 19 | 0.1% |
| MH | 1 | 0.0% |
| MI | 82 | 0.4% |
| MN | 79 | 0.4% |
| MO | 312 | 1.7% |
| MP | 1 | 0.0% |
| MS | 42 | 0.2% |
| MT | 46 | 0.3% |
| NC | 139 | 0.8% |
| ND | 7 | 0.0% |
| NE | 121 | 0.7% |
| NH | 20 | 0.1% |
| NJ | 71 | 0.4% |
| NM | 253 | 1.4% |
| NV | 105 | 0.6% |
| NY | 192 | 1.0% |
| OH | 98 | 0.5% |
| OK | 7004 | 38.1% |
| OR | 206 | 1.1% |
| PA | 101 | 0.5% |
| PR | 1 | 0.0% |
| RI | 8 | 0.0% |
| SC | 51 | 0.3% |
| SD | 16 | 0.1% |
| TN | 87 | 0.5% |

| | | |
|---|---|---|
| TX | 3259 | 17.7% |
| UT | 85 | 0.5% |
| VA | 125 | 0.7% |
| VT | 30 | 0.2% |
| WA | 301 | 1.6% |
| WI | 50 | 0.3% |
| WV | 35 | 0.2% |
| WY | 74 | 0.4% |
| Unknown Address | 459 | 2.5% |
| International | 99 | 0.5% |
| Total Parties | 18400 | 100.0% |