## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § § | Case No. 20-31884 (DRJ) |
| Debtors. | § § § | (Jointly Administered) |

### Chapter 11 Fee Application Summary

| Name of Applicant: | Jackson Walker L.L.P. | |
|---|---|---|
| Applicant's Role in Case: | Co-counsel and Conflicts to Debtors | |
| Date Order of Employment Signed: | Pending | |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this Application: | 03/23/2020 | 03/24/2020 |
| Time period(s) covered by prior Applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | | N/A |
| Total fees requested in this Application: | | $11,779.50 |
| Total professional fees requested in this Application: | | $11,779.50 |
| Total actual professional hours covered by this Application: | | 27.6 |
| Average hourly rate for professionals: | | $426.79 |
| Total paraprofessional fees requested in this Application: | | $2,493.50 |
| Total actual paraprofessional hours covered by this Application: | | 13.9 |
| Average hourly rate for paraprofessionals: | | $180 |
| Reimbursable expenses sought in this application: | | $12,025.30 |
| Total to be Paid to Priority Unsecured Creditors: | | $0.00 |
| Anticipated % Dividend to Priority Unsecured Creditors: | | 100% |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092). The location of the Debtors' service address is:  1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

| | |
|---|---|
| **Total to be Paid to General Unsecured Creditors:** | $6,755,596.00 |
| **Anticipated % Dividend to General Unsecured Creditors:** | 100% |
| **Date of Confirmation Hearing:** | 03/24/2020 |
| **Indicate whether plan has been confirmed:** | Yes |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § | Case No. 20-31884 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

## JACKSON WALKER LLP'S FIRST AND FINAL
## FEE APPLICATION FOR ALLOWANCE AND PAYMENT
## OF FEES AND EXPENSES AS CO-COUNSEL TO THE DEBTORS
## FOR THE PERIOD FROM MARCH  23, 2020 THROUGH MARCH 24, 2020

---

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSED THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092). The location of the Debtors' service address is:  1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

TO THE UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

Jackson Walker LLP ("JW"), co-counsel and conflicts counsel to the debtors and debtors in possession (collectively, the "Debtors"), hereby submits its *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From March 23, 2020 Through March 24, 2020* (the "Application") for allowance of compensation for professional services provided in the amount of $11,779.50 and reimbursement of expenses in the amount of $12,025.30 that JW incurred for the period from March 23, 2020 through March 24, 2020 (the "Application Period").  In support of this Application, JW respectfully states as follows:

## I.   JURISDICTION

1.    The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are §§ 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), and in recognition of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

## II.   RELIEF REQUESTED

4.    JW requests that the Court enter an order allowing JW's compensation for professional services rendered during the Application Period in the amount of $11,779.50, and reimbursement of expenses in the amount of $12,025.20.

## III.    PROCEDURAL BACKGROUND

5.      On March 23, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continued in possession of their property and management of their business as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  By order of this Court, these cases were jointly administered on March 23, 2020 [ECF No. 55].

6.      A description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors is provided in the *Declaration of Lisa A. Stewart, Executive Chairman, President, Chief Investment Officer, and Chief Executive Officer of Sheridan Holding Company I, LLC in Support of Confirmation of the Debtors' Amended Joint Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 14] (the "Stewart Declaration") and the *Declaration of Curtis Flood in Support of Confirmation of the Amended Joint Prepackaged Plan of Reorganization of Sheridan Holding Company I, LLC and it Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 15] (the "Flood Declaration," together with the Stewart Declaration, the "First Day Declarations").

7.      On April 2, 2020, Jackson Walker filed is Application of the Debtors and Debtors in Possession to Retain Jackson Walker LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession (the "Retention Application") [ECF No. 130].

## IV.    CASE STATUS SUMMARY

8.      During the Application Period, JW assisted the Debtors with the prosecution of their bankruptcy cases in this Court.  JW expended time and effort as co-counsel to the Debtors in these proceedings.  During the Application Period, JW provided legal advice and services regarding local rules, practices, and procedures affecting numerous issues in the Debtors' cases, including with respect to assisting with the following:

5

(a)    providing legal advice and services regarding local rules, practices, and procedures including Fifth Circuit law;

(b)    providing certain services in connection with administration of the chapter 11 cases, including, without limitation, preparing agendas, hearing notices, and hearing binders of documents and pleadings;

(c)    reviewing and commenting on proposed drafts of pleadings to be filed with the Court to endeavor to align same with local practice;

(d)    appearing in Court and meeting with the U.S. Trustee on behalf of the Debtors;

(e)    performing all other services assigned by the Debtors to the Firm as co-counsel and conflicts to the Debtors; and

(f)    providing legal advice and services on any matter that Kirkland & Ellis LLP may have a conflict with respect to the Debtors, or as needed based on specialization.

9.    Key steps completed in these cases during this Application Period include the following:

(a)    the entry of the following orders:

(i)    Order Granting Complex Chapter 11 Bankruptcy Case Treatment [ECF No. 19];

(ii)    Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (III) Approving the Solicitation Procedures, (IV) Approving the Confirmation Notice, and (V) Waiving the Requirements that the U.S. Trustee Convene a Meeting of Creditors and the Debtors File Schedules and SOFAs [ECF No. 27];

(iii)    Order Authorizing the Employment and Retention of Prime Clerk LLC as Claims, Noticing, and Solicitation Agent [ECF No. 28];

(iv)    Order Authorizing the Debtors to File a Consolidated List of Creditors and a Consolidated List of the 50 Largest Unsecured Creditors [ECF No. 72];

(v)    Order Authorizing the Debtors to (I) Continue to Operate Their Cash Management System, (II) Honor Prepetition Obligations

Related Thereto, (III) Maintain Existing Business Forms, and (IV) Perform Intercompany Transactions [ECF No. 73];

(vi)     Order Authorizing, but not Directing, the Debtors to Continue Their Prepetition Business Operations, Policies, and Practices and Pay Related Claims in the Ordinary Course of Business on a Postpetition Basis [ECF No, 74];

(vii)    Interim Order (A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Prepetition Secured Parties, (C) Scheduling a Final Hearing, (D) Modifying the Automatic Stay, and (E) Granting Related Relief [ECF No. 75]; and

(viii)   Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Amended Joint Prepackaged Chapter 11 Plan [ECF No. 76]

(b)     communicating with creditors and other parties in interest concerning these cases.

## V.     TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION

10.     The terms and conditions of JW's employment by the Debtors and compensation to be paid to JW by the Debtors are specifically outlined in the *Application of Debtors and Debtors-in-Possession to Retain Jackson Walker LLP as Co-Counsel and Conflicts Counsel for Debtors and Debtors-In-Possession* (the "Retention Application") [ECF No. 130].  As set forth in the Retention Application, JW received a retainer in the amount of $75,000, and an additional prepetition payment in the amount of $19,131.50.   JW holds the retainer balance in trust. Postpetition compensation paid to JW by the Debtors is paid from the Debtors' estates.

## VI.     PROFESSIONAL SERVICES PROVIDED BY JW TO THE DEBTORS

11.     JW has assisted the Debtors in (a) providing legal advice concerning local rules, practices, and procedures relevant to numerous facets of their cases; (b) assisting with the administration of these cases; and (c) reviewing and providing comments on drafts of pleadings or

other documents prepared for filing with the Court.  The following is a summary, by matter, of the significant professional services JW rendered during this Application Period.

(a)      B110 - Case Administration:  Fees: $3,472.50; Hours: 14.8.  These fees include all services rendered by JW that deal with general administration of the case and may also include specific matters that are not readily classifiable into other more specific matters  The time expended by JW includes telephonic conferences with the Debtors' co-counsel, the United States Trustee, and parties-in-interest, communications with the Court's staff, obtaining and reviewing PACER dockets for upcoming deadlines and hearings, finalizing and filing witness and exhibit lists, handling first and second day administrative matters, obtaining hearing transcripts, preparing for and attending hearings, and addressing other administrative issues.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Veronica A. Polnick | $510 | 2.5 | $1,275.00 |
| Kendra E. Gradney | $185 | 4.5 | $832.50 |
| Daniela M. Trevino | $175 | 7.8 | $1,365.00 |
| **TOTAL** | | **14.8** | **$3,472.50** |

(b)      B120 - Asset Analysis and Recover:  Fees:  $153.00; Hours: .3.  These fees pertain to identification and review of potential assets including causes of action and non-litigation recoveries.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Veronica A. Polnick | $510 | .3 | $153.00 |
| **TOTAL** | | **.3** | **$153.00** |

(c)      B160 - Fee/Employment Applications:  Fees: $408.00; Hours: .8.  These fees include providing services related to ensuring the retention of the Debtors' professionals in these chapter 11 cases.  Specifically, JW spent time reviewing and revising various retention applications, and finalizing and filing the monthly fee statements and fee applications on behalf of

various professionals retained by the Debtors, particularly with regard to local requirements for same.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Veronica A. Polnick | $510 | .8 | $408.00 |
| **TOTAL** | | **.8** | **$408.00** |

    (d)    <u>B320 - Plan and Disclosure Statement</u>:  Fees: $7,746.00; Hours: 11.7. These fees pertain to obtaining an extension of exclusivity and analysis of issues pertinent to a plan.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Elizabeth C. Freeman | $775 | 4.6 | $3,565.00 |
| Matthew D. Cavenaugh | $750 | 4.5 | $3,375.00 |
| Veronica A. Polnick | $510 | 1.0 | $510.00 |
| Kendra E. Gradney | $185 | 1.6 | $296.00 |
| **TOTAL** | | **11.7** | **$7,746.00** |

## VII.    COMPENSATION REQUESTED

12.    In this Application, JW seeks approval of $11,779.50 in fees and $12,025.20 in expenses.  Attached to this Application are the time narratives, attached hereto as **Exhibit 1**, which include the time record for the period March 23, 2020 through March 24, 2020.  The time narratives itemize the services rendered by category in a format that reflect a description for each service entry, the amount of time spent in rendering the service, the date the service was performed, who performed the service, and the hourly rate of the person performing the service.  Pursuant to the U.S. Trustee Guidelines, **Exhibit 2** is the chart reflecting customary and comparable compensation disclosures with fee applications, **Exhibit 3** is a chart summarizing the timekeepers included in this Application, **Exhibit 4** is the budget, and **Exhibit 5** is a chart with a summary of compensation requested by project category.  The blended rates for JW timekeepers in this Application is $426.79.

13.     The Application readily meets the standards of § 331 and applicable case law for compensation for services rendered on behalf of the Debtors' estates and for the administration of these cases.  The Fifth Circuit recently reorganized the contours of the requirements for allowance of compensation under § 330 in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd., (In re Woerner)*, 783 F.3d 266 (5th Cir. 2015).  In *Woerner*, the Fifth Circuit held that a court would allow compensation to an attorney for the debtor for services that are "reasonably likely to benefit" the estate, and that a court should adjudge the reasonableness of requested compensation "at the time at which the service was rendered."  *Id*., at 273-74.  All of the compensation requested in the Application meets the requirements of section 331 as delineated by the Fifth Circuit, and should be approved.

14.     JW provided necessary and beneficial services to the Debtors through assisting the Debtors in myriad ways.  The time JW spent on services rendered and the rates charged for such services were reasonable and necessary to fully protect the Debtors' estates consistent with JW's role as co-counsel, and to maximize the dividend to creditors, in line with the *Johnson*[2] factors adopted by the Fifth Circuit in *In re First Colonial Corp*., 544 F.2d 1291, 1299 (5th Cir. 1977), as follows:

> **a.      The Time and Labor Required.**

15.     As further illustrated by the fee breakdown in the Summary Cover Sheet, the amount of time spent by JW professionals and paraprofessionals on this case for the Application Period is 27.6 hours.

---

[2]  See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

### b.      The Novelty and Difficulty of the Questions Presented by the Case.

16.     This case has presented unique questions of fact and law relevant to both bankruptcy and applicable nonbankruptcy law, including laws and issues related the oil and gas industry.

### c.      The Skill Requisite to Perform the Legal Services Properly.

17.     JW possesses the skill required to properly perform the legal services involved, in particular bankruptcy law expertise, as well as practice experience before this Court, and knowledge of its local rules.

### d.      The Preclusion of Other Employment by the Attorneys due to Acceptance of the Case.

18.     Attorneys at JW were necessarily precluded from employment on other cases by the size and exigency of this case.  This case has moved at an expedient pace requiring quick attention and open availability from JW attorneys.

### e.      The Customary Fee for Similar Work in the Community.

19.     The fees charged by JW compare favorably with fees charged by other counsel in similar cases in this jurisdiction.  JW sets its fees consistent with available market data for similarly sized and situated firms given the years of experience of each attorney.  In addition, JW employs associates, a legal assistant, and bankruptcy case clerk on this case in lieu of a single attorney, resulting in a blended rate of $426.79 per hour.  JW's blended rate compares favorably with hourly rates charged by local practitioners.

### f.      Whether the Fees are Fixed or Contingent.

20.     JW attorneys in this case do not charge either fixed or contingent fees.

g.     **Time Pressures Imposed by the Client or Circumstances.**

21.    The circumstances of the bankruptcy case imposed time pressures due to the need to take steps to help the Debtors' case progress at an expedient pace.

h.     **The Amount Involved and Results Obtained as a Result of the Attorney Services.**

22.    As a result of JW's services, strategy, and efficiency as co-counsel and conflicts counsel, the Debtors have made substantial progress in their bankruptcy cases.  During the Fee Period, with the assistance of JW as co-counsel, working in concert with Kirkland & Ellis, the Debtors made a smooth transition into Chapter 11 in this Court and achieved meaningful progress with their creditors.

i.     **The Experience, Reputation, and Ability of the Attorneys.**

23.    The JW attorneys involved in the work on behalf of the Debtors represent decades of combined experience in the particular area of bankruptcy law, including representation of chapter 11 debtors such as the Debtors in these cases.  The JW attorneys bring extensive experience in bankruptcy and oil and gas law to the Debtors' bankruptcy cases and ongoing operations and have substantial experience practicing in this Court and extensive familiarity with applicable Fifth Circuit bankruptcy law necessary for the successful prosecution of the Debtors' bankruptcy cases.

j.     **The Undesirability of the Cases.**

24.    Every debtor case carries some risks due to the uncertainty of payment stemming from the relatively unknown value of the debtors' principal assets and the debtor's ability to pay administrative fees and costs.  These cases presented no additional undesirable elements.

k.     **The Nature and Length of the Professional Relationship with the Client.**

25.    JW's business relationship with the Debtors began on August 1, 2019, the date of the Engagement Letter between JW and the Debtors.  On August 14, 2019, JW received a retainer

of $75,000 for services performed and to be performed in connection with and in contemplation of the filing of these cases.

> ### l.      Awards in Similar Cases.

26.     The fees herein requested are in line with fee awards approved in similar cases, by counsel with similar sophistication and experience.

27.     In conclusion, the services provided by JW have been necessary to the administration of the Debtors' estates in the Fee Period and beneficial at the time at which the services were rendered toward the successful prosecution of the Debtors' cases.  Further, JW performed the services within a reasonable amount of time commensurate with the complexity, importance, nature of the problems, issues, and tasks addressed on behalf of the Debtors' estates.  Finally, the compensation sought is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under title 11 of the district.  JW requests that the Court determine that the nature, extent, and value of these services were appropriate under the circumstances at the time the services were rendered.

## VIII.   STATEMENT PURSUANT TO THE US TRUSTEE GUIDELINES

Pursuant to the US Trustee Guidelines, JW states as follows:

a.      Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:  No.

b.      If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reasons for the variation with the Client?

Response:  JW did not submit a budget.

c.      Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:  No.

d.      Does the fee application include time or fees related to reviewing or revising time records or preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application).  If so, please quantify by hours and fees.

Response:  No.

e.      Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:  No.

f.      If the fee application includes any rate increase since retention:

(i)     Did your client review and approve those rate increases in advance?

Response: N/A.

(ii)    Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform, your client that they need not to agree to modify rates or terms in order to have you continue the representation, consistent with ABA Formal ethics Opinion 11-458.

Response:  N/A.

WHEREFORE, PREMISES CONSIDERED, Jackson Walker LLP requests that this Court enter an order granting final allowance of compensation for professional services rendered during the Application Period in the amount of $11,779.50, and reimbursement of actual and necessary expenses incurred by Jackson Walker LLP during the Application Period in the amount of $12,025.20, authorizing the Debtors to pay the fees and expenses as requested, and grant such other and further relief as is just and proper.

April 22, 2020
Houston, Texas

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:         mcavenaugh@jw.com
               jwertz@jw.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

15

## CERTIFICATION

I, Matthew D. Cavenaugh, hereby certify that I have read the foregoing *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From March 23, 2020 Through March 24, 2020* (the "Application"), and to the best of my knowledge, information, and belief, formed after a reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the General Order in the Matter of Procedures for Complex Chapter 11 Cases except s specifically noted in the Application, and the compensation and expenses reimbursement requested are billed at rates, in accordance with practices no less favorable than those customarily employed by Jackson Walker and generally accepted by Jackson Walker's clients.

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh

16

## **CERTIFICATE OF SERVICE**

I, Matthew D. Cavenaugh, hereby certify that on the 22nd day of April 2020, a copy of the foregoing was served via the Court's ECF system upon all parties receiving notice through same.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh

25590742v.1 155360/00002

**<u>EXHIBIT 1</u>**

**Time Sheets**



**Remit by mail to:**
P. O. Box 130989
Dallas, Tx 75313-0989

**Remit by wire or ACH to:**
Bank of America, N.A. Acct # 0180472852
Wire Routing # 026009593
ACH Routing # 111000025
Int'l use only:    Swift Code: BOFAUS3N

**Federal Tax ID: 75-0764921**

**Payment due upon receipt.  Please include Invoice No. with remittance.**

| Ref No.: 155360-00002-ECF2 | | Invoice No: 0 |
|---|---|---|
| (713)752-4434/sbell@jw.com | Page 3 | Invoice Date: 04/02/2020 |

Sheridan Holding Company I, LLC
Attention:  Cheryl Phillips
mcavenaugh@jw.com

Re:      **Sheridan Investment Partners I, LLC**

**FOR LEGAL SERVICES RENDERED** and expenses incurred in connection with the above-referenced matter for the period ending March 24, 2020:

## INVOICE SUMMARY

| | |
|---|---|
| Total Fees | $11,779.50 |
| Total Expenses | 12,025.20 |
| **Total Due This Invoice:** | **$23,804.70** |

**TIME DETAIL:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| **Case Administration:** | | | | |
| 03/23/20 | V. Polnick | 2.0 | 1,020.00 | Review and attention to the First Day Pleadings for filing. |
| 03/23/20 | V. Polnick | 0.4 | 204.00 | Call with L. Freeman, K&E Team and the US Trustee regarding the First Day Motions. |
| 03/23/20 | D. Trevino | 1.2 | 210.00 | Review the seven petitions for each Debtor, and prepare same for filing. |
| 03/23/20 | D. Trevino | 0.1 | 17.50 | Communication with V. Polnick regarding the first day pleadings for review. |
| 03/23/20 | D. Trevino | 5.0 | 875.00 | Coordinate pleading and exhibit notebooks for hearing on 3/24/2020. |
| 03/23/20 | D. Trevino | 0.2 | 35.00 | Circulate to JW Team and K&E Team the electronic pleading index and the electronic exhibit list with the PDF's embedded. |
| 03/23/20 | D. Trevino | 0.4 | 70.00 | Communication with team internally regarding the filing logistics. |
| 03/23/20 | K. Gradney | 4.5 | 832.50 | Process first day pleadings and coordinate preparation for first day hearing (3.5); prepare pro hac vice motions for filing (.2); multiple email correspondence with JW and KE team regarding filing logistics and first day pleadings (.8). |
| 03/24/20 | V. Polnick | 0.1 | 51.00 | Reply communication to D. Harris regarding the Chapter 11 Filing. |
| 03/24/20 | D. Trevino | 0.8 | 140.00 | Telephonically attend hearing on First Day Motions and Confirmation. |
| 03/24/20 | D. Trevino | 0.1 | 17.50 | Attention to upcoming dates and deadlines. |
| Total Case Administration | | 14.8 | $ 3,472.50 | |
| **Asset Analysis and Recovery:** | | | | |
| 03/24/20 | V. Polnick | 0.1 | 51.00 | Reply communication to S. Smith regarding royalty interest. |
| 03/24/20 | V. Polnick | 0.2 | 102.00 | Telephone conference with royalty interest holder regarding recent chapter 11 filing and treatment of royalty interest holders under the plan. |
| Total Asset Analysis and Recovery | | 0.3 | $ 153.00 | |
| **Fee/Employment Applications:** | | | | |

- 4 -

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 03/23/20 | V. Polnick | 0.8 | 408.00 | Review and revise the Jackson Walker Retention Application. |
| Total Fee/Employment Applications | | 0.8 | $ 408.00 | |

**Plan and Disclosure Statement (including Business Plan):**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 03/24/20 | M. Cavenaugh | 4.5 | 3,375.00 | Prepare for and attend first day and confirmation hearing. |
| 03/24/20 | E. Freeman | 4.6 | 3,565.00 | Finalize filings (3.3); coordinate and observe the confirmation hearing (1.3). |
| 03/24/20 | V. Polnick | 1.0 | 510.00 | Attend First Day and Confirmation Hearing. |
| 03/24/20 | K. Gradney | 0.8 | 148.00 | Telephonically attend confirmation hearing. |
| 03/24/20 | K. Gradney | 0.8 | 148.00 | Prepare revised proposed orders for filing in anticipation of confirmation hearing (.3); prepare disclosure statement and plan supplement for use at confirmation hearing (.4); email correspondence with chambers staff regarding live orders for hearing (.1). |
| Total Plan and Disclosure Statement (including Business Plan) | | 11.7 | $ 7,746.00 | |

**Total Fees** $11,779.50

Expenses:

| | | |
|--|--|--|
| | Research Services | 6.20 |
| | Filing Fee -VENDOR: Matthew D. Cavenaugh INVOICE#: ER323153 DATE: 3/23/2020 | 12,019.00 |
| | Filing Fee - filing fees | |

Total Expenses 12,025.20

**TOTAL DUE THIS INVOICE:** **$23,804.70**

**<u>EXHIBIT 2</u>**

**Customary and Comparable Compensation Disclosure with Fee Applications**

**EXHIBIT 2**
**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

| CATEGORY OF TIMEKEEPER | TOTAL HOURS | TOTAL FEES | BLENDED HOURLY RATE | |
| --- | --- | --- | --- | --- |
| | | | BILLED IN THIS FEE APPLICATION | BILLED OR COLLECTED FROM FIRM OR OFFICES FOR PRECEDING YEAR (Excluding Bankruptcy) |
| Equity Partner/Shareholder | 4.60 | $3,565.00 | $775.00 | $598.00 |
| Non-Equity Partner/Shareholder | 4.50 | $3,375.00 | $750.00 | $502.00 |
| Associate | 4.60 | $2,346.00 | $510.00 | $349.00 |
| Paraprofessional | 7.80 | $1,365.00 | $175.00 | $250.00 |
| Paralegal | 6.10 | $1,128.50 | $185.00 | $215.00 |
| **All Timekeepers Aggregated:** | **27.60** | **$11,779.50** | **$426.79** | **$357.85** |

Case Name:  Sheridan Holding Company I, LLC, et al.
Case Number:  20-31884 (DRJ)
Applicant's Name:  Jackson Walker LLP
Date of Application: April 22, 2020
Interim or Final:  Final

First and Final Fee Application - Trustee Exhibits(25590840.1)

# **EXHIBIT 3**

**Summary of Timekeepers Included in this Fee Application**

**EXHIBIT 3**
**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION | FEES BILLED IN THIS APPLICATION | HOURS BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN FIRST INTERIM APPLICATION | NUMBER OF RATE INCREASES SINCE CASE INCEPTION |
|---|---|---|---|---|---|---|---|---|
| Elizabeth C. Freeman | Partner | Bankruptcy | 12/17/1998 | $ 3,565.00 | 4.60 | $ 775.00 | N/A | N/A |
| Matthew D. Cavenaugh | Partner | Bankruptcy | 5/2/2008 | $ 3,375.00 | 4.50 | $ 750.00 | N/A | N/A |
| Veronica Polnick | Associate | Bankruptcy | 11/4/2011 | $ 2,346.00 | 4.60 | $ 510.00 | N/A | N/A |
| Kendra Gradney | Legal Assistant | Bankruptcy | N/A | $ 1,128.50 | 6.10 | $ 185.00 | N/A | N/A |
| Daniela Trevino | Case Clerk | Bankruptcy | N/A | $ 1,365.00 | 7.80 | $ 175.00 | N/A | N/A |
| **Total** | | | | **$ 11,779.50** | **27.60** | | | |

Case Name: Sheridan Holding Company I, LLC, et al.
Case Number:  20-31884 (DRJ)
Applicant's Name:  Jackson Walker LLP
Date of Application: April 22, 2020
Interim or Final: Final

## EXHIBIT 4

**Budget**

**EXHIBIT 4**
**BUDGET**

JW did not submit a budget for this case.

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | | |
| Asset Disposition | | |
| Assumption and Rejection of Leases and Contracts | | |
| Avoidance Action Analysis | | |
| Budgeting (Case) | | |
| Business Operations | | |
| Case Administration | | |
| Claims Administration and Objections | | |
| Corporate Governance and Board Matters | | |
| Employee Benefits and Pensions | | |
| Employment and Fee Applications | | |
| Employment and Fee Application Objections | | |
| Financing and Cash Collateral | | |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) - identify each separately by caption and adversary number, or title of motion or application and docket number) | | |
| Meeting and Communications with Creditors | | |
| Non-Working Travel | | |
| Plan and Disclosure Statement | | |
| Real Estate | | |
| Relief from Stay and Adequate Protection | | |
| Reporting | | |
| Tax | | |
| Valuation | | |
| **Total** | | |

Case Name: Sheridan Holding Company I, LLC et al.

Case Number:  20-31884 (DRJ)

Applicant's Name:  Jackson Walker LLP

Date of Application: April 22, 2020

Interim or Final:  Final

## **EXHIBIT 5**

**Summary of Compensation Requested by Project Category**

**EXHIBIT 5**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis and Recovery | | | 0.3 | $153.00 |
| Asset Disposition | | | | |
| Assumption and Rejection of Leases and Contracts | | | | |
| Avoidance Action Analysis | | | | |
| Budgeting (Case) | | | | |
| Business Operations | | | | |
| Case Administration | | | 14.8 | $3,472.50 |
| Claims Administration and Objections | | | | |
| Corporate Governance and Board Matters | | | | |
| Employee Benefits and Pensions | | | | |
| Employment and Fee Applications | | | 0.8 | $408.00 |
| Employment and Fee Application Objections | | | | |
| Financing and Cash Collateral | | | | |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) - identify each separately by caption and adversary number, or title of motion or application and docket number) | | | | |
| Meeting and Communications with Creditors | | | | |
| Non-Working Travel | | | | |
| Plan and Disclosure Statement | | | 11.7 | $7,746.00 |
| Real Estate | | | | |
| Relief from Stay and Adequate Protection | | | | |
| Reporting | | | | |
| Tax | | | | |
| Valuation | | | | |
| **Total** | | | **27.6** | **$11,779.50** |

Case Name:  Sheridan Holding Company I, LLC et al.
Case Number:  20-31884 (DRJ)
Applicant's Name:  Jackson Walker LLP
Date of Application: April 22, 2020
Interim or Final: Final