<u>Exhibit 3A</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § | Case No. 20-31884 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

## ORDER APPROVING:
## (I) ADMINISTRATION EXPENSES;
## (II) CLASS COUNSEL FEES AND EXPENSES; AND
## (III) CLASS REPRESENTATIVES FEE

Upon the *Motion for Approval of: (I) Administration Expenses; (II) Class Counsel Fees and Expenses; and (III) Class Representative Fees* (the "<u>Motion</u>") [Docket No. 182] by the Class Representatives, Kyle Allan Taylor, Tony R. Whisenant, Stanley Ray Born and Ronda Jean Born, and Settlement Class Counsel,[2] seeking entry of an Order approving: (I) $94,000 as payment of the Administration Expenses due to JND Legal Administration, LLC ("<u>JND</u>"), the court-appointed Settlement Administrator, for its services and expenses in administering this Settlement; (II) forty percent of the remaining Settlement Proceeds (after reducing the Settlement Proceeds by

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092). The location of the Reorganized Debtors' service address is: 1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056. "Debtors" refers to these same entities before the Effective Date of the *Amended Joint Prepackaged Plan of Reorganization of Sheridan Holding Company I, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Plan</u>") [ECF 11].

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion and the Settlement Agreement, dated March 20, 2020, (the "<u>Settlement Agreement</u>"), which is attached as Exhibit 1 to the *Preliminary Approval Order (I) Directing the Application of Bankruptcy Rule 7023, (II) Preliminarily Approving the Class Settlement, (III) Appointing the Settlement Administrator, (IV) Approving the Form and Manner of Notice to Class Members, (V) Certifying a Class, Designating Class Representatives, and Appointing Class Counsel for Settlement Purposes Only, (VI) Scheduling a Settlement Fairness Hearing to Consider Final Approval of the Settlement, and (VII) Granting Related Relief* (the "<u>Preliminary Approval Order</u>") [ECF 123].

$94,000.000 for the payment of Administration Expenses due to JND and after adjustment for Monies Payable to Opt-Outs) ($2,000,000.00 or less depending on the Opt-Outs) as Class Counsel Fees, $145,503.72 as reimbursement of Class Counsel's reasonable and necessary litigation expenses in the Class Lawsuit, Born Action, and the Bankruptcy Proceeding, and $50,000.00 as a reserve for Additional Expenses (defined below) actually incurred through distribution and reconciliation of the Taylor Settlement Account and as approved pursuant to the protocol set forth in the Order; and (III) two percent of the remaining Settlement Proceeds, after adjustment for Monies Payable to Opt-Outs ($100,000 or less depending on the Opt-Outs) as the Class Representatives Fee to be divided in thirds with one-third to Mr. Taylor, one-third to Mr. Whisenant, and one-third to the spouses Mr. and Mrs. Born for contributing their time and efforts to prosecuting the Class Lawsuit and/or Born Action and obtaining a common fund recovery for the Settlement Class; and

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having entered its *Judgment (I) Directing the Application of Bankruptcy Rule 7023 (II) Certifying the Settlement Class for Settlement Purposes Only, (III) Finally Approving the Settlement Agreement, and (IV) Granting Related Relief*, finding the Settlement to be fair, adequate, and reasonable and concluding it should be finally approved; and this Court having found that it may enter this Order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found rule 7023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, by incorporation, rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules") applies to the Settlement and the Motion; and

this Court having found that the relief requested in the Motion is in the best interest of the Debtors' estate, their creditors, the Settlement Class, the Class Representatives, Settlement Class Counsel, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statement in support of the relief requested herein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor and pursuant to the findings of fact and conclusions of law below, it is HEREBY ORDERED THAT:

1.      In accordance with the Settlement Agreement, the Settlement Administrator shall pay $94,000.00 from the Settlement Proceeds to JND as payment for its services and expenses in administering this Settlement.

2.      In accordance with the Settlement Agreement, the Settlement Administrator shall pay forty percent of the remaining Settlement Proceeds (after reducing the Settlement Proceeds by $94,000.000 for the payment of Administration Expenses due to JND and after adjustment for Monies Payable to Opt-Outs)($2,000,000.00 or less depending on the Opt-Outs) as Class Counsel Fees. As set forth in the findings of fact and conclusions of law below, the Court finds the requested award to be reasonable under the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) as applied under Tenth Circuit federal common law in *Gottlieb v. Barry,* 43 F.3d 474 (10th Cir. 1994), which governs the award of fees and expenses under the Settlement Agreement, and because Settlement Class Counsel's work continues well beyond the Settlement Fairness Hearing.

3.      In accordance with the Settlement Agreement, the Settlement Administrator shall pay $145,503.72 as reimbursement of Class Counsel's reasonable and necessary litigation expenses in the Class Lawsuit, Born Action, and the Bankruptcy Proceeding from the Settlement Proceeds.

4.      The Settlement Administrator shall reserve $50,000.00 of the Settlement Proceeds for Additional Expenses as actually incurred through distribution and reconciliation of the Taylor Settlement Account and as approved pursuant to the protocol set forth in this Order.

5.      In accordance with the Settlement Agreement, the Settlement Administrator shall pay two percent of the remaining Settlement Proceeds, after adjustment for Monies Payable to Opt-Outs ($100,000 or less depending on the Opt-Outs) as the Class Representative Fee (also referred to as the "Case Contribution Award") to be divided in thirds with one-third to Mr. Taylor, one-third to Mr. Whisenant, and one-third to the spouses Mr. and Mrs. Born for contributing their time and efforts to prosecuting the Class Lawsuit and/or Born Action and obtaining a common fund recovery of $5,000,000.00 for the Settlement Class.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.      Under the Settlement Agreement, Tenth Circuit Federal Common Law Governs the Substantive Issues as Well as the Request for Administration Expenses, Class Counsel Fees and Expenses, and the Class Representative Fee.**

6.      Prior to the Debtors' decision to seek bankruptcy protection in this District, the Court takes judicial notice that the underlying Class Action[3] and Born Action[4] were being litigated

---

[3]   The Class Lawsuit refers to the consolidated action styled *Taylor, et al. v. Sheridan Production Company, LLC,* No. CIV-18-029-JWD, in the United States District Court for the Western District of Oklahoma. *Whisenant, et al. v. Sheridan Production Company, LLC,* No. CIV-18-029-JWD, in the United States District Court for the Western District of Oklahoma was consolidated with *Taylor* being designated the lead case.

[4]   The Born Action refers to the action styled *Born, et al. v. Sheridan Production Company, LLC,* No. CJ-2012-47, in the District Court of Caddo County, Oklahoma.

in the federal and state courts of Oklahoma and, as such, the Parties contractually agreed that the

Settlement Agreement shall be governed by Tenth Circuit federal common law with respect to

both the substantive issues as well as the reasonable award of class fees and expenses and

administration expenses, to wit:

> **Governing Law.** To promote certainty, predictability, the full enforceability of
> this Agreement as written, and nationwide application, the Parties agree that
> this Agreement shall be governed solely by any federal law as to due process,
> class certification, judgment, collateral estoppel, res judicata, release,
> settlement approval, allocation, case contribution award, the right to and
> reasonableness of attorneys' fees and expenses, and all other matters for which
> there is federal procedural or common law, including Tenth Circuit federal law
> regarding federal equitable common fund class actions.

ECF 123, Ex. 1, Settlement Agreement at ¶ 2.8.

7.      The Court finds that this choice of law provision complies with Tenth Circuit

common law choice of law and/or conflicts of law principles and should be and is hereby enforced.

*See Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 165, 59 S.Ct. 777, 779, 83 L.Ed. 1184 (1939);

*Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1121 (10th Circ. 1999)

(citing Restat. 2d of Conflict of Laws, § 187, cmt. 3 (2nd 1988)); *Cecil v. BP America Production

Co.,* No. 16-CV-410-KEW, 2018 WL 8367957, **2-3, ¶¶ 12-13 (E.D. Okla. Nov. 19, 2018);

*Chieftain Royalty Co. v. XTO Energy Inc.,* No. 11-cv-29-KEW, 2018 WL 2296588, at *2, ¶ 6(d)-

(e) (E.D. Okla. Mar. 27, 2018).

**B.      The Administration Expenses are Reasonable.**

8.      The Settlement Agreement specifically defined Settlement Proceeds as

"$5,094,000.00, of which $94,000.00 is to pay 'Administration Expenses'". [Settlement

Agreement at ¶1.34]. The Settlement Agreement further defined Administration Expenses as:

> The reasonable expenses incurred pursuant to the Plan of Allocation and
> Distribution which is attached as Exhibit A, and the Orders of the Bankruptcy Court
> which relate to administration of this Agreement. Such expenses shall be paid

exclusively from the Settlement Proceeds and shall include costs, fees and/or expenses incurred or charged in connection with the following:

    (a)    Efforts to obtain current and accurate information regarding the identities of the and addresses of Settlement Class members;

    (b)    Preparation, mailing, and publication of all notices required to be sent to Settlement Class members;

    (c)    Maintenance of the dedicated website to facilitate communications with Settlement Class members and their access to information;

    (d)    Responding to telephone and electronic inquiries regarding the settlement by Settlement Class members;

    (e)    Implementation of the Plan of Allocation and Distribution (including, but not limited to, the cost to print and mail Distribution Checks, and the cost of experts to calculate the allocation and distribution);

    (f)    Fees and expenses associated with the establishment and maintenance of the Taylor Settlement Account…;

    (g)    Fees and expenses of the Settlement Administrator [JND Legal Administration, the court-appointed Settlement Administrator];

    (h)    Costs of preparing and mailing Distribution Checks and tax documentation to members of the Settlement Class at the time specified in this Agreement; and

    (i)    Fees and expenses of bankruptcy counsel to represent the Settlement Class hired by Settlement Class Counsel with hourly fees and expenses presented at the Settlement Fairness Hearing.

*Id*. at ¶1.1. For performing the services enumerated in subparagraphs (a) through (g) above, excluding any costs for experts in (e) above, for this class action settlement involving 17,843 Class Members, the Settlement Administrator agreed to limit its total claim for Administration Expenses to $94,000.00. Keough Decl. at ¶¶ 4 & 16. For this reason, $94,000.00 was designated to pay Administration Expenses within the definition of Settlement Proceeds in the Settlement Agreement.

9.      Under Rule 7023 of the Federal Rules of Bankruptcy and, by incorporation, Rule 23 of the Federal Rules of Civil Procedure, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." *See* FED. R. CIV. PROC. 23(h). Where a settlement agreement calls for the costs of administration to be borne by the settlement fund, the court should approve the same. *See, e.g., In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK, 2013 WL 6328811, at *5, ¶ 16 (N.D. Cal. Oct. 30, 2013) (permitting "All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund, pursuant to the Settlement Agreement"). The Court finds these Administration Expenses are reasonable in light of the number of Class Members involved and the amount of money to be distributed.

**C.      The Fee Request is Reasonable.**

10.      In addition to the agreed amount of Administration Expenses, Rule 23 of the Federal Rules of Civil Procedure allows the court to award, "reasonable attorney's fees… that are authorized by law or by the parties' agreement." *See* FED. R. CIV. PROC. 23(h); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 45 (10th Cir. 1988). Here, the requested fees are authorized by Tenth Circuit federal common law and the express agreement of the parties applying said law.

11.      Based upon the evidence submitted and the applicable authority, the Court approves calculation of Class Counsel Fees (the "Fee Request") as a percentage of the Settlement Proceeds. District courts have discretion to apply either the percentage of the fund method or the lodestar method – but, in the Tenth Circuit, the percentage of the fund method is the preferred method.  *See Gottlieb*, 43 F.3d at 482-83 (10th Cir. 1994); *Brown*, 838 F.2d at 454-55; *Uselton v. Commercial Lovelace Motor Freight*, 9 F.3d 849, 853-54 (10th Cir. 1993); *Chieftain Royalty Co. v. Laredo Petro., Inc.*, No. CIV-12-1319, 2015 WL 2254606, at *3 (W.D. Okla. May 13, 2015) ("In the

Tenth Circuit, the preferred approach for determining attorneys' fees in common fund cases is the percentage of the fund method."). Further, in a percentage of the fund recovery case such as this, where Tenth Circuit federal common law is used to determine the reasonableness of the attorneys' fees under Rule 23(h). *Brown*, 838 F.2d at 456 & n.3; *Cecil*, 2018 WL 8367957, *3, ¶15 (neither lodestar analysis nor lodestar cross-check is required); *Chieftain Royalty Co. v. QEP Energy Co.*, No. CIV-11-212-R, 2013 WL 12090676, at *3 (W.D. Okla. May 31, 2013) (lodestar analysis is not required); *CompSource Okla. v. BNY Mellon, N.A.*, No. CIV 08-469-KEW, 2012 WL 6864701, at * 8, ¶ 22(c) (E.D. Okla. Oct. 22, 2012) ("A majority of circuits recognize that trial courts have the discretion to award fees based solely on a percentage of the fund approach and are not required to conduct a lodestar analysis in common fund class actions."). Rather, the court may make general findings regarding the expenditure of time and labor based on the record as a whole. *See, e.g., Chieftain v. Marathon Oil Co.*, No. CIV-17-334-SPS, 2019 WL 7758915, at * 9 (E.D. Okla. Mar. 8, 2019) ("The Tenth Circuit has repeatedly held that a lodestar cross check is not required."); *Northumberland County Ret. Sys. v. GMX Res. Inc.*, No. CIV-11-520, 2014 WL 12014020, at ¶ 7 (W.D. Okla. July 31, 2014). Courts sitting within the Tenth Circuit prefer the percentage of the recovery method because it eliminates disputes about the reasonableness of rates and hours, conserves judicial resources, and aligns the interest of class counsel and the class members to maximize recovery from defendants.

12.     When determining attorneys' fees under the percentage of the fund method, the Tenth Circuit evaluates the reasonableness of the requested fee by analyzing the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). *See Brown*, 838 F.2d at 454-55. Not all factors apply in every case, and some deserve more weight than others depending on the facts at hand. *Brown*, 838 F.2d at 456. Based on the evidence and law, the Court finds the

requested fee of forty percent of the Settlement Proceeds (less the $94,000.00 in Administration Expenses due to the Settlement Administrator and less the Monies Payable to Opt-Outs) is reasonable under the applicable *Johnson* factors.

13.     The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented by the litigation; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Gottlieb*, 43 F.3d at 482, n. 4.

14.     Here, the evidence shows that, under the most important factor – results obtained – the requested Class Counsel Fees are fair and reasonable. This Settlement represents a recovery of 54% of the actual damages calculated, and this recovery was obtained despite the pending bankruptcy proceedings reflecting the Debtors' challenging financial situation. *See Brown*, 838 F.2d at 456 (holding this factor may be given greater weight when "the recovery [is] highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class."); FED. R. CIV. P. 23(H) adv. Comm. Note (explaining for a "percentage" or contingency-based approach to class action fee awards, "the results achieved is the basic starting point").

15.     In valuing the result obtained for purposes of determining a reasonable fee to award under the Tenth Circuit's preferred percentage of recovery method, it is well-established that the fee award should be based on the total economic benefit bestowed on the class. *See, e.g. Fager v. Centurylink Comm'cns*, No. 14-cv-00870, 2015 WL 13357867, at *3 (D.N.M. June 25, 2015)

(collecting cases), *aff'd by* 854 F.3d 1167 (10th Cir. 2016); see also *Boeing Co. v. Van Gemert*, 444 U.S. 472, 479 (1980) (explaining that, in common fund cases, the fee to be awarded should be based on "the full value of the benefit to each absentee member" obtained through the "entire judgment fund"). Here, the result obtained is a monetary recovery of $5,000,000.00, *i.e.*, the Settlement Proceeds as adjusted. The benefits of this Settlement are guaranteed and will be automatically bestowed on the Settlement Class. This provides real value to the Settlement Class:

> Importantly, this is a cash recovery that will be distributed to Class Members automatically. There are no claim forms to fill out, no elections to make, and no documentation to scavenge out of old records. Indeed, Class Members do not have to take any action whatsoever to receive their benefits. The only thing Class Members need to do is not opt out and wait for their checks to be distributed after the Court grants final approval of the Settlement.

*See Cecil*, 2018 WL 8367957, *6, ¶ 21. There are no claim forms to fill out, no elections to make, and no supporting documentation to find. Indeed, Class Members need only remain in the Class to receive their benefits. Accordingly, the "results obtained" factor strongly supports the requested fee.

16.     The Court also finds that the other *Johnson* factors support the requested Class Counsel Fees. The findings with respect to each remaining factor are:

a.   **Time and Labor**. The Joint Declaration of Class Counsel and the individual time records show the law firms invested substantial time in researching, investigating, prosecuting, and resolving this case. Class Counsel Decl. at ¶¶ 7-15 & 29. The Court finds that this factor supports the Fee Request.

b.   **Novelty and Difficulty**. Class actions are known to be complex and vigorously contested. The claims involve difficult and highly contested issues of Oklahoma oil and gas law and class certification law that are litigated in multiple forums. *See Chieftain Royalty Co., et al v. Marathon Oil Co.*, No. CIV-17-334-SPS,

2019 WL 7758915, at * 5, ¶ 6(o) (E.D. Okla. Mar. 8, 2019) ("Class actions are known to be complex and vigorously contested… The legal and factual issues in this case involved complex and highly technical issues."). Class Counsel litigated such difficult issues against the vigorous opposition of highly skilled defense counsel. Moreover, Defendants asserted a number of defenses to the Settlement Class' claims that would have to be overcome if the Class Lawsuit continued to trial. Despite these hurdles, Class Counsel obtained a significant recovery for the Settlement Class. Thus, the immediacy and certainty of this recovery, when considered against the very real risks of recovering nothing in the Bankruptcy Proceeding or continuing to a difficult trial and possible appeal, support the requested Class Counsel Fees. Class Counsel Decl. at ¶ 30. The Court finds that this factor supports the Fee Request.

c. **Skill required**. Only a small number of law firms handle royalty class litigation because of the nuanced intersection of class action and oil and gas law and the expense of funding such a large and potentially long-lasting endeavor. Class Counsel Decl. at ¶ 31. The declarations submitted in support of the Motion prove that the Class Lawsuit and Born Action called for Class Counsel's considerable skill and experience in oil and gas and complex class action litigation to bring it to a successful conclusion. *See Chieftain Royalty Co., et al v. Marathon Oil Co.*, No. CIV-17-334-SPS, 2019 WL 7758915, at * 5, at ¶ 6(p) (E.D. Okla. Mar. 8, 2019) ("I find the Declarations prove that this Litigation called for Class Counsel's considerable skill and experience in oil and gas and complex class action litigation to bring it to such a successful conclusion,

11

requiring investigation and mastery of complex facts, the ability to develop creative legal theories, and the skill to respond to a host of legal defenses."). Defendants were also represented by skilled class action defense attorneys. The quality of representation by counsel on both sides of this Class Lawsuit was high. The Lawsuits involved here have continued for eight years and likely would have continued for years longer. Without the experience, skill, and determination displayed by all counsel involved, the Settlement would not have been reached. The Court finds that this factor supports the request for Class Counsel Fees.

d. **Preclusion of Other Cases**. This is not a significant factor in contingent class action litigation. Settlement Class Counsel has only a finite number of hours to invest in class action cases. This one case, by itself, would not have caused declination of other cases; nor did it create any representational conflicts that prevented Class Counsel from taking cases that were offered to Class Counsel.

e. **Customary Fee**. Messrs. Taylor and Whisenant, Mr. and Mrs. Born, and Class Counsel negotiated and agreed to prosecute the cases based on a forty percent contingent fee. *See* Taylor Decl. at ¶ 11; Whisenant Decl. at ¶ 9; Born Jt. Decl. at ¶ 8; and Class Counsel Decl. at ¶ 16. This Court takes judicial notice that a forty percent contingency fee is within the range of the "customary fee" in oil and gas class actions in state and federal courts within the Tenth Circuit over the past 15 years. *See Chieftain v. Marathon Oil*, 2019 WL 7758915, at * 7, at ¶6(t) (E.D. Okla. Mar. 8, 2019) ("The fee [40%] represents the market rate and is in the range of the 'customary fee' in oil and gas class actions… over the past

15 years."); *id.* at *7, at ¶ 6(v) (I find a 40% fee is consistent with the market rate for high quality legal services in royalty underpayment class actions like this."); *see also, e.g., Fitzgerald Farms, LLC v. Chesapeake Operating, LLC*, No. CJ-2010-38, 2015 WL 5794008, at *3 (Okla. Dist. Ct., Beaver County, July 2, 2015) (collecting Oklahoma cases to find in "the royalty underpayment class action context, the customary fee is a 40% contingency fee" and awarding 40% fee of $119 million common fund). The requested Class Counsel Fees are in line with the typical fee awarded by courts in Oklahoma, which is within the Tenth Circuit, in similar cases, and supports approval. The Class Representatives' declarations also demonstrate their support of the fairness and reasonableness of the Fee Request. *See* Taylor Decl. at ¶ 23; Whisenant Decl. at ¶ 21; Born Jt. Decl. at ¶ 18. The Court finds that this factor supports the Fee Request.

f. **Fixed Hourly or Contingent Fee**. As set forth above, Class Counsel undertook this Class Lawsuit on a purely contingent fee basis (with the amount of any fee being subject to Court approval), assuming a substantial risk that it would yield no recovery and leave them uncompensated. *See* Class Counsel Decl. at ¶¶ 16-26. Courts consistently recognize that the risk of receiving little or no recovery is a significant factor in considering an award of attorneys' fees. *See Chieftain v. Marathon Oil,* 2019 WL 7758915, at *8, ¶¶ 6(w) & 6(x) (E.D. Okla. Mar. 8, 2019). ("If Class Counsel had not been successful, they would have received zero compensation (not to mention reimbursement for expenses)."); *see also, Cecil,* 2018 WL 8367957, *8, at ¶ 26. Indeed, a plaintiff's counsel may expend

thousands of hours litigating royalty underpayment class actions where the courts denied class certification and, thus, a plaintiff's counsel would receive no remuneration or reimbursement of expenses whatsoever despite their diligence and expertise.[5] The Court finds it would not have been economically prudent or feasible if Class Counsel were to pursue the case under any prospect that the Court would award a fee on the basis of normal hourly rates. Class Counsel Decl. at ¶ 20; *see Cecil,* 2018 WL 8367957, *8, at ¶ 26. This agreed-upon contingent fee reflects the value of this Class Lawsuit as measured when the risks and uncertainties of litigation still lay ahead. *See Cecil, id.* at *8, at ¶ 26; *CompuSource,* 2012 WL 6864701, at *8; *Chieftain v. Laredo Petroleum,* 2015 WL 2254606, at *2. The Court finds this factor strongly supports the Fee Request.

g. **Time Limitations**. This is not a factor in this case and does not influence the Court's decision.

h. **Amount in Controversy and Result Obtained**. The amount in controversy here was approximately $9.2 million according to the expert retained for the Settlement Class. The $5 million recovery was approximately 54% of the principal damages and was obtained while Debtors prepared for filing for bankruptcy. Class Counsel Decl. at ¶ 36. As detailed above, this is the most important factor in awarding attorneys' fees in the class action context and strongly supports the requested Class Counsel Fees here. Considering the totality of the circumstances and the uncertainty of recovery had this case

---

[5]      *See*, *e.g.*, *Schell v. Oxy USA, Inc.,* 814 F.3d 1107, 1112 & 1125-26 (10th Cir. 2016) (despite winning summary judgment in favor of plaintiff class after seven years of litigation, no attorney's fee was awarded).

proceeded without settlement, the Court finds this factor strongly supports the fee request.

i.   **Experience, Reputation, and Ability of Counsel**. The law firms comprising Settlement Class Counsel have extensive experience, demonstrated ability, and are well-respected, as shown by the evidence. Class Counsel Decl. at ¶¶ 1-4 & 38 - 39. The Court finds this factor supports the requested Class Counsel Fees.

j.   **Undesirability**. With Defendants represented by sophisticated defense counsel, Class Counsel understood this lawsuit would be a lengthy, expensive, time-consuming, and arduous undertaking. Very few attorneys have the desire to take on the risk involved in class actions, much less a class action against a large oil and gas company such as the Debtors and SPC. Class Counsel Decl. at ¶ 40. Indeed, in another complex royalty class action that Rex Sharp settled, the Oklahoma state court explained:

> Few law firms are willing to litigate cases requiring review of tens of thousands of pages of detailed contracts and accounting records, advance payment of hundreds of thousands of dollars in consultants and expert witness fees, and investment of substantial time, effort, and other expenses throughout an unknown number of years to prosecute a case with high risk, both at trial and appellate levels.

*Fitzgerald Farms*, 2015 WL 5794008, at *8. Even firms that are willing to accept the risk of royalty underpayment class actions usually will not invest the time and expenses necessary to prosecute smaller cases like this Class Lawsuit. Class Counsel Decl. at ¶ 40. Nevertheless, Class Counsel did so, and ultimately achieved an exceptional recovery on behalf of the Settlement Class, in

consideration of the totality of the circumstances involving this protracted litigation. The Court finds that this factor supports the Fee Request.

k. **Nature and Length of Professional Relationship with Client**. Although of little relevance in a case where the client does not engage regularly in litigation to warrant a discounted hourly rate, this factor supports the Fee Request. Settlement Class Counsel met and worked with Class Representatives many times throughout the Class Lawsuit, including before the various actions were filed. Class Counsel Decl. at ¶ 41. Class Representatives zealously represented the Class, making themselves available to address the litigation whenever needed. Taylor Decl. at ¶¶ 14 – 18, 26; Whisenant Decl. at ¶¶ 11 – 17, 24; Born Decl. at ¶¶ 5 – 13, 22. Class Representatives support the Fee Request. Taylor Decl. at ¶ 23; Whisenant Decl. at ¶ 23; Born Decl. at ¶¶ 18-19. The Court finds that this factor supports the Fee Request.

l. **Awards in Similar Cases**. As addressed above under the "Customary Fee" factor, forty percent is the customary and usual fee award recognized by federal courts within the Tenth Circuit. *See* ¶ 16(e), *supra*; *see also*, Class Counsel Decl. at ¶ 42; *see also*, Class Counsel Decl., Exhibit L, Table of Oklahoma Cases awarding forty percent contingency fee. Applying Tenth Circuit common law to this analysis, the Court finds that this factor supports the Fee Request.

17.     In summary, upon consideration of the governing law, the evidence presented, the pleadings on file in this case and in the underlying Class Lawsuit and the Born Action, and the arguments of the parties, the Court finds that the *Johnson* test is appropriately applied to the Fee Request and that each of the applicable *Johnson* factors weighs heavily in favor of the Fee Request.

It is the opinion of this Court that the Fee Request of forty percent of the Settlement Proceeds of $5 million is fair and reasonable and is hereby approved.

**C.      The Expenses Request is Reasonable Under Tenth Circuit Federal Common Law**

18.      "As with attorney's fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred… in addition to the attorney fee percentage." *Vaszlavik v. Storage Tech. Corp.*, No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000) (citing *Blum*, 465 U.S. at 573); Fed. R. Civ. Proc. 23(h) (authorizing the Court to reimburse counsel for "non-taxable costs that are authorized by law."). *See Cecil* Fee Order at ¶30.

19.      The Court finds that, as of May 15, 2020, Class Counsel has advanced or incurred $145,503.72 in reasonable and necessary litigation expenses. Class Counsel Decl. at ¶¶ 45 - 47. These costs are largely expenses for experts, but also include routine expenses of copying, court fees, postage and shipping, phone charges, legal research fees, depositions, travel, and document production and review, which are typical of large, complex class actions such as this. The Court finds that these expenses were reasonably and necessarily incurred by Class Counsel and are directly related to the prosecution and resolution of this Class Lawsuit. Class Counsel is awarded $145,503.72 in expenses previously incurred.

**D.      Protocol Reimbursement of Additional Expenses Incurred Before Settlement is Fully Administered.**

20.      In addition to the itemized Administration Expenses and any out-of-pocket expenses of Class Counsel, Class Counsel anticipates incurring additional Administration Expenses and out-of-pocket expenses (the "Additional Expenses") before the Settlement is fully administered.  Class Counsel may seek approval of Additional Expenses in accordance with the following procedures:

a. Class Counsel may file on the docket in this case a statement of Administration Expenses and Class Counsel out-of-pocket expenses incurred (each, an "Expense Statement") not more than once every month.

b. Each Statement shall itemize the Additional Expenses.  If the Additional Expenses include Administration Expenses for bankruptcy counsel to represent the Settlement Class, the Expense Statement shall include a summary statement of bankruptcy counsel setting forth the hourly fees and expenses for its reasonable services rendered to, and reasonable and documented expenses incurred on behalf of, the Settlement Class.  Such summary statements will set forth the number of hours and the applicable rates for the bankruptcy counsel professionals and paraprofessionals during the relevant period and will provide generalized summaries containing a reasonable amount of detail describing the work performed by bankruptcy counsel in representing the Settlement Class during the period covered by the statement.

c. The Settlement Administrator shall post each Expenses Statement on the website established for the administration of the Settlement Agreement promptly following the filing of the Expense Statement.

d. Any objections to any Fee Statements are to be filed with the Court and served upon the parties listed below (the "Notice Parties"), so that they are received by all parties no later than fourteen (14) days from the date the Fee Statement is filed with the Bankruptcy Court (the "Objection Period"):

    i. Kirkland & Ellis LLP, Attn:  Spencer Winters and Jaimie Fedell, 300 North LaSalle, Chicago, IL 60654, jaimie.fedell@kirkland.com and spencer.winters@kirkland.com;

    ii. Kirkland & Ellis LLP, Attn: Rachael Bazinski, 601 Lexington Avenue, New York, NY 10022, rachael.bazinski@kirkland.com;

    iii. Crowe & Dunlevy, Attn:  John J. Griffin, Jr., 324 North Robinson Avenue, Suite 100, Oklahoma City, OK 73102, john.griffin@crowedunlevy.com;

    iv. Sharp Law, LLP, Attn: Rex Sharp and Barbara Frankland, 5301 W. 75th Street, Prairie Village, KS 66208, rsharp@midwest-law.com  and bfrankland@midwest-law.com;

    v. Diamond McCarthy, LLP Attn: Charles Rubio, 295 Madison Avenue, 27th Floor, New York, NY 10017, CRubio@diamondmccarthy.com;

    vi. Grant Law Firm, P.L.L.C., Attn:  Michael E. Grant, 512 N.S. 12th Street, Oklahoma City, OK 73103, de1471@cosinet.net;

    vii. DeVore Law Firm, P.L.C., Attn:  Allan DeVore and Jandra Cox, 5709 NW 132nd St., Oklahoma City, OK 73142, dlf@DeVoreLawOK.com;

viii.   Vinson & Elkins LLP, Attn:  William Wallander and Erec R. Winandy; 2001 Ross Avenue, Suite 3900, Houston, TX 75201, bwallander@velaw.com and ewinandy@velaw.com;

ix.   Davis Polk & Wardwell LLP, Attn: Stephen Piraino and Nathaniel Sokol, 450 Lexington Avenue, New York, NY 10017, stephen.piraino@davispolk.com and nathaniel.sokol@davispolk.com; and

x.   The Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002.

e.   At the expiration of the Objection Period, the Settlement Administrator shall promptly pay from the Settlement Proceeds one hundred percent (100%) of the expenses requested in the Expense Statement, except for any expenses that are subject to an objection pursuant to subparagraph (f) below.

f.   In the event any Class Member has an objection to an Expense Statement, such objecting party shall, within the Objection Period, serve upon Notice Parties a written notice of objection (the "Objection Notice"), setting forth (i) the identity of the owner number(s) and well name(s) as they appear on the check stubs of the putative member of the Settlement Class and (ii) the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and Class Counsel shall attempt to resolve the objection consensually.  If the parties are unable to reach an agreement on the objection within ten (10) days after service of the Objection Notice, the Class Counsel shall file a request for payment together with the Objection Notice, with the Court, at which time the Court will consider and dispose of the Objection Notice, if requested.  However, the Settlement Administrator shall be authorized to pay any portion of the Additional Expenses from the Settlement Proceeds that are not the subject of an Objection Notice.

## E.   The Requested Class Representatives Fee is Reasonable Under Tenth Circuit Federal Common Law.

21.   Federal courts regularly give incentive awards to compensate named plaintiffs in class actions such as this. *See Cecil* Fee Order at ¶34 (incentive awards are meant to compensate class representatives for "the work they performed – their time and effort invested in the case and the risks they take."); *see also, e.g., UFCW Local 880-Retail Food v. Newmont Mining Corp*., 352 Fed. Appx. 232 (10th Cir. 2009) ("Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives… Moreover, a class

19

representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class."); *Chieftain v. Laredo Petroleum*, 2015 WL 2254606, at \*4-5 ("Case contribution awards are meant to 'compensate class representatives for their work on behalf of the class, which has benefited from their representation.'") (citing *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 150 (S.D.N.Y. 2010)); *Rodriquez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ("Incentive awards… are intended to compensate class representatives for work done on behalf of the class…."). An incentive award is not just hourly compensation; rather, it is intended to be an incentive for one or more class members to step outside their comfort zone, enter the fray of litigation, be burdened with document discovery, be embroiled in the constant stress of litigation, expose themselves to the scrutiny of a deposition, sit as a litigant in open court, and face the fear of possible retaliation. Kyle Allan Taylor, Tony R. Whisenant, Stanley Ray Born, and Ronda Jean Born accepted this challenge, and they are entitled to be compensated for their service to the Class.

22.     The services for which incentive awards are given typically include "monitoring class counsel, being deposed by opposing counsel, keeping informed of the progress of the litigation, and serving as a client for purposes of approving any proposed settlement with the defendant." *Cecil* Order at ¶35 (citing Newberg §17:3). The award should be proportional to the contribution of the plaintiff.  *Id*. (citing *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1081 (7th Cir. 2013) (if the lead plaintiff's services are greater, her incentive award likely will be greater); *Rodriquez*, 563 F.3d at 960 (incentive award should not be "untethered to any service or value [the lead plaintiff] will provide to the class"); Newberg §17:18).

23.     Class Representatives seek an award of two percent of the Settlement Proceeds to be divided in thirds with one-third to Mr. Taylor, one-third to Mr. Whisenant, and one-third to

spouses Mr. and Mrs. Born as a Class Representative Fee. This request is based on the demonstrated risk and burden they have undertaken here, as well as compensation for their time and effort. *See generally,* Taylor Decl.; Whisenant Decl.; Born Joint Decl.; and Class Counsel Decl. at ¶ 52. Their request is consistent with such awards in other cases in state and federal courts within the Tenth Circuit, as well as federal courts across the country. *See, e.g., Fitzgerald Farms, LLC v. Chesapeake Operating, L.L.C.*, No. CJ-2010-38, 2015 WL 5794008, at *9 (Okla. Dist. Ct. Beaver County, July 2, 2015) ("The incentive award sought is consistent with such awards in other cases. Oklahoma courts have typically awarded class representatives in royalty owner class actions approximately 1-2% of the settlement"); *Velma-Alma Indep. Sch. Dist. No. 15 v. Texaco, Inc*., No. CJ-2002-304 (Okla. Dist. Ct., Stephens County 2005) (awarding 1-2% of total settlement amounts); *Robertson v Sanguine, Ltd*., No. CJ-02-150 (Okla. Dist. Ct., Caddo County 2003) (awarding 1% class representative fee); *Continental Resources, Inc. v. Conoco, Inc.*, No. CJ-95-739 (Okla. Dist. Ct., Garfield County 2005) ("Court awards to Class Representatives of 1% of the common fund are typical in these types of actions, with some awards approaching 5% of the common fund."); *Fankhouser v. XTO Energy, Inc.*, No. CIV-07-798-L, 2012 WL 4867715, at *3 (W.D. Okla. Oct. 12, 2012) (incentive awards totaling $100,000.00); *Allapattah Servs., Inc. v. Exxon Corp*., 454 F.Supp.2d 1185, 1218 (S.D. Fla. 2006) (1.5% of the $1.06 billion dollar fund, equaling $15,900,000.00 to be split among nine class representatives and stating "[t]here is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action"); *In re Linerboard Antitrust Litig*., 2004 WL 1221350, at *18-19 (E.D. Pa. June 2, 2004) (finding "ample authority in this district and in other circuits" for total incentive awards of $125,000.00).

24.     Messrs. Taylor and Whisenant, and Mr. and Mrs. Born have pursued the class claims vigorously. Their respective declarations show they monitored the litigation, stayed in contact with Class Counsel, reviewed documents as requested, traveled to and attended depositions, remained available to discuss and advise as the settlement negotiations unfolded, and read and signed the Settlement Agreement, including its exhibits. Taylor Decl. at ¶¶ 8-17, 26; Whisenant Decl. at ¶¶ 11 – 15, 24; and Born Jt. Decl. at ¶¶ 5-13. Their declarations provide evidence of their vigorous involvement in the claims presented and their contributions to this case up and until settlement. In the event of an appeal, the Class Representatives will spend additional time conferring with Class Counsel and reviewing additional pleadings. Taylor Decl. at ¶ 26; Whisenant Decl. at ¶ 24; and Born Jt. Decl. at ¶¶ 20, 22. Accordingly, the Court agrees that the Class Representatives have contributed substantially to the prosecution and resolution of this case.

25.     Notably, the Court also finds that Messrs. Taylor and Whisenant, and Mr. and Mrs. Born were never promised any recovery or made any guarantees prior to filing the underlying Class Action or the Born Action, nor at any time during the pendency of this bankruptcy proceeding. Taylor Decl. at ¶ 29; Whisenant Decl. at ¶ 27; and Born Jt. Decl. at ¶ 23. The Class Representatives all fully support the Settlement as being fair, reasonable, and adequate, regardless of any case contribution fee that may be awarded. *Id*. Likewise, none of these individuals has any conflicts of interest with Class Counsel or any absent class member. *Id*.

26.     Because Messrs. Taylor and Whisenant, and Mr. and Mrs. Born have dedicated time, attention, and resources to this Class Lawsuit and to the recovery of underpaid royalty on behalf of the Settlement Class, the Court finds they are entitled to a Class Representatives Fee to reflect the important role that they played in representing the interests of the Settlement Class and in seeing negotiations through to achieve and implement the Settlement. The Court finds their

request for an award of two percent of Settlement Proceeds to be fair and reasonable and supported by the evidence presented. Therefore, the Court awards a Class Representatives Fee in the amount of $100,000.00, which is two percent of the Settlement Proceeds as adjusted, to be divided one-third to Kyle Allan Taylor, one-third to Tony R. Whisenant, and one-third to spouses Stanley Ray Born and Ronda Jean Born.

**F.      Finality of Order**

27.      Any objecting Settlement Class Member that wishes to appeal this Order must file a notice of appeal within (14) days of entry of this Order pursuant to Bankruptcy Rule 8002 and must elect either to:  (a) appeal only the objecting Settlement Class Member's portion of the Class Fees and Expenses (including the Class Representatives Fee), which is hereby severed from the rest of the case so as to not delay the final judgment for all other Settlement Class Members; or (b) appeal on behalf of the entire Settlement Class; provided that if the objecting Settlement Class Member purports to appeal on behalf of the entire Settlement Class any of the Class Fees and Expenses, or does not definitively choose option (a) or (b) above, each such objecting Settlement Class Member who appeals may be required to post a cash appeal bond to be set in the Court's sole discretion, not to exceed an amount sufficient to reimburse Settlement Class Counsel's appellate fees, Settlement Class Counsel's expenses, and the lost interest for one year to the Settlement Class caused by the likely delay.

28.      Any appeal of any challenge affecting this Order Approving and Awarding Class Counsel Fees and Expenses shall not disturb or affect the finality of *the Judgment (I) Directing the Application of Bankruptcy Rule 7023 (II) Certifying the Settlement Class for Settlement Purposes Only, (III) Finally Approving the Settlement Agreement, and (IV) Granting Related Relief* (the "Judgment").

29.     The Class Representatives and the Settlement Class are hereby authorized to take any and all actions necessary and appropriate to implement the terms of this Order.

30.     This Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement, the Judgment, and this Order Awarding Administration Expenses and Class Counsel Fees and Expenses.

IT IS SO ORDERED

**Signed _____.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**