IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHERIDAN HOLDING COMPANY I, LLC, *et al.*,[1] | § | Case No. 20-31884 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

## REORGANIZED DEBTORS' MOTION FOR ENTRY OF FINAL DECREE CLOSING THE CHAPTER 11 CASES

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or the "Debtors," as applicable) state the following in support of this motion (this "Motion"):[2]

### Relief Requested

1. The Reorganized Debtors seek entry of a final decree, substantially in the form attached hereto (the "Final Decree"): (a) closing these chapter 11 cases; and (b) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Sheridan Holding Company I, LLC (7648); Sheridan Investment Partners I, LLC (8607); Sheridan Production Partners I, LLC (8094); Sheridan Production Partners I-A, L.P. (8100); Sheridan Production Partners I-B, L.P. (8104); Sheridan Production Partners I-M, L.P. (8106); and SPP I-B GP, LLC (8092). The location of the Reorganized Debtors' service address is: 1360 Post Oak Blvd., Suite 2500, Houston, Texas 77056.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in the *Declaration of Lisa A. Stewart, Executive Chairman, President, Chief Investment Officer, and Chief Executive Officer of Sheridan Holding Company I, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration"), filed on March 23, 2020 (the "Petition Date").

proceeding pursuant to 28 U.S.C. §157(b). The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court .

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3022, and the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## The Bankruptcy Cases

5. The Debtors entered bankruptcy to effectuate the restructuring embodied in the prepetition restructuring support agreement. By the Petition Date, holders of approximately 93% in aggregate principal amount of revolving loan claims and holders of approximately 99% in aggregate principal amount of term loan claims had submitted votes in favor of the Plan. Under the *Amended Joint Prepackaged Plan of Reorganization of Sheridan Holding Company I, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 11] (as may have been amended, supplemented, or otherwise modified from time to time, the "Plan"), all general unsecured claims were either reinstated pursuant to section 1124 of the Bankruptcy Code or paid in full in cash.

6. On the Petition Date, the Court entered an *Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (III) Approving the Solicitation Procedures, (IV) Approving the Confirmation Notice, and (V) Waiving the Requirements that the U.S. Trustee Convene a Meeting of Creditors and the Debtors File Schedules and SOFAs* [Docket No. 27], pursuant to which, among other things, the Court conditionally waived the requirements that the Debtors file their schedules and statements of

financial affairs and that the Office of the U.S. Trustee for the Southern District of Texas (the "U.S. Trustee") convene a meeting of creditors or equity holders pursuant to section 341(e) of the Bankruptcy Code.

7. On March 24, 2020, the Court entered the *Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Amended Joint Prepackaged Chapter 11 Plan* [Docket No. 76] (the "Confirmation Order"). The Plan was substantially consummated and the Reorganized Debtors emerged from chapter 11 on March 30, 2020 (the "Effective Date").

8. Although the Plan provides that most claims are unimpaired and that no creditor is required to file a proof of claim, as of the date hereof, approximately 21 proofs of claim have been filed in these chapter 11 cases. Under the express provisions of the Plan, all such proofs of claim were automatically expunged upon the Effective Date, other than disputes regarding the amount of any cure pursuant to section 365 of the Bankruptcy Code and claims that the Debtors sought to have determined by the Court.[3] As of the date hereof, the Reorganized Debtors believe that all of these claims, to the extent allowed, have either received treatment in accordance with the Plan or were left unaltered by the bankruptcy. Accordingly, the Reorganized Debtors submit that these chapter 11 cases have been fully administered.

## Basis for Relief

9. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party-in-interest, shall enter a final decree closing the case."

---

[3] *See* Plan, Art. VIII.A.

10. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e.    whether payouts under the plan have commenced; and

    f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

11. Courts in the Fifth Circuit "have looked to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015); *see also In re Idearc Inc.*, No. 09-31828 (BJH) (Bankr. N.D. Tex. Dec. 29, 2011) ("[A]ll of tjones he factors in the Committee Note need not be present before the Court will enter a final decree.").

12. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re JCP Props., Ltd.*, 540 B.R. at 605 (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *In re Gates Cmty. Chapel of*

*Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).[4]

13. Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Furthermore, the entry of the Final Decree closing these chapter 11 cases is without prejudice to creditors' rights to petition the Court to reopen any of these chapter 11 cases pursuant to section 350(b) of the Bankruptcy Code.

14. These chapter 11 cases will have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree. In particular:

    a. the Confirmation Order has become final and is non-appealable;

    b. the Reorganized Debtors have emerged from chapter 11;

    c. all payments required to be made pursuant to the Plan have been paid or provided for as of the Effective Date;

    d. the Reorganized Debtors have assumed the business and management of the property dealt with by the Plan;

    e. all anticipated motions, contested matters, and adversary proceedings in these chapter 11 cases have been resolved;

    f. all of the transactions contemplated by the Plan closed on the Effective Date; and

    g. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

---

[4] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

15. The Reorganized Debtors believe they have paid all allowed claims. Nevertheless, the Reorganized Debtors submit closing the remaining chapter 11 case should not be delayed simply on account of any outstanding distributions. To the extent payment of certain claims is still pending in accordance with the Plan, the Reorganized Debtors submit that such claims will be paid in the ordinary course in accordance with the Plan and applicable nonbankruptcy law. Pursuant to the Plan, each of the Reorganized Debtors shall have and retain any and all rights and defenses such Debtor had with respect to any claim or interest immediately prior to the Effective Date.

16. For the foregoing reasons, the Reorganized Debtors respectfully request that the Court enter the Final Decree.

### **Notice**

17. The Reorganized Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' revolving credit facilities and senior secured term loan facilities; (d) counsel to the steering committee and ad hoc group of holders of claims specified in clause (c); (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that requests service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Reorganized Debtors request that the Court enter the Final Decree, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
July 24, 2020

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| Matthew D. Cavenaugh (TX Bar No. 24062656) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| **JACKSON WALKER L.L.P.** | Steven N. Serajeddini (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | **KIRKLAND & ELLIS LLP** |
| Houston, Texas 77010 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Telephone: (713) 752-4200 | 601 Lexington Avenue |
| Facsimile: (713) 752-4221 | New York, New York 10022 |
| Email: mcavenaugh@jw.com | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| *Co-Counsel to the Reorganized Debtors* | Email: joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |

-and-

Spencer A. Winters (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    spencer.winters@kirkland.com

*Co-Counsel to the Reorganized Debtors*

**Certificate of Service**

I certify that on July 24, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Accuracy**

I certify that the foregoing statements true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Conference**

I certify that on July 16, 2020, a conference was held with counsel for the United States Trustee who indicated that they were not opposed to the relief requested herein.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh